UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEWIS C. BROWN,
    Plaintiff,

V.

EXPERIAN INFORMATION SOLUTIONS, INC.,
    Defendant.

CASE NO. 3:01CV1967(RNC)

## CALENDAR AND SETTLEMENT CONFERENCE ORDER

This case is scheduled for a settlement conference with the undersigned on **November 21, 2003 at 2:00 p.m.** at her chambers at 450 Main Street, Room 262, Hartford, Connecticut. The parties should be prepared to spend the entire remainder of the day in the settlement conference.

**The parties are ordered to be present at the conference.** If a party is a legal entity, not an individual, a representative of the party who is <u>fully authorized to decide all matters</u> pertaining to the case shall be present at the conference. The court will not hold a settlement conference without all parties present. Availability of a party by phone is not permitted without court authorization. In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference. For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer. For a defendant, "full

authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower. The purpose of this requirement is to have in attendance a person with both the authority and independence to settle the case during the settlement conference without consulting anyone not present. The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference. FAILURE OF A PARTY WITH <u>FULL AUTHORITY TO SETTLE THE CASE</u> TO ATTEND THE CONFERENCE MAY RESULT IN THE IMPOSITION OF SANCTIONS.

Settlement conferences are often unproductive unless the parties have exchanged offers and demands before the conference and made a serious effort to settle the case on their own. **Therefore, by no later than November 17, 2003,** the plaintiff's counsel shall serve a settlement demand upon counsel for the defendant. The demand shall be accompanied by the plaintiff's analysis of damages. If the defendant disagrees with the plaintiff's calculation of damages, the defendant's counsel shall respond to the plaintiff's analysis no later than **November 18, 2003.** The parties shall submit to the court, with their confidential memoranda, the damage analyses that they have exchanged with one another. The defendant is encouraged to make a settlement offer prior to the settlement conference.

**By no later than 12:00 noon on November 20, 2003,** counsel

shall submit to the undersigned an ex parte, confidential conference memorandum. The memorandum shall be double spaced and shall not exceed 20 pages. The memorandum shall set forth the legal elements of the claims and defenses made, the factual basis for the claims and defenses, the discovery anticipated, the time required for the anticipated discovery, the substantive motions contemplated, and the amount and nature of any demands and/or offers made to date. The plaintiff's counsel shall attach a copy of the complaint to the plaintiff's ex parte memorandum. Counsel must approach this conference in good faith and with all the preparation necessary to resolve the case.

Any requests pertaining to the conference shall be made to the chambers of the undersigned in writing, or by telephone confirmed in writing, no later than 2 days from the date of this order. Any counsel requesting continuances, which will be considered only for good cause clearly shown, shall consult with all opposing counsel before making the request and, in the event of a continuance, shall notify all parties of the new date and time.

SO ORDERED this 12th day of November, 2003 at Hartford, Connecticut.

DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE