

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lewis C. Brown | ) ) ) | 301cv1967(RNC) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Experian Information Solutions, Inc. | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## REQUESTED JURY INSTRUCTIONS

Pursuant to F.R.C.P. Rule 51 and pursuant to the Court's December 1, 2003 Scheduling Order, Defendant Experian Information Solutions, Inc. ("Experian") respectfully requests that the Court give the following jury instructions.

Pursuant to F.R.C.P. Rule 51, Experian hereby reserves the right to deliver to the Court and serve upon opposing counsel at any time prior to the commencement of closing argument additional proposed instructions to the jury upon questions of law developed by the evidence presented. Defendant further reserves the right to modify or withdraw the attached proposed jury instructions at any time prior to the commencement of closing argument. Further, the parties have agreed to reserve their right to object to their respective proposed instructions.

Defendant also respectfully requests that the Court advise counsel of all instructions which the Court determines to give prior to the time that the jury is instructed, and whether the jury will be instructed before or after final argument.

Dated:  December 22, 2003.

Respectfully submitted,

Daniel J. McLoon (Attorney-in-Charge)[1]

JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, CA  90013-1025
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2349
djmcloon@jonesday.com


George Kostolampros (Admitted *Pro Hac*)
JONES DAY
222 East 41st Street
New York, NY 10019
Telephone (212) 326-3939
Facsimile (212) 755-7306
gkostolampros@jonesday.com

---

[1] *Pro hac* admission is pending before this Court.

2

# TABLE OF CONTENTS

| Instruction Number | Instruction | Page |
|---|---|---|

**PRELIMINARY INSTRUCTIONS**

1. GENERAL INSTRUCTIONS AND DUTY OF JURY ................................................ 1
2. SYMPATHY .......................................................................................................... 3
3. CORPORATE PARTIES ....................................................................................... 4
4. PARTIES' CONTENTIONS ................................................................................... 5
5. EVIDENCE — GENERALLY ................................................................................ 6
6. WHAT IS NOT EVIDENCE ................................................................................... 7
7. EVIDENCE FOR A LIMITED PURPOSE ............................................................. 8
8. DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................................... 9
9. CREDIBILITY OF WITNESSES .......................................................................... 10
10. DISCREPANCIES IN TESTIMONY ................................................................... 11
11. BURDEN OF PROOF — GENERALLY .............................................................. 12
12. BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE .................. 13
13. BURDEN OF PROOF — CLEAR AND CONVINCING EVIDENCE .................... 14
14. CONDUCT OF THE JURY ................................................................................. 15
15. TAKING NOTES ................................................................................................. 16
16. QUESTIONS BY JURORS PROHIBITED .......................................................... 17
17. OUTLINE OF TRIAL .......................................................................................... 18

**INSTRUCTIONS DURING TRIAL**

18. CAUTIONARY INSTRUCTION — FIRST RECESS ........................................... 19
19. DEPOSITION AS SUBSTANTIVE EVIDENCE ................................................. 20

**FINAL INSTRUCTIONS AFTER CLOSE OF EVIDENCE**

20. DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW ................................. 21
21. USE OF NOTES .................................................................................................. 23
22. WHAT IS EVIDENCE .......................................................................................... 24
23. WHAT IS NOT EVIDENCE ................................................................................. 25
24. DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................................. 26
25. CREDIBILITY OF WITNESSES .......................................................................... 27
26. OPINION EVIDENCE (EXPERT WITNESS) ...................................................... 28
27. CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE ......................... 29

28. CHARTS AND SUMMARIES RECEIVED IN EVIDENCE ................................... 30

29. DISCREPANCIES IN TESTIMONY ....................................................................... 31

30. BURDEN OF PROOF — GENERALLY ................................................................. 32

31. BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE ................... 33

32. BURDEN OF PROOF — CLEAR AND CONVINCING EVIDENCE ................... 34

33. PURPOSE OF FAIR CREDIT REPORTING ACT — NEEDS OF
    COMMERCE ...................................................................................................... 35

34. APPLICABILITY OF THE FAIR CREDIT REPORTING ACT ............................ 36

35. DIFFERENCE BETWEEN FILE DISCLOSURE AND CONSUMER
    CREDIT REPORT .............................................................................................. 37

