exhibit

B 2

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 40

(40)   "WILLFULLY" DEFINED

I will now give you a definition of "willfully." You are to use this definition in your determination.

The term "willfully" means an omission or failure to do an act voluntarily and intentionally, and with specific intent to fail to do something which the law requires to be done. It is to knowingly, intentionally, deliberately and purposefully act in conscious disregard for Plaintiff's rights or exhibit ill will toward the Plaintiff.[40]

---

[40] Kevin F. O'Malley, et al., 3 Federal Jury Practice and Instructions § 153.39 (5th ed. 2000); Pinner v. Schmidt, 805 F.2d 1258, 1263 (5th Cir. 1986); Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993); Cousin v. Trans Union Corporation, 246 F.3d 359, 372 (5th Cir.), *cert. denied*, 534 U.S. 951 (2001).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 41

### (41)    DEFENDANT IS NOT AUTOMATICALLY LIABLE FOR INACCURACIES ON CONSUMER CREDIT REPORTS

The Fair Credit Reporting Act does not require error free consumer credit reports. The law recognizes that total accuracy in consumer credit reports is not a realistic objective. The mere fact that a defendant may have furnished a consumer credit report regarding Plaintiff to a third party that contained inaccurate information is not, in and of itself, sufficient for you to find that the defendant negligently or willfully violated the Fair Credit Reporting Act. A defendant may not be held liable under the Fair Credit Reporting Act unless it is established that an inaccurate consumer credit report was prepared because the defendant negligently or willfully failed to follow reasonable procedures in preparing that consumer credit report.

In other words, defendant is not required to produce error free consumer credit reports. Defendant is only required to follow reasonable procedures to assure the maximum possible accuracy of the consumer credit reports it issues.[41]

---

[41] Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509, 513 (5th Cir. 1982); Equifax Inc. v. Federal Trade Comm'n, 678 F.2d 1047, 1049 (11th Cir. 1982);  Whelan v. Trans Union Credit Reporting Agency, 862 F. Supp. 824, 829 (E.D.N.Y. 1994); Watson v. Credit Bureau, Inc. of Georgia, 600 F. Supp. 48, 50 (S.D. Miss. 1986).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 42

### (42)    "PROXIMATE" CAUSE DEFINED

If you find that the defendant was negligent, you then must determine whether that negligence was the proximate cause of Plaintiff's injuries.

The term "proximate" in these instructions requires that there must be a connection between the conduct of defendant, which Plaintiff claims violated the Fair Credit Reporting Act, and the injury complained of by Plaintiff. Also, the act or omission that is claimed to have produced the injury must be a natural and probable result of the conduct of the defendant.[42]

---

[42] Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions, § 92.06 (4th ed. 1987) (as modified).

44

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 43

(43)    CAUSATION - SUBSTANTIAL FACTOR

You may not award Plaintiff damages as against the defendant unless you find that the Plaintiff has proven by a preponderance of the evidence that the defendant's conduct was a substantial factor in causing the damages the Plaintiff suffered. A substantial factor is an important or material factor and not one that is insignificant.

You may find that the defendant was a substantial factor in causing Plaintiff's damages only if you determine by a preponderance of the evidence that (i) Plaintiff would not have suffered the damages without the defendant's individual conduct; or (ii) the defendant's individual conduct by itself was sufficient to cause the damages suffered by Plaintiff.[43]

---

[43] Philbin v. Trans Union Corp., 101 F.3d 957, 968-969 (3d Cir. 1996); Restatement (Second) of Torts §§ 431(a), 432 and 433B(1).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 44

### (44)    SUBSTANTIAL FACTOR - CONSIDERATIONS

In determining whether the defendant's conduct was a substantial factor causing the Plaintiff's injuries, you may consider the effect of other contributing factors.

If you determine that other contributing factors so predominate as to make the defendant's conduct relatively insignificant, then you must find that the defendant's conduct was not a substantial factor in causing the Plaintiff's injuries.

So too, you may find that, although no single other contributing factor by itself had a predominate effect, the combined effects of all of the other contributing factors diluted the effects of the defendant's conduct, so as to prevent the defendant's conduct from being a substantial factor in causing the plaintiff's injuries.[44]

---

[44] Philbin v. Trans Union Corp., 101 F.3d 957, 968-969 (3d Cir. 1996); Restatement (Second) of Torts § 433 and Comment (b) thereto.

