Exhibit
C

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lewis C. Brown<br>               **Plaintiff**<br>  v.<br><br>Experian Information Solutions, Inc.<br><br>             **Defendant** | ) ) ) )  301cv1967(RNC)<br>) )<br>) )<br>) )  December 23, 2003 |

## OBJECTIONS TO MOTIONS IN LIMINE

The plaintiff did not first receive the defendant's motions in limine until 12/23/03.

Pursuant to party stipulation, the plaintiff will supplement the JTMR with his objections.

The plaintiff objects to all three motions in limine.

Respectfully Submitted,

LEWIS C. BROWN, Plaintiff
By His Attorney
ZENAS ZELOTES, ESQ.

Zenas Zelotes, Esq.
Consumer Law Office of
Zenas Zelotes, Esq.
753 Buddington Road
Groton CT 06320
(860) 448-6140
Fed Bar No. ct23001



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lewis C. Brown, | ) | 301cv1967(RNC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Experian Information Solutions, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE OF OR REFERENCE TO PLAINTIFF'S LOST PERSONAL TIME

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Memorandum of Law in support of its <u>motion</u> <u>in</u> <u>limine</u> to exclude the introduction of any evidence or testimony, or commenting or arguing in the jury's presence about any alleged damages relating to plaintiff Lewis C. Brown's ("Mr. Brown" or "Plaintiff") claim for lost personal time.

## PRELIMINARY STATEMENT

Mr. Brown has sued Experian for violations of the federal Fair Credit Reporting Act (the "FCRA") and state law violations of the Connecticut Consumer Credit Act and the Connecticut Unfair Trade Practices Act arising from a decrease in Plaintiff's Fleet Bank credit card limit from $9,000 to $500 and from Experian's alleged failure to provide Plaintiff with a copy of his credit file. Plaintiff seeks as part of his actual damages the value of his lost personal time. Plaintiff contends that he spent over 200 hours writing to Experian and Fleet Bank regarding the decrease in his credit limit and seeks compensation for that time. Further, Plaintiff, a retired patent attorney, seeks to be compensated as an attorney at a rate of $250 an hour.

Plaintiff offers no basis in law for the entitlement to lost personal time. Furthermore, Plaintiff seeks in effect to be awarded attorney's fees for his own time spent on this matter before he hired an attorney. It is clear in this Circuit, however, that a *pro se* attorney is not entitled to attorney's fees. Second, even if Plaintiff could show that there is some basis in law for his request, Plaintiff's calculation of his time is purely speculative. Accordingly, Experian requests an order prohibiting Plaintiff from introducing any evidence or testimony, or commenting or arguing in the jury's presence about any alleged damages relating to Plaintiff's claim for lost personal time.

# **ARGUMENT**

## **I.**

## **DAMAGES FOR LOST PERSONAL TIME ARE NOT RECOVERABLE**

Plaintiff seeks to recover the value of personal time spent corresponding with Fleet Bank, the Federal Trade Commission (the "FTC"), the Comptroller of the Currency and Experian.  Plaintiff, however, cannot recover for lost personal time.  See generally, Goldberg v. Mallinckrodt, Inc., 792 F.2d 305, 309 (2d Cir. 1986) (finding physician's lost income resulting from time spent defending suits was not recoverable and noting compensating for "personal time spent" would be inappropriate); Dubinsky v. United States, 43 Fed. Cl. 243, 275-76 (Fed. Cl. 1999) (concluding that plaintiff failed to provide the necessary support for his claim for "time he personally spent preparing" proposals, and stating that, "[e]ven if the court were to accept plaintiff's post facto reconstruction of the time he spent preparing his proposals, he has not provided any basis upon which we can determine his hourly compensation rate.  Moreover, there is no . . . support for plaintiff's claim for mailing, telephoning, faxing, and copying expenses.").  Accordingly, Plaintiff simply cannot seek the value of his lost time as there is simply no basis for such an award.

Furthermore, Plaintiff here seeks to be compensated as an attorney.  The law of this Circuit, however, is that a *pro se* plaintiff may not be awarded attorney's fees.  See Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 694-95 (2d Cir. 1998).  Accordingly, any evidence any evidence or testimony regarding damages for lost time should be excluded.

## II.

## SPECULATIVE DAMAGES ARE NON-RECOVERABLE

Even if Mr. Brown could somehow collect damages for lost personal time (which

he cannot, see supra Point I), this Court should nonetheless exclude evidence of such damages

because it is purely speculative and entirely unsupported.  Damages that are completely

speculative are not recoverable.  See, e.g., Dictiomatic, Inc. v. U.S. Fidelity & Guaranty Co., 958

F. Supp. 594, 605 (S.D. Fla. 1997) (citations omitted) (finding anticipated profits too speculative

to warrant recovery for their loss); Aldon Indus., Inc. v. Don Myers & Assocs., 517 F.2d 188,

190 (5th Cir. 1975) (same).

