## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
)
**LEWIS C. BROWN**                              )
)
**Plaintiff**                )
**vs.**                                         )        **Case No. 3:01CV1967 (RNC)**
)
**EXPERIAN INFORMATION SOLUTIONS INC.**         )
)
**Defendant**                )
_____        )        **January 3, 2004**

## PLAINTIFF'S MEMORANDUM re:

## PLAINTIFF'S OBJECTION TO J.T.M.R. MOTIONS IN LIMINE

**I.      RE: MOTION TO EXCLUDE ALL EVIDENCE OR REFERENCE RELATING TO "AGE DISCRIMINATION" (J.T.M.R. # C.1)**

Experian asks that the court preclude Lewis from introducing his correspondence sent to (and from) the Comptroller of the Currency, Federal Trade Commission and Fleet Bank Experian argues that the foregoing correspondence is inadmissible because the correspondence references "age discrimination claims … not related" to the present action.  In the alternative, Experian asserts that the foregoing correspondence risks substantial "unfair prejudice."

Experian's claims are without merit.

1

**A.    Reasonable Jurors Could (And Likely Will) Find That The Experian's**

**F.C.R.A. Violations Proximately Caused Lewis To Speculate About Possible**

**Age Discrimination**

Experian cannot contest that:

1)  Fleet Bank told Lewis it was reducing his line of credit based, in whole or in part, upon serious derogatory credit and public record information obtained from Experian.[1]

2)  The serious derogatory credit and public record information appearing in Lewis' credit file is properly attributed one or more other persons.[2]

3)  Time and again, Lewis asked to review his Experian credit report … to no success.[3]

4)  Time and again, Experian told Lewis that its failure to furnish his credit report information was due to an professed inability to locate his credit information, or because Lewis did not have a credit history.[4]

Lewis subsequently wrote to the Comptroller of the Currency, Federal Trade Commission and Fleet Bank, bemoaning his inability to review the aforementioned derogatory Experian report and expressing fear that Experian might still be defaming him.[5]

Lewis also speculated that Fleet's reference to a derogatory credit report might have been a fictitious subterfuge for age discrimination (after all, his credit history was properly impeccable

---

[1] (Adopted) 9/12/03 Memorandum of Decision (Chatigny J.), Statement of Undisputed Fact
[2] (Adopted) 9/12/03 Memorandum of Decision (Chatigny J.), Statement of Undisputed Fact
[3] (Adopted) 9/12/03 Memorandum of Decision (Chatigny J.), Statement of Undisputed Fact
[4] (Adopted) 9/12/03 Memorandum of Decision (Chatigny J.), Statement of Undisputed Fact
[5] See: Plaintiff's 11/08/02 Memorandum in Opposition to Summary Judgment, Exhibit ZZ

2

and Experian disclaimed the report's existence).[6]  Lewis had no way of knowing which entity

was telling the truth.  This much, however, was certain: but for Experian's derogatory report and

its subsequent failure to furnish that report, speculation about possible age discrimination would

not have been entertained (Experian's F.C.R.A. violations proximately caused his speculation).

Reasonable jurors could (and likely will) so hold.[7]

      Experian asks that the court preclude the jury from deciding proximate cause.

      The 7th Amendment reserves to the jury all reasonably contested findings of fact.[8]

      On this basis (proximate cause), Experian's motion cannot sustain.


### B.  Experian Cannot be "Unduly Prejudiced" by a Mythical Claim Not Evidenced

      Experian's alternate basis (undue prejudice) barely merits a response.

      Experian's argument (that the jury might punish Experian for Fleet's age discrimination)

is indefensible.  No reasonable juror could opine that Fleet engaged in age discrimination.

Experian offers no such evidence and Lewis makes no such claim.  There is no sin to vindicate.

      In truth, Experian seeks to preclude competent and compelling evidence of the mental

anguish Experian proximately caused. (supra. and infra.)