36. PLAINTIFF'S ACCURACY CLAIM — ESSENTIAL ELEMENTS ...................... 38

37. PLAINTIFF'S DISCLOSURE CLAIM ............................................................ 39

38. NEGLIGENCE DEFINED .................................................................................... 40

39. WILLFUL NON-COMPLIANCE — ESSENTIAL ELEMENTS ............................ 41

40. "WILLFULLY" DEFINED .................................................................................... 42

41. DEFENDANT IS NOT AUTOMATICALLY LIABLE FOR
    INACCURACIES ON CONSUMER CREDIT REPORTS ................................. 43

42. PROXIMATE CAUSE" DEFINED ........................................................................ 44

43. CAUSATION — SUBSTANTIAL FACTOR ......................................................... 45

44. SUBSTANTIAL FACTOR — CONSIDERATION ............................................... 46

45. CONSIDER DAMAGES ONLY IF NECESSARY ................................................. 47

46. DAMAGES — FOR NEGLIGENT NONCOMPLIANCE WITH THE FAIR
    CREDIT REPORTING ACT ............................................................................... 48

47. DAMAGES — REASONABLE — NOT SPECULATIVE ..................................... 49

48. DAMAGES — MITIGATION ............................................................................... 50

49. ATTORNEYS' FEES ............................................................................................. 51

50. PLAINTIFF'S DISCLOSURE CLAIM UNDER THE CONNECTICUT
    CREDIT REPORTING ACT- ESSENTIAL ELEMENTS ................................. 52

51. PLAINTIFF'S "CUTPA" CLAIM ......................................................................... 53

52. DUTY TO DELIBERATE ...................................................................................... 54

53. COMMUNICATION WITH COURT .................................................................... 55

54. RETURN OF VERDICT ....................................................................................... 56

## PRELIMINARY INSTRUCTIONS

### DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

#### (1)    GENERAL INSTRUCTIONS AND DUTY OF JURY

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

By your verdict you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

After the evidence has been heard and arguments and instructions are concluded, you will retire to consider your verdict. You will determine the facts from all the testimony that you hear and the other evidence that is submitted. You are the sole and exclusive judges of the facts, and in that field neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not.[2]

---

[2] Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions, §§ 70.01, 70.06 (4th ed. 1987) (as modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

(2)     SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.[3]

---

[3] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions - Civil, Instr. 71-10 (1998).

3

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3</u>

### (3)     CORPORATE PARTIES

In this case, the defendant Experian Information Solutions, Inc., is a corporation. The mere fact that Experian is a corporation does not mean that it is entitled to any lesser consideration by you. All parties are equal before the law, and corporations, big or small, are entitled to the same fair and conscientious consideration as you would give any other individual party. All persons, including corporations and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.[4]

---

[4] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions</u>, Instr. 72-1 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 71.04 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

(4)    PARTIES' CONTENTIONS

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff claims that Experian negligently and willfully did not follow reasonable procedures to assure maximum possible accuracy of the credit information contained in Plaintiff's credit reports.  Plaintiff also claims that Experian negligently and willfully failed to provide Plaintiff with copies of his credit file upon request.

Experian denies those claims.  Experian claims that it followed reasonable procedures when it prepared Plaintiff's credit reports, and that it acted in a reasonable manner upon receiving Plaintiff's request for a copy of his credit file.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

(5)    EVIDENCE - GENERALLY

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for the purposes of the case.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may incorporate into a question a statement which assumes certain facts to be true, and ask the witness if the statement is true. If the witness denies the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it is contained in the lawyer's question.

The court may take judicial notice of certain facts or events. When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.[5]

---

[5] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 74-1 (as modified); Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 70.03 (4th ed. 1987).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

(6)    WHAT IS NOT EVIDENCE

Testimony that is stricken or excluded is not evidence and may not be considered by you in rendering your verdict.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Exhibits are sometimes marked for identification purposes, although they have not yet been formally introduced. Such documents that have only been marked for identification may not be considered by you as evidence until they have been received in evidence by the court. Exhibits marked for identification but not admitted are not evidence, nor are materials used by a lawyer only to refresh a witness' recollection.

Anything you may see or hear outside the courtroom is not evidence, and must be entirely disregarded.