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 45</u>

(45)    CONSIDER DAMAGES ONLY IF NECESSARY

If you find that the plaintiff has proven that the defendant is liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled.  However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  My instructions on damages do not reflect in any way whether I believe the plaintiff should or should not win this case.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance in the event you decide that the plaintiff is entitled to recovery of damages.[45]

---

[45] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions - Civil</u>, Instr. 77-1 (1998) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 46

(46)    DAMAGES - FOR NEGLIGENT NONCOMPLIANCE WITH THE
FAIR CREDIT REPORTING ACT

If you find that Plaintiff has proved by a preponderance of the evidence that the defendant was negligent in complying with the Fair Credit Reporting Act, you must determine Plaintiff's damages. Damages means the amount of money which will reasonably and fairly compensate Plaintiff for any injury which you find was caused by that defendant.

It is for you to decide which, if any, of the elements of damage has been proved by Plaintiff. Your decision must be based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damages, such as mental anguish, cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment.

You should consider the following:

The mental pain and suffering or emotional distress experienced; and

The difference between the cost of any credit Plaintiff obtained and the cost of credit Plaintiff proved he would have obtained without the defendant's negligence.

Mere denial of or delay in granting credit does not constitute damage in and of itself under the law.

Damages for mental pain and suffering or emotional distress will not be presumed to have occurred. Plaintiff must have proved they have occurred.

Plaintiff must prove that any damages incurred were proximately caused by acts or omissions of the defendant that were not in compliance with the Fair Credit Reporting Act. Even if you find that the plaintiff was injured, if you also find that the injury was not caused by the acts or omissions of defendant that violated the Fair Credit Reporting Act, you must find for the defendant.

Further, even if you find that Plaintiff was injured as a result of a denial or delay in granting credit, but that this denial or delay was not caused by the acts or omissions of the defendant, then you must find for the defendant. Likewise, even if you find that Plaintiff suffered physical or emotional damage, but that this physical or emotional damage was not caused by acts or omissions of the defendant, then you must find for the defendant.[46]

---

[46] Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions, § 92.07 (4th ed. 1987) (as modified); Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

48

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 47

### (47)    DAMAGES - REASONABLE - NOT SPECULATIVE

Damages must be reasonable.  If you should find that Plaintiff is entitled to a verdict, you may award his only such damages as will reasonably compensate his for such injury as you find, from a preponderance of the evidence in the case, that she has sustained as a result of the defendant's conduct.

You are not permitted to award speculative damages.  Likewise, you are not to include in any verdict compensation for future injury which, although possible, is not reasonably certain to occur.[47]

---

[47] Hon. Edward J. Devitt, et al., 3 Federal Jury Practice and Instructions § 85.14 (4th ed. 1987) (as modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 48

### (48)    DAMAGES - MITIGATION

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find that the defendant is liable and that Plaintiff has suffered damages, Plaintiff may not recover for any item of damage he could have avoided through such reasonable effort. If Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

Bear in mind that the question whether Plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured Plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured Plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce Plaintiff's damages due to a failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether a defendant has satisfied its burden of proving that Plaintiff's conduct was not reasonable.[48]

---

[48] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 77-7 (1998).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 49

(49)    ATTORNEYS' FEES

If Plaintiff has proven by a preponderance of credible evidence that the defendant is liable on Plaintiff's claim, then you must determine the damages to which Plaintiff is entitled.  In determining the amount of damages, if any, to which the Plaintiff is entitled, you must not consider the cost of hiring attorneys to bring this action.  If appropriate, the court will award an amount for attorneys' fees at a later time.[49]

---

[49] Bryant v. TRW, Inc., 689 F.2d 72 (6th Cir. 1982).

51

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 50

(50)    PLAINTIFF'S DISCLOSURE CLAIM UNDER THE CONNECTICUT
CREDIT REPORTING ACT- ESSENTIAL ELEMENTS

The Connecticut Credit Reporting Act also requires that defendant shall, upon a consumer's request, disclose within five days of receipt of the consumer's request, the nature and substance of all information in the consumer's credit file at the time of the request to the consumer.

Under the CCRA, Plaintiff must show by a preponderance of the evidence that defendant willful failed to provide plaintiff with a copy of his credit file upon request within five days.

Plaintiff has the burden of proof on his claim and so must persuade you by a preponderance of the evidence on each of the following propositions:

First:  That Plaintiff provided proper identification requesting information in his credit file;

Second:  That defendant willfully did not disclose the contents of Plaintiff's credit file to Plaintiff upon request;

Third:  That Plaintiff was injured; and,

Fourth:  That defendant's conduct was the proximate cause of Plaintiff's injuries.

Only if you find that each of these things has been proved against the defendant, should your verdict be for the plaintiff and against the defendant.  However, if you find that any of these things has not been proved against the defendant, your verdict should be for the defendant.[50] Damages for a CCRA violation are limited to not more than one hundred dollars ($100) for a first offense and not more than five hundred dollars ($500) for second offense.