Plaintiff has not presented any competent evidence whatsoever of the amount of

personal time he allegedly lost as a result of any conduct on behalf of Experian.  See Cahlin v.

GMAC, 936 F.2d 1151, 1160-61 (11th Cir. 1991) (FCRA plaintiff must prove damages were

proximately caused by defendant credit reporting agency).  Not only is there no evidence that

Plaintiff's alleged two hundred and twenty-three (223) hours (Brown Dep. Tr. at 87) of lost

personal time was caused by Experian, but Plaintiff himself has admitted otherwise.  In fact,

Plaintiff said that his calculations of lost personal time were "really kind of a guess" (Brown

Dep. Tr. at 83), and he admitted that he combined all of the time he spent addressing his

allegations of age discrimination by Fleet Bank with that of the time he allegedly spent

addressing his credit report concerns with Experian.  (Brown Dep. Tr. at 88.)

Furthermore, although Mr. Brown has claimed that he is entitled to collect

damages for two hundred and twenty-three (223) hours of personal time from Experian (Brown

Dep. Tr. at 87), discovery has revealed that Plaintiff wrote to Experian only three times within a

two month period to address his concerns, whereas Plaintiff contacted Fleet Bank, the FTC and

4

the Comptroller of the Currency fourteen (14) times over a two year period to address his age

discrimination allegations against Fleet Bank.  Plaintiff is simply seeking a windfall recovery

against Experian for speculative damages for lost personal time, the majority of which was spent

addressing age discrimination concerns with entities other than Experian.  Such evidence is

wholly speculative and non-recoverable as a matter of law.  See Casella v. Equifax Credit Info.

Servs., 56 F.3d 469, 475(2d Cir. 1995) (rejecting damages claim as speculative); Rich v. New

York Stock Exchange, 522 F.2d 153, 157 (2d Cir. 1975) (finding district court's holding that

"speculative, remote or conjectural damages cannot be recovered" proper); Bruce v. Weekly

World News, Inc., 310 F.3d 25, 31 (1st Cir. 2002) (copyright holder could not recover based on

speculative calculation of damages); Aldon Indus., Inc. v. Don Myers & Assocs., 517 F.2d 188,

193 (5th Cir. 1975) (proof of damages must not be "left to speculation and conjecture"); Kane v.

Shearson Lehman Hutton, Inc., 916 F.2d 643, 647 (S.D. Fla. 1990) (damages based on a

plaintiff's speculation are not recoverable); Winsted Land Dev. v. Design Collaborative

Architects, P.C., No. CV 960071571, 1999 WL 639942, at *22 (Conn. Super. Aug. 12, 1999)

("An award of damages cannot be based upon guess, conjecture or surmise."); Theriault v.

Mangiafico, No. CV-H-8408-1468, 1986 WL 296415, at *3 (Conn. Super. Oct. 3, 1986) (noting

that damages calculations cannot be based on subjective or speculative factors and that "[t]he

burden is on the plaintiff to prove damages with all reasonable, possible certainty.").

Accordingly, Plaintiff must be precluded from offering any evidence of lost personal time at

trial.

## **CONCLUSION**

For the foregoing reasons, Experian respectfully requests that the Court preclude the introduction of any evidence of or reference to Plaintiff's alleged claims for lost personal time and speculative damages.

Dated: New York, New York
      December 22, 2003

Respectfully submitted,

JONES DAY

By: _____
    George Kostolampros
    222 E. 41st Street
    New York, New York 10017
    (212) 326-3939

    Attorneys for Defendant Experian
    Information Solutions, Inc.

6



## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lewis C. Brown, | ) ) ) | 301cv1967(RNC) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Experian Information Solutions, Inc. | ) ) | |
| Defendant. | ) ) ) | |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE ALL
ASSERTED EVIDENCE OF, OR REFERENCE TO, PLAINTIFF'S
<u>ALLEGED EMOTIONAL DISTRESS DAMAGES</u>**

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Memorandum of Law in support of its <u>motion</u> <u>in</u> <u>limine</u> for an order prohibiting any reference to Lewis C. Brown's ("Mr. Brown" or "Plaintiff") asserted emotional distress damages. Plaintiff has simply failed to provide evidence to support his claim for emotional distress damages in this case and should therefore be excluded from offering testimony regarding that alleged emotional distress.