---

[6] See: Plaintiff's 11/08/02 Memorandum in Opposition to Summary Judgment, Exhibit ZZ

[7] See: Plaintiff's 11/08/02 Memorandum in Opposition to Summary Judgment, Pg. 17-22

[8] *Kiemele v. Soo Line Railroad Co*., 93 F.3d 472 (8th Cir. 1996) ("Issues of negligence, proximate cause and contributory negligence are generally questions of the trier of fact … These issues only become questions of law when only one conclusion could be drawn from the record in the case."); also: *Houston v. Clark County Sheriff Deputy John Does 1-5*, 174 F.3d 809 (6th Cir. 1999) (courts may not "usurp exclusive functions of the trier of fact" by improperly assigning weight to some evidence while discounting the relevance of other evidence; instead, the court must view any and all reasonable inferences in favor of the opposing party)

On this basis (undue prejudice), Experian's motion cannot sustain.

## II.    RE: MOTION TO EXCLUDE DOCUMENTS OR TESTIMONY SPEAKING TO THE PLAINTIFF'S "LOST TIME" (J.T.M.R. # C.2)

Experian asks that the court preclude Lewis from evidencing any document or testifying to the duration of his efforts to clear his name.  Experian argues such evidence is inadmissible, insofar as the "value of his lost time" cannot be recovered.

Experian's argument is devoid not only of merit; it is devoid of basis.

Lewis does not seek to recover the "value of his lost time."  Lewis has expressly rejected any such claim.  Experian's motion is predicated on a known fiction.

In truth, Experian seeks to preclude the Lewis from competently evidencing **the duration and extent of his mental anguish** (which **is** recoverable as actual damages).[9]

It is axiomatic that, when weighing an appropriate award of compensatory damages, a juror may consider not only the intensity of the mental anguish experienced but also its duration.[10]  Anguish prolonged might reasonably necessitate a more substantial compensatory award than anguish that is fleeting.

In similar fashion, duration might be reasonably deemed probative of its intensity (prolonged anguish might reasonably suggest a more intense trauma).

---

[9] *Casella v. Equifax Credit Info. Serv.,* 56 F.3d 469 (2d 1995) ("… the District Court properly recognized that 'actual damages' may include humiliation and mental distress even in the absence of out-of-pocket expenses.")

[10] *Raven Corp. v. Baldwin Stewart Electric Co.,* 1 Conn. L. Rptr. 408 (1990) citing: RESTATEMENT (SECOND) OF TORTS, § 46. Comment J ("The intensity and duration of the

The extraordinary time and effort Lewis expended, frantic to review his credit report (hundreds of hours documented over a period of years), is compelling evidence of the duration and intensity of the mental anguish Experian's misconduct proximately caused (supra).[11]

To the extent Experian asks the court to preclude compensation not requested or allowable – Lewis offers no objection.   To the extent Experian asks the court to preclude probative evidence of the intensity or duration of actionable mental anguish, Lewis objects – vehemently.[12]

Experian's motion (to preclude evidence of efforts) cannot sustain.

### III.    RE:  MOTION TO PRECLUDE ALL EVIDENCE OF MENTAL DISTRESS PROXIMATELY CAUSED (AND REVERSE RULINGS ON SUMMARY JUDGMENT) (J.T.M.R. # C.3)

Experian asks his honor to reverse himself on summary judgment.

More specifically, Experian:

1) Repeats its (rejected) prayer for judgment as a matter of law on damages for mental anguish.[13]

2) Repeats its (rejected) prayer for judgment as a matter of law on whether a person can,

---

distress are factors to be considered in determining its severity.")
[11] See: Plaintiff's 11/08/02 Memorandum in Opposition to Summary Judgment, Exhibit ZZ
[12] See: F.R.E. § 401 ("'Relevant evidence' means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." also: F.R.E. § 402 ("All relevant evidence is admissible, except as otherwise provided …")
[13] (Adopted) 9/12/03 Memorandum of Decision (Chatigny J.): Pg. 10-11; also: Defendant's

by his own testimony, establish actionable mental anguish.[14]

3)  In essence argues (for the first time) that a blind person is legally incompetent to testify to another person's mental anguish.[15]

Experian's first two arguments are improper and each is devoid of merit.