Finally, statements which I may make concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you hear and the exhibits you see.[6]

---

[6] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 74-1 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 70.03 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

(7)    EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.[7]

---

[7] Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 70.03 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

(8)    DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence.  Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses — something he or she has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

The other type of evidence is indirect or circumstantial evidence. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  The proof is a chain of circumstances pointing to the existence or non-existence of certain facts.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[8]

---

[8] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions - Civil, Instr. 74-2 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 72.03 (4th ed. 1987) (as modified).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9</u>

(9)    CREDIBILITY OF WITNESSES

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[9]

---

[9] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions - Civil</u>, Instr. 76-1(1998) (as modified); Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 73.01 (4th ed. 1987) (as modified).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10</u>

(10)    DISCREPANCIES IN TESTIMONY

You may hear evidence of discrepancies in the testimony of certain witnesses, and counsel may argue that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' entire testimony or between his or her testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict herself. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.[10]

---

[10] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions - Civil</u>, Instr. 76-4 (1998) (as modified).

11

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11</u>

(11)     BURDEN OF PROOF - GENERALLY

This is a civil case and as such Plaintiff has the burden of proving all of the material allegations of his complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for Plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then Plaintiff has failed to sustain his burden and you must find for Experian.[11]

---

[11] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions - Civil</u>, Instr. 73-1 (1998) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

(12)    BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

To the extent that Plaintiff has the burden of proof on any claim by a preponderance of the evidence, it means that if the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence in the case, you should find for defendants as to that claim.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

If you find that the credible evidence on a given issue is evenly divided between the parties — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue against Plaintiff. That is because the party hearing this burden must prove more than simple equality of evidence — he must prove the element at issue by a preponderance of the evidence.[12]

_____

[12] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions - Civil, Instr. 73-2 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 72.01 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

(13)    BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE

To the extent that Plaintiff has the burden of proof on any claim by clear and convincing evidence, if you conclude that Plaintiff has failed to establish his claim by clear and convincing evidence, you must decide for Experian on the issue you are considering.

What does "clear and convincing evidence" mean?  Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true.  On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind.  It is proof that establishes in your mind, not only that the proposition at issue is probable, but also that it is highly probable.[13]

---

[13] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions - Civil, Instr. 73-3 (1998) (as modified).

14

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

### (14)    CONDUCT OF THE JURY

You will not be required to remain together while the court is in recess. It is important that you obey the following instructions with reference to the recesses of the court:

First: Do not discuss the case either among yourselves or with anyone else during the course of the trial. In fairness to the parties to this lawsuit you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' summations and my instructions to you on the law, and then only after an interchange of views with the other members of the jury.

Second: Do not permit any person to discuss the case in your presence, and if anyone does so despite your telling him not to, report that fact to the court as soon as you are able. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel necessary to bring to the attention of the court.

Third: Though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

Fourth: Do not read about the case or similar cases in the newspapers, or listen to radio or television broadcasts about this trial or similar trials. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters which are not proper evidence for your consideration. You must base your verdict solely on what is brought out in court.

Fifth: Do not do any research or make any investigation about the case on your own.

Sixth: Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.[14]

---

[14] Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 70.15 (4th ed. 1987).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15</u>

(15)    TAKING NOTES

During this trial I will permit you to take notes. Many courts do not permit note-taking by jurors, and a word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.[15]

_____

[15] Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 70.08 (4th ed. 1987).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

(16)    QUESTIONS BY JURORS PROHIBITED

This court does not permit jurors to ask questions of witnesses or of the attorneys. Therefore please do not interrupt the lawyers during their examination of witnesses or otherwise. If, however, you are unable to hear a witness or a lawyer please raise your hand and the court will see that the situation is corrected.[16]

---

[16] Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 70.11 (4th ed. 1987).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17</u>

(17)     OUTLINE OF TRIAL

The case will proceed in the following order:

First, Plaintiff may make an opening statement outlining his case. Defendant may also make an opening statement outlining its case immediately after Plaintiff's statement, or it may defer the making of its opening statement until the conclusion of Plaintiff's case. Neither party is required to make an opening statement. What is said in opening statement is not evidence, but is simply designed to provide you with an introduction to the evidence which the party making the statement intends to produce.

Second, Plaintiff will introduce evidence in support of his claim. At the conclusion of the Plaintiff's case, defendant may introduce evidence. Defendant, however, is not obliged to introduce any evidence or to call any witnesses. If defendant introduces evidence Plaintiff may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider that the evidence has shown and as to the inferences which they contend you should draw from the evidence. What is said in closing argument, just as what is said in opening statement, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. Plaintiff has the right to open and to close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.[17]

---

[17] Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 70.02 (4th ed. 1987).