---

[50] Conn. Gen. Stats. §§ 36a-696 and 36a-699.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 51

    (51)    PLAINTIFF'S "CUTPA" CLAIM

    To recover under the Connecticut Unfair Trade Practices Action ("CUTPA"), Plaintiff must show by a preponderance of the evidence that Experian, while acting in trade or commerce, engaged in unfair or deceptive acts that caused Plaintiff to suffer an ascertainable loss.[51]  Proof that a party acted negligently is not sufficient to establish that the party's conduct was immoral, unethical, or unscrupulous.[52]  Also, proof that Experian violated the FCRA and/or the CCRA by not providing Plaintiff with a copy of his credit report is not a *per se* violation under CUTPA.[53]

    A practice is unfair (1) if it offends public policy as it has been established by statutes, the common law or otherwise, (2) it is immoral, unethical, oppressive or unscrupulous, or (3) if it causes substantial injury to consumers.[54]  A practice is deceptive if it is a materially misleading misrepresentation, omission, or other practice that a consumer reasonably interpreted under the circumstances.[55]

---

[51] Conn. Gen. Stat. §§ 42-110b and 42-110g.

[52] Thames River Recycling, Inc. v. Gallo, 50 Conn. App. 767, 784-88, 720 A.D.2d 242, 254-57 (1998).

[53] See Conn. Gen. Stats. §36a-700 (stating that "a violation of this section [regarding credit clinics] shall be deemed an unfair or deceptive trade practice").

[54] Walsh v. Seaboard Surety Co., 94 F.Supp. 2d 205, 213 (D. Conn. 2000).

[55] Id.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 52

### (52)   DUTY TO DELIBERATE

Upon retiring to the jury room, you will select one person to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

You will now retire to decide the case. In order to prevail, Plaintiff must sustain his burden of proof as I have explained to you with respect to each element of his complaint. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff has failed to sustain his burden on any element of his claim, you should return a verdict against him.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Remember at all times that you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his conscientious beliefs solely for the purpose of returning a unanimous verdict.[56]

---

[56] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 78-3 (1998) (as modified); Hon. Edward J. Devitt, et al. 3 Federal Jury Practice and Instructions §§ 74.01, 74.04 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 53

(53)    COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing or orally here in open court.

Bear in mind that you are never to reveal to any person — not even to the Court — how the jury stands, numerically or otherwise, on the questions before you until after you have reached a unanimous verdict.[57]

---

[57] Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 74.08 (4th ed. 1987) (as modified).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 54

(54)    RETURN OF VERDICT

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.[58]

---

[58] Hon. Leonard B. Sand, et al., 4 Modern Federal Jury Instructions, Instr. 78-6 (1998) (as modified).

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| Lewis C. Brown | ) ) ) | 301cv1967(RNC) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Experian Information Solutions, Inc. | ) ) | |
| Defendant. | ) ) ) | 12/22/03 |

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND PRELIMINARY</u>

## <u>OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to F.R.C.P. Rule 51 and pursuant to the Court's December 1, 2003 Scheduling Order, Mr. Brown adopts the defendant's proposed jury instructions as his own, except as herein provided and with the additional instruction recited.

Pursuant to F.R.C.P. Rule 51, Mr. Brown hereby reserves the right to deliver to the Court and serve upon opposing counsel at any time prior to the commencement of closing argument additional proposed instructions to the jury upon questions of law developed by the evidence presented. Mr. Brown further reserves the right to modify or withdraw the attached proposed jury instructions at any time prior to the commencement of closing argument.

Mr. Brown requests that the Court advise counsel of all instructions which the Court determines to give prior to the time that the jury is instructed, and whether the jury will be instructed before or after final argument.

The parties stipulated to reserve full rights to object to each other's proposed instruction.

**PROPOSED GENERAL MODIFICATION:**

In each of the defendant's requested instructions, substitute each references to the "Plaintiff"

with references to "Mr. Brown."

Reason: "Plaintiff" is not an everyday word used by laypersons.  Using "Mr. Brown" will aid

juror comprehension and avoid unnecessary confusion

**PROPOSED MODIFICATIONS** TO DEFENDANT'S INSTRUCTION NO. 4:

      (4)     PARTIES' CONTENTIONS

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Mr. Brown claims that Experian willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the credit information in his credit reports. Mr. Brown also claims that Experian willfully and/or negligently failed to provide him with copies of his credit file upon request after furnishing proper identification.