## PRELIMINARY STATEMENT

Plaintiff Lewis Brown claims he is entitled to emotional distress damages from Experian. Plaintiff, however, has not offered any reliable proof whatsoever that he suffered from any emotional distress. Mr. Brown contends that because of Experian's alleged inability to safeguard his "good name" he suffered considerable distress and harm to his "well-being." Mr. Brown, however, admitted at his deposition that he has never seen a physician for his "distress," nor has he taken any medication for that distress. Plaintiff has provided a hearsay affidavit from a friend who lives in Michigan to support his claim of emotional distress. (Attached as Exhibit A is the Affidavit of Mary Woehrle.) Although Plaintiff has not provided proof of emotional distress, at trial he may nonetheless attempt to assert that he suffered emotional distress at Experian's hand. Consequently, any reference to Plaintiff's alleged emotional distress damages must be precluded.

## ARGUMENT

### ASSERTED EVIDENCE OF, OR REFERENCE TO, PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS DAMAGES MUST BE PRECLUDED

It is well established that "actual damages under the . . . [Fair Credit Reporting Act ("FCRA")] may include humiliation and mental distress . . ." <u>McMillan v. Experian</u>, 170 F. Supp.2d 278, 285-86 (D. Conn. 2001). Plaintiff's own testimony regarding his emotional

distress, however, is not enough to establish liability for emotional distress damages under the

FCRA. See Cousin v. Trans Union Corp., 246 F.3d 359, 370-71 (5th Cir. 2001). In Cousin, the

Fifth Circuit vacated an award of emotional distress damages in an FCRA case where the

plaintiff there simply offered his own testimony that he felt "frustrated and irritated," "very

upset, angry" and "like nobody was listening." Id. The Fifth Circuit in Cousin held that the

plaintiff's evidence regarding emotional distress was "insufficient." Id. Plaintiff, here, offers

nothing more than the Cousin plaintiff. Accordingly, because Plaintiff cannot set forth anything

more than the plaintiff in Cousin, any evidence or testimony regarding any alleged emotional

distress should be excluded.

Beyond his own testimony, Plaintiff also seeks to offer the testimony of Mary M.

Woehrle as evidence of Plaintiff's emotional distress. Plaintiff submitted an affidavit of Ms.

Woehrle in opposition to Experian's motion for summary judgment. Ms. Woehrle, however, is a

resident of Michigan and admits that she spoke with Plaintiff over the phone regarding his

frustration. In her affidavit, Ms. Woehrle provides no information about her observations of Mr.

Brown. Further, Ms. Woehrle offers no information about the time periods during which she

reportedly "spoke to" Mr. Brown nor anything about his alleged frustrations. In order for the

Court to consider an affidavit, it must include admissible evidence. See McMillan v. Experian,

170 F. Supp.2d 278, 281 (D. Conn. 2001) ("'An affidavit made on secondhand information and

hearsay is not made on the 'personal knowledge' of the affiant for the purposes of Rule 56(e).'"

(citations omitted)). Ms. Woehrle's affidavit is clearly hearsay. In accordance with Federal Rule

of Evidence 801(c), "'Hearsay' is a statement other than one made by the declarant while

testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

(quotation in original). Throughout her affidavit, Ms. Woehrle repeatedly reveals that she

"discussed," "spoke to" and "talked" with Plaintiff about his distress and frustration. (Woehrle Aff. at ¶¶ 9-13.) Accordingly, Ms. Woehrle has nothing but hearsay testimony that would be excluded.

Accordingly, Experian requests an order prohibiting Plaintiff from introducing any asserted evidence or testimony, referencing, or commenting or arguing in the jury's presence about any alleged emotional distress.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court preclude the introduction of any asserted evidence of or reference to Plaintiff's alleged emotional distress damages.

Dated: New York, New York
       December 22, 2003

                                        Respectfully submitted,

                                        JONES DAY

                                        By: _____
                                        George Kostolampros
                                        222 E. 41st Street
                                        New York, New York 10017
                                        (212) 326-3939

                                        Attorneys for Defendant Experian
                                        Information Solutions, Inc.

4

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lewis C. Brown | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 301cv1967(RNC) |
| | ) | |
| Experian Information Solutions, Inc. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | April 17, 2002 |

**AFFIDAVIT OF MARY M. WOEHRLE**

I, Mary M. Woehrle, having been duly sworn and of sound mind and body, do solemnly

declare and attest upon personal knowledge, and subject to the pains and penalties of perjury,

that the following statements are true:

1.    I am 84-year-old retired office manager residing at 2728 Bacon Street,

Berkley, MI 48072.