**A.    His Honor Should Not Entertain Argument Previously Considered and Rejected on Summary Judgment**

On September 12, 2003, his honor denied Experian's motion for summary judgment.[16]  In his honor's decision, he specifically held that Lewis offered sufficient evidence of actionable mental anguish.[17]  Experian now repeats its (rejected) argument and (same) citation previously considered.[18]  Experian asks that the court preclude the plaintiff from introducing any evidence of mental anguish.

Lewis competently briefed this issue in his Memorandum in Opposition to Experian's Motion for Summary Judgment (Section III, Subpart C).[19]  It is incorporated by reference.

Presently, Experian's lone citation is *Cousin v. Trans Union Corp*., 246 F.3d 359, 370-71 (5th Cir. 2001)

Lewis takes issue with Experian's citation of *Cousin* as (persuasive) authority that

---

09/16/02 Memorandum in Support of Summary Judgment, Pg. 14-16
[14]  (Adopted) 9/12/03 Memorandum of Decision (Chatigny J.): Pg. 11; also: Defendant's 09/16/02 Memorandum in Support of Summary Judgment, Pg. 15
[15]  Or, in the alternative: that a blind person's observations are "necessarily" hearsay.
[16]  (Adopted) 9/12/03 Memorandum of Decision (Chatigny J.)
[17]  (Adopted) 9/12/03 Memorandum of Decision (Chatigny J.): Pg. 11
[18]  See: Defendant's 09/16/02 Memorandum in Support of Summary Judgment, Pg. 15

actionable mental distress cannot be evidenced by testimony alone.  Experian misstates the decision (previously reviewed and considered).[20]

The *Cousin* court held: "… an award for mental distress must be supported by evidence of genuine injury, such as the injured party's conduct and the observations of others."  In *Cousin*, the court opined that the plaintiff failed to sustain his burden; nothing more, nothing less.

The *Cousin* court would find no fault in Lewis' claim.  Lewis (unlike the *Cousin* plaintiff) relies not only upon his own testimony, but also upon documents "evidencing conduct" induced by duress (supra) and the "observations of others" (infra).[21]

The defendant's citation harms its defense.

Summary judgment on these issues once refused, the question of whether Lewis will offer sufficient evidence of actionable mental anguish is for the jury to decide (and the court to review, ex post facto).[22]

This motion (previously rejected) cannot sustain.

## B.    His Honor Should Not Preclude Competent Observations of Mental Anguish

Experian seeks to exclude all third-party testimony substantiating Lewis' mental anguish

---

[19] See: Plaintiff's 11/08/02 Memorandum in Opposition to Summary Judgment, Pg. 15-22
[20] See: Defendant's 09/16/02 Memorandum in Support of Summary Judgment, Pg. 15
[21] See: Plaintiff's 11/08/02 Memorandum in Opposition to Summary Judgment, Pg. 17-20
[22] See: *Turtle v. Equifax Check Services Inc.,* 11 F.Supp. 225 (1998) (court refused to consider a motion entitled "First Motion in Limine," after determining that the aforesaid motion was [in fact] a [de facto] motion for partial summary judgment speaking to an issue previously decided in its preceding summary judgment decision; " … in light of existing decisions in the District to which we give deference, we merely find that there are issues of fact precluding the granting of what amounts to a summary judgment motion at this time.")

(i.e. the "observations of others" referenced in *Cousin*).