## INSTRUCTIONS DURING TRIAL

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18

(18)    CAUTIONARY INSTRUCTION - FIRST RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, do not to discuss this case among yourselves or with anyone else, including your fellow jurors, members of your family, people involved in the trial, or anyone else. Do not permit any person to discuss this case in your presence, and if anyone does so despite your telling him not to, please let the court know about it immediately. Do not read about the case or similar cases in newspapers, or listen to radio or television broadcasts about this trial or similar trials. Do not do any research or make any investigation about the case on your own. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on certain occasions.[18]

---

[18] Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 70.15 (4th ed. 1987) (as modified).

19

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19

(19)    DEPOSITION AS SUBSTANTIVE EVIDENCE

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.[19]

---

[19] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 74-14 (1998).

## FINAL INSTRUCTIONS AFTER CLOSE OF EVIDENCE

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20

### (20)    DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said — or what I may say in these instructions — about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will

21

carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[20]

---

[20] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 71-3 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 71.01 (4th ed. 1987) (as modified).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21</u>

(21)    USE OF NOTES

During this trial I have permitted you to take notes.  Many courts do not permit note-taking by jurors, and a word of caution is in order.  There is always a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.[21]

---

[21] Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 70.08 (4th ed. 1987).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22</u>

(22)    WHAT IS EVIDENCE

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for the purposes of the case.

By contrast, the questions of a lawyer are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumes certain facts to be true, and asked the witness if the statement is true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The court has taken judicial notice of certain facts or events. When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

The attorneys on both sides have stipulated or agreed to the existence of certain facts. You must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.[22]

---

[22] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions</u>, Instr. 74-1 (as modified); Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 70.03 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23

(23)    WHAT IS NOT EVIDENCE

Testimony that was stricken or excluded is not evidence and may not be considered by you in rendering your verdict.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Exhibits which were marked for identification may not be considered by you as evidence unless they were received in evidence by the court.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Anything you saw or heard outside the courtroom is not evidence, and must be entirely disregarded.

Finally, statements which I made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you hear and the exhibits you see.[23]

---

[23] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 74-1 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 70.03 (4th ed. 1987) (as modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24

### (24)    DIRECT AND CIRCUMSTANTIAL EVIDENCE

As I mentioned before the trial began, there are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses — something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

The other type of evidence is indirect or circumstantial evidence. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. The proof is a chain of circumstances pointing to the existence or non-existence of certain facts. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[24]

---

[24] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions - Civil, Instr. 74-2 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 72.03 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25

## (25)    CREDIBILITY OF WITNESSES

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testified, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[25]

---

[25] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions - Civil, Instr. 76-1(1998) (as modified); Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 73.01 (4th ed. 1987) (as modified).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26</u>

(26)    OPINION EVIDENCE (EXPERT WITNESS)

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

You should not, however, accept this witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.[26]

---

[26] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions</u>, Instr. 76-9 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 72.08 (4th ed. 1987) (as modified).

28

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 27

(27)    CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries that have not been received in evidence have been shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.[27]

---

[27] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 74-12 (1998) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 28

(28)    CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Exhibits have been presented in the form of charts and summaries.  I decided to admit certain charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.[28]

---

[28] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 74-11 (1998) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 29

(29)     DISCREPANCIES IN TESTIMONY

You may have heard evidence of discrepancies in the testimony of certain witnesses, and counsel has argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' entire testimony or between his or her testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict herself. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.[29]

---

[29] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions - Civil, Instr. 76-4 (1998) (as modified).

31

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30

### (30)    BURDEN OF PROOF - GENERALLY

This is a civil case and as such Plaintiff has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence.

If after considering all of the testimony you are satisfied that Plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for Plaintiff on his claims.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then Plaintiff has failed to sustain his burden and you must find for defendant.[30]

---

[30] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions - Civil</u>, Instr. 73-1 (1998) (as modified).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 31</u>

(31)    BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

To the extent that Plaintiff has the burden of proof on any claim by a preponderance of the evidence, it means that if the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence in the case, you should find for defendant as to that claim.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

If you find that the credible evidence on a given issue is evenly divided between the parties — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue against Plaintiff. That is because the party hearing this burden must prove more than simple equality of evidence — he must prove the element at issue by a preponderance of the evidence.[31]

---

[31] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions - Civil</u>, Instr. 73-2 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 72.01 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 32

(32)     BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE

To the extent that Plaintiff has the burden of proof on any claim by clear and convincing evidence, if you conclude that Plaintiff has failed to establish his claim by clear and convincing evidence, you must decide for defendant on the issue you are considering.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable.[32]

---

[32] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions - Civil, Instr. 73-3 (1998) (as modified).