Experian denies these claims. Experian claims that it followed reasonable procedures when it prepared Mr. Brown's credit reports, and that it acted in a reasonable manner upon receiving his several requests to review the contents of his credit file.

**PROPOSED MODIFICATIONS** TO DEFENDANT'S INSTRUCTION NO. 8

(8)    DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses — something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

The other type of evidence is indirect or circumstantial evidence. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. The proof is a chain of circumstances pointing to the existence or non-existence of certain facts. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

An illustration of circumstantial evidence may be useful. Suppose I were to place a handful of acorns and a squirrel in a box and left the room for 5 minutes. If, when I returned, the acorns were gone, I might reasonably draw an inference that the squirrel ate the nuts. This is true, even though I did not actually see the squirrel eating the nuts. This is an example of circumstantial evidence. In deciding this action, you are entitled to rely upon circumstantial evidence.[1]

---

[1] Paraphrased illustration of cicumstantial evidence as articulated by the Hon. Thomas Corridino, (J.D. of New London at New London)

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[2]

---

[2] Hon. Leonard B. Sand, et al., 4 <u>Modern Federal Jury Instructions - Civil</u>, Instr. 74-2 (1998) (as modified); Hon. Edward J. Devitt, et al., 3 <u>Federal Jury Practice and Instructions</u> § 72.03 (4th ed. 1987) (as modified).

**PROPOSED MODIFICATION** TO DEFENDANT'S REQUESTED INSTRUCTION NO. 12

(12)    BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

Mr. Brown must prove his case by a preponderance of the evidence.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.  This rule does not equire proof to an absolute certainty, nor does it require proof beyond a reasonable doubt, the standard applied by the courts in criminal cases.  Mr. Brown need not prove that the 70 percent of the evidence weighs in his favor, or even 60 percent.  Fifty-one percent of the evidence weighing in his favor will suffice.  Mr. Brown need only prove that the scales of justice tip in his favor ever so slightly.

**PRELIMINARY OBJECTION** TO DEFENDANT'S REQUESTED JURY INSTRUCTION
NO. 13

    (13)    CLEAR AND CONVINCING EVIDENCE

Mr. Brown objects to any mention of the "clear and convincing evidence" standard as Experian

has not (in any way) demonstated that an enhanced burden of proof (other than a prepondence of

the evidence) applies to any cause of action averred.  Absent a "clear and convincing"

demonstration that Mr. Brown must prove his case (or any part thereof) by clear and convincing

evidence, discussing this standard will only serve to confuse the jury to Mr. Brown 's prejudice.

An unwarranted articulation of the clear and convincing evidence standard is reversible error.

If need be, the plaintiff will brief this issue in detail on a date subsequent.

**PROPOSED MODIFICATION** TO DEFENDANT'S REQUESTED INSTRUCTION NO. 31

(31)    BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

Mr. Brown must prove his case by a preponderance of the evidence.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.  This rule does not equire proof to an absolute certainty, nor does it require proof beyond a reasonable doubt, the standard applied by the courts in criminal cases.  Mr. Brown need not prove that the 70 percent of the evidence weighs in his favor, or even 60 percent.  Fifty-one percent of the evidence weighing in his favor will suffice.  Mr. Brown need only prove that the scales of justice tip in his favor ever so slightly.

## **PRELIMINARY OBJECTION** TO DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 32

Mr. Brown objects to any mention of the "clear and convincing evidence" standard as Experian has not (in any way) demonstated that an enhanced burden of proof (other than a prepondence of the evidence) applies to any cause of action averred.  Absent a clear and convincing demonstration that Mr. Brown must prove his case (or any part thereof) by clear and convincing evidence, discussing this standard will only serve to confuse the jury to Mr. Brown 's prejudice. An unwarranted articulation of the clear and convincing evidence standard is reversible error.

If need be, the plaintiff will brief this issue in detail on a date subsequent.

**PROPOSED SUBSTITUION** RE: DEFENDANT'S REQUESTED INSTRUCTION NO. 33

(33)    PURPOSE OF THE FAIR CREDIT REPORTING ACT

In determining whether the defendant violated the Fair Credit Reporting Act, it may be helpful to consider the Fair Credit Reporting Act's puspose.

In enacting the Fair Credit Reporting Act, Congress made the following findings:

(a)    The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(b)    An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(c)    Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(d)    There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(e)     It is the purpose of the Fair Credit Reporting Act to require that

consumer credit reporting agencies adopt reasonable procedures

for meetings the needs of commerce for consumer credit,

personnel, insurance and other information in a manner which is

fair and equitable to the consumer, with regard to the

confidentiality, accuracy, relevancy and proper utilization of such

information.[3]

---

[3] Fair Credit Reporting Act, 15 U.S.C. § 1681(a) and (b)

## **PRELIMINARY OBJECTION TO** DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 35

The defendant's proposed instruction assert:

> You may not find Experian liable for any inaccurate information appearing in a "consumer file disclosure."  The defendant may only be found liable for inaccurate information appearing in a "consumer credit report."