2.    Lewis C. Brown and I have been good friends since about 1975.

3.    Lewis and I were both employed at M & T Chemicals between 1967-

1972.

4.    Since 1997, I have typically spoken to Lewis near daily, for about 3-4

hours each week, discussing our life events and thoughts.

5.    Lewis and I have lived together for approximately one or two months each

year, since about 1997.

6.       As a successful patent attorney, Lewis always appeared to be held in very high regard at his job and within his community.

7.       Lewis' frequently expressed and demonstrated pride in his esteemed reputation.

8.       Lewis did not, however, openly share the details of his private life, save a few close friends.

9.       Since the events giving rise to this lawsuit and up to present day, Lewis frequently expressed distress, frustration and confusion about the defamatory words that have tarnished the good name for which he worked so hard to maintain.

10.      Lewis discussed with me his persisting efforts to defend his good name each time he took action.

11.      Every time Lewis was stonewalled, ignored or denied a copy of his credit report, Lewis expressed a relentless determination not to give up.

12.      Lewis spoke to me for several days after each attempted or received communication from any business or governmental entity involved in this litigation.

13.      Lewis talked about his credit difficulties, on occasion, several times a day, and not infrequently for periods of up to 30 minutes, per conversation.


RESPECTFULLY SUBMITTED,

*Mary M. Woehrle*
W640 587 58 5615
MARY M. WOEHRLE

UNITED STATES DISTRCIT COURT              )
                                          )
DISTRICT OF CONNECTICUT at HARTFORD       )


On the 5th day of November, 2002, before me, personally appeared Mary M.

Woehrle, who affirmed under oath the truth of the foregoing and also acknowledged her

execution of the above document.


My Commission Expires:

BRENDA COLE
NOTARY PUBLIC STATE OF MICHIGAN
OAKLAND COUNTY
MY COMMISSION EXP. JUNE 28,2005

*Brenda Cole*
Notary Public



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lewis C. Brown, | ) |
| | ) |
| Plaintiff, | ) 301cv1967(RNC) |
| | ) |
| v. | ) |
| | ) |
| Experian Information Solutions, Inc. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION _IN LIMINE_ TO EXCLUDE ALL EVIDENCE OF OR REFERENCE TO PLAINTIFF'S FLEET BANK DISCRIMINATION DISPUTE

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Memorandum of Law in support of its <u>motion</u> <u>in</u> <u>limine</u> to exclude the introduction of any evidence of, or reference to, plaintiff Lewis C. Brown's ("Mr. Brown" or "Plaintiff") age discrimination allegations against Fleet Bank. Plaintiff seeks to introduce his correspondence with, as well as the time he spent corresponding with, Fleet Bank regarding his allegation that Fleet discriminated against him based on age. Such evidence is irrelevant in this case and unfairly prejudicial to Experian.

## PRELIMINARY STATEMENT

Plaintiff has alleged that Experian issued an inaccurate credit report that Fleet relied on to decrease his credit limit. At the same time Plaintiff seeks to introduce evidence regarding his accusation that Fleet Bank discriminated against him based on age by reducing his credit limit and later terminating Plaintiff's card in July 2000. Plaintiff seeks to introduce evidence of his correspondence with Fleet Bank, as well as correspondence with the Federal Trade Commission and the Comptroller of the Currency regarding his allegations. Plaintiff also seeks to introduce as evidence time that he has spent in corresponding with the aforementioned entities regarding his age discrimination dispute and obtain damages from Experian based on that time.

Although this evidence may be relevant to an age discrimination claim against Fleet Bank, it simply has no relevance to Plaintiff's FCRA-based claims against Experian. Experian, therefore, requests an order prohibiting Plaintiff from introducing any evidence or testimony, or commenting or arguing in the jury's presence about anything pertaining to Plaintiff's discrimination allegations against Fleet Bank.

Furthermore, discrimination is a subject that evokes strong public sentiment. Plaintiff's only apparent purpose in introducing this type of evidence is to inflame the jury by suggesting that Experian somehow engaged in discriminatory practices against Plaintiff. Here, all evidence regarding Plaintiff's discrimination allegations against Fleet Bank has no relationship to Plaintiff's allegations against Experian. The admission of such extraneous and inflammatory issues would greatly and unfairly prejudice Experian and would mislead and confuse the jury. Accordingly, any evidence of, or reference to, Plaintiff's discrimination dispute with Fleet Bank serves no legitimate purpose at trial and must be excluded.