Experian argues that Lewis' social confidant (Mary Woerhle) is incompetent to testify to his mental suffering first, because anguish cannot be "observed" over a telephone, and second, because a telephone conversation is "necessarily" inadmissible hearsay.[23]

Mary testimony is clearly admissible.[24]

As a preliminary matter, Mary's testimony would not likely be deemed hearsay. F.R.E. § 801(d)(1)(b) (Statements Which Are Not Hearsay) provides that a statement (by Lewis, recounted by Mary) is not hearsay if:

a) The declarant (Lewis C. Brown) testifies at trial (he will),

b) Is subject to cross-examination (he will),

c) Is consistent with the declarant's (Lewis') testimony (it will be)[25], and

d) Is offered to rebut an express or implied charge that against the declarant (Lewis) of recent fabrication (Experian's contesting Lewis' charge that it proximately caused his mental anguish).

---

[23] (Taken to its logical conclusion) Experian argues that a blind person is legally incompetent to substantiate another person's mental anguish. (Taken to its logical conclusion) Experian argues that emotion cannot be audibly perceived over radio or evidenced by impassioned dialogue (equating the *Iowa Hog Report* as the literary equal of a *Prairie Home Companion*). (Taken to its logical conclusion) it argues that a voice in pain is indistinguishable from the tones and pitch of joy; *note also*: the defendant has not deposed Mary. Its attempt to articulate the breadth of her anticipated testimony is mere speculation. Her observations include, but are not necessarily limited to, those recited in her affidavit.

[24] See: F.R.E. § 401 ("'Relevant evidence' means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." also: F.R.E. § 402 ("All relevant evidence is admissible, except as otherwise provided …")

[25] See: Plaintiff's 11/08/02 Memorandum in Opposition to Summary Judgment, Exhibit LL

Even were her testimony deemed hearsay, it would still come into evidence as a hearsay exception.  F.R.E. § 803(3) (Then Existing Mental, Emotional, or Physical Condition) provides that a statement (by Lewis, recounted by Mary of the declarant (Lewis) is not excluded as hearsay if the statement relates to the declarant's (Lewis'):

    a)  Then-existing state of mind (his mental anguish), or

    b)  Emotion (ditto).[26]

 Mary has extensive first-hand knowledge of Lewis' mental anguish.[27]  Mary was (and remains) his principal source of solace and comfort.  Her testimony is the quintessential "observations of others" alluded to in *Cousin* and the hallmark of F.R.E. § 803(3).

Experian's motion (to exclude) cannot sustain.


## IV. CONCLUSION

Reduced to its essence, Experian's asks that this court:

    1)        Prevent Lewis from testifying about his mental anguish

    2)        Prevent Mary from substantiating Lewis' testimony about his mental anguish, and

    3)        Prevent Lewis from introducing any document (or other form of probative evidence) evidencing the duration or intensity of his mental anguish

Amazing.

---

[26] At least some (but, perhaps, not all) of Mary's testimony might also come in under F.R.E. § 803(1) (Present Sense Impression).

[27] See: Plaintiff's 11/08/02 Memorandum in Opposition to Summary Judgment, Exhibit LL

Experian then asks that his honor:

1) Usurp the Constitution and deny Lewis his guarantee of trial by jury (deciding reasonably contested questions of fact)

2) Accept as conclusive findings of fact reasonable persons could (and likely will) reject.

3) Reverse his considered decisions on summary judgment.

Experian's frivolous motion practice is unworthy of a judicial tax.

Experian cannot sustain.


Respectfully Submitted,


_____

ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC //* Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 739-0295

# Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-3365 / Fax. (860) 739-0295

COMMERCIAL LITIGATION & PLANNING

Jones, Day, Reavis & Pogue
Attn: George Kostolampros
222 East 41st Street
New York, NY 10017-6702        1/3/04

# Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-3365 / Fax. (860) 739-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Clerk of Court
450 Main Street
Hartford CT 06103        1/5/04

                    (In Hand)

---

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

1/5/04

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 739-0295

---

# Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-3365 / Fax. (860) 739-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Chambers (Chatigny J.)
450 Main Street
Hartford CT 06103        1/5/04        (In Hand)