34

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 33

### (33)    PURPOSE OF THE FAIR CREDIT REPORTING ACT

The law recognizes the significant role of credit reporting agencies such as Experian in our nation's financial system.

The law does <u>not</u> require a credit reporting agency to adopt any procedure that, if followed, would prevent it from meeting the needs of commerce for consumer credit information.[33]

---

[33] Fair Credit Reporting Act, 15 U.S.C. § 1681(b).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 34</u>

(34)    APPLICABILITY OF THE FAIR CREDIT REPORTING ACT

For the purpose of this case, I instruct you that:

Plaintiff is a "consumer" entitled to the protection and benefits of the Fair Credit Reporting Act;

The reports admitted in evidence are "consumer credit reports" governed by the Act; and,

Experian is a "consumer reporting agency."[34]

---

[34] Fair Credit Reporting Act, 15 U.S.C. § 1681a; Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 92.03 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 35

(35)    DIFFERENCE BETWEEN FILE DISCLOSURE AND CONSUMER
CREDIT REPORT

Under the Fair Credit Reporting Act, a "consumer report," also called a "consumer credit report," is any communication by a consumer credit reporting agency bearing on a consumer's credit worthiness which is used or expected to be used in establishing a consumer's eligibility for credit or other commercial purpose under the Fair Credit Reporting Act.

"Consumer reports" are to be distinguished from "consumer file disclosures." Under the Fair Credit Reporting Act, all consumers have a right to request a copy of the information appearing about them in a credit reporting agency's database. The report generated by the credit reporting agency in response to such a request is called a "consumer file disclosure." The Fair Credit Reporting Act requires credit reporting agencies such as Experian to disclose to the consumer all of the information in the consumer's file. The "file disclosure" must contain certain additional information, and must disclose all instances where Experian furnished the consumer's report to a third party (which are called "inquiries"), to make the consumer aware of the information contained in the consumer reporting agencies' files.

You may not find Experian liable for any inaccurate information appearing in a "consumer file disclosure" prepared by Experian. The defendant may only be found liable for inaccurate information appearing in a "consumer credit report."[35]

_____

[35] Fair Credit Reporting Act, 15 U.S.C. § 1681a, 1681g (a)(3)(A), 1681a(d); Porter v. Talbot Perkins Children's Services, 355 F. Supp. 174, 178 (S.D.N.Y. 1973); Yeager v. TRW, Inc., 984 F. Supp. 517, 522-23 (E.D. Tex. 1997); Heath v. Credit Bureau of Sheriden, Inc., 618 F.2d 693, 697 (10th Cir. 1980).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 36</u>

(36)    PLAINTIFF'S ACCURACY CLAIM - ESSENTIAL ELEMENTS

Under the Fair Credit Reporting Act, when a consumer credit reporting agency prepares a consumer credit report, it must follow reasonable procedures to assure maximum possible accuracy of the credit information contained in the report.

Plaintiff claims that Experian negligently failed to comply with the Fair Credit Reporting Act by not following reasonable procedures to assure the maximum possible accuracy of the information in the consumer reports it prepared concerning Plaintiff.

Plaintiff has the burden of proof on his claim and so must persuade you by a preponderance of the evidence on each of the following propositions:

First:  That defendant furnished a consumer credit report or consumer credit reports containing inaccurate information about Plaintiff to a third party;

Second:  Defendant negligently violated the Fair Credit Reporting Act by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer credit reports;

Third:  That Plaintiff was injured; and

Fourth:  That the negligence of the defendant was the proximate cause of injury to the Plaintiff.

Only if you find that each of these things has been proved against the defendant, should your verdict be for the Plaintiff and against the defendant.  However, if you find that any of these things has not been proved against the defendant, your verdict should be for the defendant.[36]

---

[36] Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 92.04 (4th ed. 1987) (as modified); Fair Credit Reporting Act, 15 U.S.C. § 1681e; <u>Zala v. Trans Union</u>, LLC, No. 3:99-CV-0399, 2001 WL 210693, at *3 (N.D. Tex. Jan. 17, 2001); <u>Elliott v. TRW, Inc.</u>, 889 F. Supp. 960, 962 (N.D. Tex. 1995); <u>Wright v. TRW Credit Data</u>, 588 F. Supp. 112, 114 (S.D. Fla. 1984); <u>Pendelton v. Trans Unions Systems Corp.</u>, 76 F.R.D. 192, 195 (E.D. Pa. 1977).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 37</u>

(37)    PLAINTIFF'S DISCLOSURE CLAIM - ESSENTIAL ELEMENTS

The Fair Credit Reporting Act also requires that defendant shall, upon a consumer's request, disclose all information in the consumer's credit file at the time of the request to the consumer.