The foregoing instruction (which, arguably, might be appropriate in certain FCRA "reinvestigation" cases) is a misleading (if not inaccurate) statement of law when recited in a "failure to follow reasonable procedures" case.  The jury is clearly entitled to consider degatory content appearing in a consumer file disclosure as probabtive circumstantial evidence of derogatory information that the plaintiff claims was published in consumer credit reports distributed to other persons.  It is evidence.  The jury is also entitled to consider degatory content appearing in a consumer file disclosure as circumstantial evidence of the defendant's failure to follow reasonable procedures to assure maximum accuracy.   The foregoing instruction might reasonably confuse a juror into thinking that the plaintiff cannot meet his burden relying substantially upon a consumer credit file disclosure.  Such is error.  The foregoing instruction is unduly prejudicial and serves no identifiable purpose here.

Rather than adopt a questionable qualifier, the court should stick to the standards of liability articulated in the act, as articualted.   If Mr. Brown demonstrates that Experian willfully

violated that FCRA or that he incurred actual damages as a result of Experian's negligent

nomplaince with the FCRA... liability exists – period.[4]

     If need be, the plaintiff will brief this issue in detail on a date subsequent.

---

[4] 15 U.S.C. §1681n; 15 U.S.C. §1681o; *Casella v. Equifax Credit Infor. Serv.* 56 F.3d
469 (2d 1995)

**JOINT SUBSTITUTE FOR** DEFENDANT'S REQUESTED INSTRUCTIONS NO. 36, 37, 39

(36)    WILLFUL & NEGLIGENT NON-COMPLIANCE - ESSENTIAL
ELEMENTS

The FCRA imposes a duty upon credit reporting agencies to dislosure all of the content in

a consumer's file provided only that the consumer furnish proper identification along with his or

her request.[5]

If you determine that Experian did not dislosure all of the content in Mr. Brown's file.

upon proper request, and that Experian's failure to furnish this information to Mr. Brown was

wilfull, then you must find in favor of Mr. Brown.[6] If you determine that Experian willfully

violated the FCRA, then you must enter a verdict in favor of Mr. Brown, regardless of whether

or not you determine that the willful violation caused Mr. Brown to incur actual damages.

Proving actual damages is not required to establish a wilfull violation.[7]

If, on the other hand, you determine that Experian did not dislosure all of the content in

Mr. Brown's file upopn proper request, and that its violation was negligent, as opposed to

wilfull, then you must enter a verdict in favor of Mr. Brown, provided that he demonstrate that

Experian's negligent noncompliance proximately cuased Mr. Brown to incur actual damages.[8]

Unlike a wilfull violation of the FCRA, a person seeking to establish a negligent violation of the

---

[5] 15 U.S.C. §1681g(a); 15 U.S.C. §1681h(a)

[6] 15 U.S.C. §1681e

[7] *Casella v. Equifax Credit Infor. Serv.* 56 F.3d 469 (2d 1995) ("… punitive damages
may be available even where a plaintiff has sustained no actual damages.")

[8] 15 U.S.C. §1681e

FCRA must also prove that the negligent violation proximately caused him to incur actual damages.

The FCRA also imposes a duty upon credit reporting agencies to follow reasonable procedures to assure maximum possible accuracy of its consumer credit reports.[9]

If you determine that Experian did not follow reasonable procedures to assure maximum possible accuracy of its consumer credit reports, and that its violation was wilfull, then you must enter a verdict in favor of Mr. Brown.[10]  If you determine that Experian willfully violated the FCRA, then you must enter a verdict in favor of Mr. Brown, regardless of whether or not you determine that the willful violation caused Mr. Brown to incur actual damages.  Proving actual damages is not required to establish a wilfull violation.

If, on the other hand, you determine that Experian did not follow reasonable procedures to assure maximum possible accuracy of its consumer credit reports, and that its violation was negligent, as opposed to wilfull, then you must enter a verdict in favor of Mr. Brown, provided that he demonstrate that Experian's negligent noncompliance proximately cuased Mr. Brown to incur actual damages.[11]  As previously stated, unlike a wilfull violation of the FCRA, a person seeking to establish a negligent violation of the FCRA must also prove that the negligent violation proximately caused him to incur actual damages.