## ARGUMENT

### I.

### EVIDENCE OF PLAINTIFF'S DISCRIMINATION DISPUTE WITH FLEET BANK IS IRRELEVANT AND THEREFORE INADMISSIBLE

It is well established that relevant evidence is evidence that "ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Amorgianos v. Nat'l R.R. Passenger, Corp., 303 F.3d 256, 265 (2d Cir. 2002) (quotation omitted); Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 60 (2d Cir. 2002) (same); Conway v. Icahn & Co., Inc., 16 F.3d 504, 511 (2d Cir. 1994) (same). Only evidence that is relevant and material to the issues in the case is admissible. See e.g., Gray v. Busch Entm't Corp., 886 F.2d 14, 15 (2d Cir. 1989) (holding evidence of lack of caution strip on step of train was properly excluded as irrelevant); Skarnulis v. Belmont, No. 02-9170, 2003 WL 22018882, at *3 (2d Cir. 2003) (finding district court properly barred witness from providing testimony because it was irrelevant to the issue in dispute); Townsend v. Clairol Inc., No. 01-7341, 2002 WL 83595, at *2 (2d Cir. 2002) (exclusion of discriminatory comments made by employee's former supervisor eight or

3

nine years before employee began working for employer was proper because such evidence was found to be irrelevant). However, "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Huddleston v. United States, 485 U.S. 681, 689 (1988) (quotation omitted). Irrelevant evidence is not admissible. LoSacco v. Tosto, 152 F.3d 919, 919 (2d Cir. 1998).

In this case, evidence of Plaintiff's discrimination dispute with Fleet Bank has no relevance to Plaintiff's claims against Experian. All of Plaintiff's claims against Experian are based on Plaintiff's allegation that Experian violated the FCRA by failing to follow reasonable procedures in issuing an inaccurate credit report regarding the Plaintiff which led to a credit denial and for failing to provide Plaintiff with a copy of his credit disclosure. (See Plaintiff's Complaint.) Any evidence regarding Plaintiff's age discrimination allegations against Fleet simply do nothing to prove or disprove his allegations against Experian. Accordingly, any evidence of, or reference to, Plaintiff's discrimination dispute with Fleet Bank cannot, and should not, be admissible.

## II.

### EVIDENCE OF PLAINTIFF'S DISCRIMINATION DISPUTE WITH FLEET BANK IS INADMISSIBLE BECAUSE ANY PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE

Even if Mr. Brown could somehow demonstrate that evidence of his discrimination dispute with Fleet Bank is somehow relevant to his claims against Experian (which he cannot, see supra Point I), this Court should nonetheless exclude such evidence because any probative value it might have is substantially outweighed by the danger of unfair prejudice. See Annis v. County of Westchester, 136 F.3d 239, 247 (2d Cir. 1998) (probative value of proposed evidence substantially outweighed by danger of unfair prejudice because it was improperly suggestive and could not be avoided by the mere administration of a limiting instruction to the jury because "[a]t that point . . . the well had been poisoned and, despite the court's best efforts, there was no way to decontaminate it."); Berkovich v. Hicks, 922 F.2d 1018, 1024 (2d Cir. 1991) (evidence of arresting officer discarding his log book as proof of false arrest was properly excluded because its probative value was substantially outweighed by the danger of prejudice to defendant); Schwabe, Inc. v. United Shoe Mach. Corp., 297 F.2d 906, 912 (2d Cir. 1962) ("[I]t is the jury system itself that requires the common law judge, in his efforts to prevent the jury from being satisfied by matters of slight value, capable of being exaggerated by prejudice and hasty reasoning to exclude matter which does not rise to a clearly sufficient degree of value; something more than a minimum of probative value is required." (quotation omitted)).

Discrimination is a "hot button" issue that evokes strong public sentiment. Thus, to prevent a jury from becoming unduly prejudiced, evidence of alleged discrimination by Fleet Bank against Plaintiff must be excluded from this case. The admission of such evidence risks invoking the passions of the jury and infecting the trial with extraneous and inflammatory issues. While this may be precisely Plaintiff's intent, such strategy should not be permitted by this Court.

Admission of such evidence would severely prejudice Experian and, in addition, would mislead and confuse the issues before the jury by shifting the focus away from Mr. Brown's claims in this case.

## **CONCLUSION**

For the foregoing reasons, Experian respectfully requests that the Court preclude the introduction of any evidence of or reference to Plaintiff's discrimination dispute with Fleet Bank.

Dated: New York, New York
        December 22, 2003

Respectfully submitted,

JONES DAY

By: _____
    George Kostolampros
    222 E. 41st Street
    New York, New York 10017
    (212) 326-3939

    Attorneys for Defendant Experian
    Information Solutions, Inc.

6