Plaintiff claims that Experian negligently failed to disclose the contents of Plaintiff's credit file to Plaintiff upon request.

Plaintiff has the burden of proof on his claim and so must persuade you by a preponderance of the evidence on each of the following propositions:

First:  That Plaintiff provided proper identification requesting information in his credit file;

Second:  That defendant negligently did not disclose the contents of Plaintiff's credit file to Plaintiff upon request;

Third:  That Plaintiff was injured; and,

Fourth:  That defendant's conduct was the proximate cause of Plaintiff's injuries.

Only if you find that each of these things has been proved against the defendant, should your verdict be for the plaintiff and against the defendant.  However, if you find that any of these things has not been proved against the defendant, your verdict should be for the defendant.[37]

---

[37] Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u>, § 92.04 (4th ed. 1987) (as modified); Fair Credit Reporting Act, 15 U.S.C. § 1681(i)(a); <u>Zala v. Trans Union</u>, LLC, No. 3:99-CV-0399, 2001 WL 210693, at *4 (N.D. Tex. Jan. 17, 2001).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 38

(38)    NEGLIGENCE DEFINED

I will now define negligence for you.  You are to use this definition in your determination.

The term "negligence," as used in these instructions, means the failure to do something which a reasonably prudent person would do, or means to do something which a reasonably prudent person would not do under the circumstances which you find existed in this case.  It is for you to decide what a reasonably prudent person would or would not do under the circumstances.

The standard for evaluating the reasonableness of credit reporting agency procedures is what a reasonably prudent person would do under the circumstances.  Evaluating the reasonableness of a credit reporting agency's procedures involves balancing the potential harm to the consumer from the inaccuracy against the burden on the credit reporting agency of safeguarding against such inaccuracy.[38]

---

[38] Fair Credit Reporting Act, 15 U.S.C. § 1681(b); Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 92.05 (4th ed. 1987) (as modified); Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509, 513 (5th Cir. 1982); Equifax Inc. v. Federal Trade Comm'n, 678 F.2d 1047, 1049 (11th Cir. 1982);  Whelan v. Trans Union Credit Reporting Agency, 862 F. Supp. 824, 829 (E.D.N.Y. 1994); Watson v. Credit Bureau, Inc. of Georgia, 600 F. Supp. 48, 50 (S.D. Miss. 1986). Swoager v. Credit Bureau of Greater St. Petersburg, Fla., 608 F. Supp. 972, 975 (M.D. Fla. 1985); Roseman v. Retail Credit Co., Inc., 428 F. Supp. 643, 645-46 (E.D. Pa 1977).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 39

### (39)    WILLFUL NON-COMPLIANCE - ESSENTIAL ELEMENTS

Plaintiff also claims that defendant willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information contained in his consumer credit reports, and the defendant willfully failed to provide Plaintiff with a copy of his credit report upon request.

Plaintiff has the burden of proving each of the following propositions:

First:  That defendant willfully failed to use reasonable procedures to assure the maximum possible accuracy of information contained in his consumer credit reports or to disclose the information in Plaintiff's credit file to Plaintiff upon request;

Second:  That Plaintiff was injured; and

Third:  That the willful failure of defendant to use reasonable procedures or to disclose the information in Plaintiff's credit file to Plaintiff upon request was the proximate cause of injury to Plaintiff.

Your verdict on this claim will be for Plaintiff if you find that the plaintiff proved that defendant willfully failed to comply with the Fair Credit Reporting act, that Plaintiff was injured and the willful failure to comply was a proximate cause of Plaintiff's injuries.

Your verdict on this claim will be for defendant Experian if Plaintiff does not prove a willful violation of the Act, or if Plaintiff was not injured or if Plaintiff's injury was not proximately caused by the willful violation of the Act.[39]

---

[39] Fair Credit Reporting Act, 15 U.S.C. § 1681n; Kevin F. O'Malley, et al., 3 Federal Jury Practice and Instructions § 153.39 (5th ed. 2000); Pinner v. Schmidt, 805 F.2d 1258, 1263 (5th Cir. 1986); Cousin v. Trans Union Corporation, 246 F.3d 359, 372 (5th Cir.), cert. denied, 534 U.S. 951 (2001).