---

[9] 15 U.S.C. §1681e

[10] 15 U.S.C. §1681e

[11] 15 U.S.C. §1681e

**PROPOSED MODIFICATION** TO DEFENDANT'S REQUESTED INSTRUCTION NO. 40

(37)    "WILLFULLY" DEFINED

In this case you will be asked to decide whether Experian committed one or more willful violations of the FCRA. I would ask that you pay close attention to this definition, as the word "willfull" has a different meaning, as a legal standard, than it does in everyday use.

The term "willful," as applied to the FCRA, means to to recklessly demonstrate a "conscious disregard" for a consumer's rights, or to engage in "deliberate and purposeful action."[12]  As the foregoing definition makes clear, Mr. Brown need not prove that Experian specifically set out to violate his rights under the FCRA. Mr. Brown need only demonstrate that Experian was reckless in its disregard for his consumer rights.

Because jurors sometimes confuse the concepts of "recklessness" and "negligence," I will provide an illustration frequently used by law schools to distinguish the two standards:

---

[12] *Casella v. Equifax Credit Infor. Serv.* 56 F.3d 469 (2d 1995) ("This course of conduct does not support the kind of "conscious disregard" or "deliberate and purposeful" actions necessary to make out a claim for willful non-compliance under the FCRA.  See Pinner v. Schmidt, supra at 1263 (vacating award of punitive damages); Nitti v. Credit Bureau of Rochester, Inc. 375 N.Y.S. 2d 817, 821 (Sup. Ct. 1975) (awarding punitive damages when "[t]ime and again plaintiff came to defendant's office and went over the same information ... all to no purpose"); Millstone, supra, at 835 (awarding damages where defendant "trampled recklessly upon Millstone's rights")." )

Consider also: Although the word "willful" has not, by any means, been given a perfectly consistent interpretation, "it is generally understood to refer to conduct that is not merely negligent." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988) (Supreme Court asked to define "willful" where [as here] statute delineates between "negligent" and "willful" violations, but is silent respecting the latter's definition).

Aslo: *Kolstad v. Amer. Dental Assoc.* 527 U.S. 526, 539 (1999) (where Congress borrows a term of art steeped in legal tradition, it presumably adopts its traditional meaning).

Suppose I was standing behind you as you were about the sit down in a chair and, in an effort to be funny, I pulled the chair out from beneath you as you were attempting to sit down. Now suppose that, instead of stumbling backwards, you fell to the floor and broke your hip? Was I negligent … or was I reckless?  Clearly, I did not purposely set out to hurt you … I was just trying to be funny.  In this instance, the law would consider my conduct "reckless."  It is reckless because, although it was not my intention that you fall to the floor, there was a substantial certainly that you would.[13]

In similar fashion, if you find that Experian was aware that its conduct was substantially certain to violate Mr. Brown's rights under the FCRA, then you must find that Experian acted willfully, even if it did not purposefully set out to violate Mr. Brown's rights.  Of course, if you determine that Experian intentionally violated the FCRA, you may also find that the defendant's conduct was willful.

Note, however, you may find Experian committed a wilfull vioation of the FCRA, even if Experian was not substanially certain of the magnitude of any harm that you may find resulted from an FCRA violation.  For example, if you determine that Experian willfully violated Mr. Brown's rights under the FCRA, but also find that Experian was not substantially certain that Mr. Brown would experience resulting emotional harm, in such an instance, you would still be

_____

(continued…)

required to find that Experian willfully violated the FCRA. You would still be required to find a

wilfull violation, not because of the harm resulting form the violation, but for Experian's willful

violation of the FCRA itself.

---

(continued...)

[13] *Garratt v. Dailey*, Wash. Sup. Ct., 46 Wash. 2d 197 (1995); as illustrated by *Casenote Legal Briefs (Torts)*, Pg. 107 (1996)

**PRELIMINARY OBJECTION** TO DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 41

The Defendant's Forty-First Proposed Instruction is both misleading and inaccurate as a statement of law.

The defendant's first contention: "The Fair Credit Reporting Act does not require error free consumer credit reports" is both inaccurate and misleading. The FCRA requires reasonable procedures to assure "maximum possible accuracy."[14] Whether or not the foregoing standard (applied to the facts of a particular case) requires an "error free" report (logically) depends upon the nature of the report and the nature of the error. If reasonable procedures to assure maximum accuracy should reasonably result in an "error free" report, then (in such instance) the FCRA would require an "error free" report. If reasonable procedures applied to the facts of a case would not necessary result in an "error free report," then the converse is true -- an "error free report" is not required.

The defendant's second contention: "The law recognizes that total accuracy in consumer credit reports is not a realistic objective" suffers from the same defect. This instruction is argument that adds little to the juror's understandng of the law, and tends to trivialize Congress' mandate that agencies follow reasonable procedures to assure "maximum" accuracy.[15]

The Defendant's third contention: "The mere fact that a defendant may have furnished a consumer credit report regarding Mr. Brown to a third party that contained inaccurate

---

[14] 15 U.S.C. § 1681e

[15] 15 U.S.C. § 1681e

information is not, in and of itself, sufficient for you to find that the defendant negligently or willfully violated the Fair Credit Reporting Act" misstates the law. If the defendant's funishing an inaccurate report to a third party was the result of its negligent or willful failure to follow reasonable procedures to assure maximum accuracy of its report – then the mere fact that the report issued will result in liability.[16]

The defendant's second to last Contention: "In other words, defendant is not required to produce error free consumer credit reports." Suffers from the same defect articulated in the defendant's first contention.

The defendant's last contention: "Defendant is only required to follow reasonable procedures to assure the maximum possible accuracy of the consumer credit reports it issues" is misleading insofar as it qualifies the FCRA mandate with the word "only." Using the word "only" trivializes what Congress referenced to be a "grave responsibility" and (once again) undercuts

---

[16] 15 U.S.C. § 1681o; 15 U.S.C. § 1681n

Also: *Stewart v. Credit Bureau Inc.*, 734 F.3d 47, 51-52 (D.C. Cir. 1984) (Although a plaintiff "cannot rest on a showing of a mere inaccuracy … a plaintiff need not introduce direct evidence of unreasonableness of procedures: In certain instances, inaccurate credit reports by themselves can fairly be read as evidencing unreasonable procedures, and … in such instances plaintiff's failure to present direct evidence will not be fatal to his claim.")

*Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333-34 (9th Cir. 1995) ("Guimond has made out a prima facie case under Section(s) 1681e(b) by showing that there were inaccuracies in her credit report;")

*Cahlin v. General Motors Corp.*, 936 F.2d 1151 (11th Cir. 1991) ("Prior to sending a [Section(s) 1681e(b)] claim to the jury, a credit reporting agency can usually prevail only if a court finds, as a matter of law, that a credit report was 'accurate.'")

Congress' mandate that agencies follow reasonable procedures to assure "maximum" possible accuracy.[17]

This proposed instruction (mere propaganda) should be thrown out altogether.

If need be, the plaintiff will brief this issue in detail on a date subsequent.

---

[17] 15 U.S.C. § 1681; 15 U.S.C. § 1681e

amount to your sound judgment.  Actual damages may include humiliation, frustration,

nervousness, and other form of mental distress, even in the absence of out-of-pocket damages.[19]

In determining damages, you may consider any mental pain and suffering or emotional

distress experienced, and any resulting loss of money or property.

** Note: Defendant's proposed instruction claims that a "Mere denial of or delay in

granting credit does not constitute damage in and of itself under the law."   The Second Circuit

does not appear to accept the defendant's contention.[20]

---

[19] *Casella v. Equifax Credit Infor. Serv.* 56 F.3d 469 (2d 1995) ("… the District Court
properly recognized that "actual damages" may include humiliation and mental distress even in
the absence of out-of-pocket expenses.")

[20] *Casella v. Equifax Credit Infor. Serv.* 56 F.3d 469 (2d 1995)  (When confronted with
the argument that a delay or dential in credit recites actual damages, the Second Circuit did not
creitque the foregoing as a statement of law, but rather, decided the issue on the evidence
presented: "… the lost opportunity damages he alleged were too speculative.  Through appellant
cites cases suggesting that loss of opportunity in the mortgage market or a delay in obtaining
credit resulting in less favorable terms may constitute compensible damages under the FCRA
[citations omitted] … we do not find those circumstances here")

**PROPOSED MODIFICATION** TO DEFENDANT'S REQUESTED INSTRUCTION NO. 48

    (47)    DAMAGES - MITIGATION

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages, if reasonably possible. The law does not require that a person take extraordinary measures to minimize his injuries. The law simply requires that the person take remedial measures consistent with what a reasonable person might do under the circumstances. If you determine that Experian violated the FCRA and that Experian's violation was the proximate cause of any resulting actual damages, you may consider whether Mr. Brown took reasonable steps to mitigate his damages when determining the amount of your award. In so doing, you should weigh all the evidence in light of the particular circumstances of this case.

## PROPOSED MODFICATION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 50

(50)   MR. BROWN'S DISCLOSURE CLAIM UNDER THE CONNECTICUT CREDIT REPORTING ACT – ESSENTIAL ELEMENTS

The FCRA is not the only statute that Mr. Brown claims the defendant violated.  Mr. Brown also claims that Experian violated Connecticut's credit reporting act.

Connecticut's Credit Reporting Act requires that defendant shall, within five days of its receipt of a consumer's request, disclose the nature and substance of all information in the consumer's credit file. [21]

Mr. Brown will not, however, ask that you award him actual damages as a result of any violation of Connecticut credit reporting act and you should not base any award of actual damages upon a violation of the Connecticut statute.  Any damages that you award must be based upon a wilfull or negligent violation of the FCRA.

If you determine that the plaintiff has proven, by a preponderance of the evidence, that on at least occasion, the defendant failed to promptly respond to a request for disclosure within five days of its receiving a request from Mr. Brown, you should indicate on the verdict form that the plaintiff violates Connecticut's credit reporting statute. [22]

---

[21] C.G.S. § 36a-696(b) et al.

[22] 15 U.S.C. §1681e

**PROPOSED MODIFICATION TO** DEFENDANT'S REQUESTED INSTRUCTION NO. 51

(51)    MR. BROWN'S "CUTPA" CLAIM


The Connecticut Unfair Trade Practice Act, which I shall refer to as the CUTPA, provides that is shall be unlawful for any person to engage in any unfair or deceptive act in the conduct of any trade or commerce.[23]

Any person who suffers an ascertainable loss of money or property as a result of any such unfair or deceptive act may bring a civil action against the offending party.[24]

The court has established that the events in this case fall squarely within the scope of trade and commerce. You therefore need only be concerned with two issues:

If you find that the defendant violated the FCRA, in assessing the defendant's liability under the CUTPA, you must deceide whether the defendant's FCRA violation manifested an unfair or deceptive act? If so, you must then determine whether Mr. Brown incurred an ascertainable loss of money or property as a result or the unfair or deceptive act? In order to prevail under the CUTPA, the plaintiff must prove that he incurred an ascertainable loss of money or property as a result of any unfair or deceptive act.[25]

---

[23] C.G.S. § 42-110b

[24] C.G.S. § 42-110g

[25] C.G.S. § 42-110b; C.G.S. § 42-110g



**PROPOSED MODIFICATION TO** DEFENDANT'S REQUESTED INSTRUCTION NO. 51

(51)    MR. BROWN'S "CUTPA" CLAIM

The Connecticut Unfair Trade Practice Act, which I shall refer to as the CUTPA, provides that is shall be unlawful for any person to engage in any unfair or deceptive act in the conduct of any trade or commerce.[23]

Any person who suffers an ascertainable loss of money or property as a result of any such unfair or deceptive act may bring a civil action against the offending party.[24]

The court has established that the events in this case fall squarely within the scope of trade and commerce. You therefore need only be concerned with two issues:

If you find that the defendant violated the FCRA, in assessing the defendant's liability under the CUTPA, you must deceide whether the defendant's FCRA violation manifested an unfair or deceptive act? If so, you must then determine whether Mr. Brown incurred an ascertainable loss of money or property as a result or the unfair or deceptive act? In order to prevail under the CUTPA, the plaintiff must prove that he incurred an ascertainable loss of money or property as a result of any unfair or deceptive act.[25]

---

[23] C.G.S. § 42-110b

[24] C.G.S. § 42-110g

[25] C.G.S. § 42-110b; C.G.S. § 42-110g

Mr. Brown does not have to prove, and the jury need not establish, the amount of the ascertainable loss. [26]

The jury need only decide whether the defendant incurred an ascertainable loss of money or property as a result of an unfair or deceptive act.

You may consider an act deceptive if three requirements are met. [27]

First, the defendant must make a representation, omission, or engage in some other act that is likely to mislead consumers. [28]

Second, the consumer must have interpreted the message reasonably under the circumstance. [29]

Third, the misleading representation, omission, or act must be material – in other words, a represntation, omission or act likely to affect a consumer's decisions or conduct. [30]

You need not determine, however, that the defendant intentionally set out to deceive Mr. Brown or other consumers in order to find a violation of the CUTPA. [31]  Intent to deceive is not a required element of a CUTPA claim predicated upon a deceptive act. [32]

---

[26] *Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 614 (1981)

[27] *Caldor, Inc. v. Heslin* 215 Conn. 590, 597 (1990)

[28] Id.

[29] Id.

Respectfully Submitted,

LEWIS C. BROWN, Plaintiff

ZENAS ZELOTES, ESQ. (His Attorney)

_____

ZENAS ZELOTES, ESQ.
Consumer Law Office of Z Zelotes
753 Buddington Road, Groton CT 06320
Tel. (860) 448-6140  Fax. (860) 449-8847
CT Bar No. 419408