# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

LEWIS C. BROWN                                    )

                       **Plaintiff**     )

vs.                                                          ) Case No. 3:01CV1967(RNC)

EXPERIAN INFORMATION SOLUTIONS INC.   )

                    **Defendant**     )

                                  ) **February 4, 2004**

## OBJECTION to MOTION TO DELAY JURY SELECTION & TRIAL

In the Magna Carta it is written that justice delayed is justice denied.

> *Strachan v. Colon*, 941 F.2d 128, (2d Cir. 1991) ("When justice is not
> forthcoming, when it is deferred too long, the result may be extreme injustice. For
> that reason the 40th clause of Magna Carta provided that justice be to none denied
> or delayed. 1 W.S. Holdsworth, A History of English Law, 57-58 (3rd ed. 1922).
> This ancient tenet of the law has been capsulized in the expression 'justice
> delayed is justice denied.'")

How ever more so poignient than in present instance?

Mr. Brown is **74-years-old**. His principal witness is **84**. Cavalier optimism for the
plaintiff's health risks an *irreparable* miscarriage of justice

## ORAL ARGUMENT REQUESTED

In truth, the defendant's best chance for success is … to run out the clock.  What difference a day makes … is a question justice can ill afford to answer.

The prejudice threatened demands an immediate trial.

The plaintiff further responds as follows:

I.      Re:  Deposition Scheduled on the Same Date as Jury Selection

A 74-year-old plaintiff's interest in securing his day in court outweighs Jones Day's *preference* that its (freely-elected) trail counsel attend a deposition.

If *visiting* counsel (McLoon) is unable to conform his schedule to *his honor's* timetable, it is then incumbent upon *local* counsel to select a jury in his stead (consistent with their obligations to this court and their client in filing an appearance).

      Consider:      Local Rule of Civil Procedure 83.1(d) ("… the sponsoring attorney *may apply* to be excused from attendance in court." [italics mine] No such application has been made.

                       The rule further makes clear that the sponsoring attorney is not relieved of any obligation incumbent upon an appearing attorney

(be he excused from attendance or otherwise).  Local counsel must
stand prepared to perform its obligations to this court and its client.

Local counsel (Cranmore, Fitzgerald & Meaney) boasts 10 Hartford attorneys (situated
less than one mile from the Federal Courthouse); two have active individual appearances
(Mssrs. Meaney and DeFilippis).  The defendant has made no demonstration that its local
counsel are unavailable or otherwise incompetent to participate in what is (in his honor's
court) a relatively simple affair -- announce the participants and exercise four peremptory
challenges.

If the defendant would *prefer* that its visiting attorney participate, Mr. McLoon has a
decision to make – *and a client to answer to*.  It is not the plaintiff's burden.

II.     Re:  Court Conferences on Feb 9 (Prior to Jury Selection)

A routine 26f "scheduling conference" (on a date prior) similarly bespeaks inadequate
"good cause" to risk irreparable harm to the plaintiff or otherwise stall a matter ready for
trial.  On present circumstance, delay is akin to Russian roulette.

III.    Re:  Failure to Timely Prepare a Defense & New Associate on Vacation

*Trial* counsel's failure to timely prepare his client's case is not the plaintiff's cross to bear
… and it is *certainly* not "good cause" to impede the speedy determination of an action or

risk manifest injustice. This matter was briefed extensively at summary judgment, discovery closed in August 2002, most of the facts are not disputed, and trial counsel (by his own admission) has more than 100 attorneys under his direct management (any of whom could competently second chair). Ours is a one-day trial.

IV.    Re: April Expectations and Difficulties Securing Trial Testimony

Whether counsel "anticipated" an April trial is not his honor's concern. The Supreme Court has made plain that the district court will administer its docket in such manner as will best promote the speedy determination of every action. Of this, the defendant was clearly on notice.

> See:    Fed.R.Civ.P. 1

Experian [in fact] anticipated a *February* trial.

Consider:    1) At the November settlement conference, the undersigned asked Judge Martinez (in the defendant's presence) for an expedited trial assignment on account of the plaintiff's age. On December 1, Judge Martinez assigned this matter to January's trial ready list. When plaintiff thereafter attempted to secure a January trial date and conference (over the defendant's objection), the defendant wrote a letter addressed *to his honor's attention,* expressing in pertinent part:

**Dear Judge Chatigny:** We represent defendant Experian …

**Experian requests that the case be placed on the February 2004 trial schedule as it was the understanding of the parties that trial would not be set until February 2004** … **We request** a pretrial conference in late January or early February 2004 and a date certain for **a trial in February** … Plaintiff can show no prejudice as **it is my understanding from the Court's clerk that trial would not be scheduled until February 2004** as the Court has two trials scheduled for January 2004.  [bold face mine]


-- George Kostolampros (Jones Day) **12/29/03** (Exhibit A)


*By its own pen,* the defendant's argument (that it long planned its affairs anticipating an April trial) … is expressly discredited.


Note:        Plaintiff's noticing his 84-year old witnesses' deposition was an act of prudent caution; nothing more … nothing less.  The deposition notice issued prior to February's jury selection calendar.  Mary planned to return to Michigan on February 3.  Mary (now held over in Connecticut) is available to testify in February.  Mary will not be available in April (she will be in Michigan).

The defendant proposes that the plaintiff preserve Mary's testimony by videotape.

A videotaped deposition is (admittedly) preferable to a written transcript, but it is certainly no equal to live testimony.

This court must be mindful that the *plaintiff* has the burden of proof.

The defendant, on the other hand, is *more than* welcome to secure *its* expert's testimony on videotape (in lieu of trial testimony) if his *possible* absence is a cause of genuine concern (to this, the defendant voices no objection, provided that the plaintiff pay for the video record). To date, the defendant is still uncertain when (or if) its expert will depart for (or return from) England.

V.    Re: Prejudice to Plaintiff's Counsel

Unlike the lawyers at Jones Day, plaintiff's counsel works on a contingency. He has yet to be compensated. Jones Day asks that he postpone his fee award (and its time value) for an additional two months on account of Jones Day's failure to timely prepare. This too is unfair. Plaintiff's counsel has ordered his affairs in anticipation of a February trial.

CONCLUSION

The court must not allow its natural inclination to indulge a courtesy to risk an irreparable miscarriage of justice or diminish the plaintiff's ability to sustain his burden at trial.

This plaintiff and his principal witness are *elderly*.

No condolence can undo the grave harms threatened by delay. The harms threatened are substantial, irreparable … and real. The defendant's justifications are scattershot, transparent … and insincere.

If the plaintiff fails to secure his day of redress on account of dilatory tactic … if the defendant runs out the clock on an elderly plaintiff … the public's confidence in our system of justice is rightfully diminished.

The defendant's failure to prepare is not the plaintiff's burden.

The defendant's failure to plan is not the plaintiff's burden.

The defendant's preference for distant counsel is not the plaintiff's cross.

This case is ready for trial. This court is ready for trial. The parties are ordered present.

Justice will suffer no further delay.



ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC* // Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 739-0295

EXHIBIT A

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

(212) 326-8375
gkostolampros@jonesday.com

003194
026123-059278                    December 29, 2003

**VIA FEDERAL EXPRESS**

The Honorable Robert N. Chatigny
Chief United States District Court Judge
U. S. District Court
District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Re:    *Brown v. Experian Information Solutions, Inc.,* 3:01cv1967

Dear Judge Chatigny:

We represent defendant Experian Information Solutions, Inc. in the above-referenced matter. Pursuant to our conversations today with the Court's clerk, please find enclosed Experian's motion for a continuance of the trial date and final pretrial conference in the above-referenced matter. Experian requests that the case be placed on the February 2004 trial schedule as it was the understanding of the parties that trial would not be set until February 2004. It is my understanding that the Court would like to schedule a final pre-trial conference on January 5, 2004. Due to scheduling conflicts, and the late request during the holidays, counsel for Experian who will be trying this case, Daniel J. McLoon is unavailable as he is scheduled for pre-operative medical treatment on that date. We request a pretrial conference in late January or early February 2004 and a date certain for trial in February as witnesses and attorneys will be traveling from Texas and California. Plaintiff can show no prejudice as it is my understanding from the Court's clerk that trial would not be scheduled until February 2004 as the Court has two trials scheduled for January 2004.

Additionally, we write to enclose a courtesy copy of the parties Joint Trial Memorandum. Please be advised that the parties agreed that any opposition to motions in limine would be filed after the Joint Trial Memorandum was filed. Plaintiff's attorney had informed counsel for Experian that plaintiff would be filing a motion in limine, but in fact did not. Plaintiff states in his objections that he did not receive Experian's motions in limine until December 23, 2003. Experian, however, informed Plaintiff's attorney on December 15, 2003 of the substance of its

**JONES DAY**

The Honorable Robert N. Chatigny
December 29, 2003
Page 2

motions in limine and agreed at that time that because of time constraints each party would not object to the filing of oppositions after the filing of the Joint Trial Memorandum.

Respectfully,

George Kostolampros

cc:     Zenas Zelotes, Counsel for Plaintiff (via federal express)

## *Zenas Zelotes* LLC

Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Jones, Day, Reavis & Pogue
Attn: Arun Chandra
222 East 41st Street
New York NY 10017          2/4/04

## *Zenas Zelotes* LLC

Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

2/4/04



ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 739-0295

## *Zenas Zelotes* LLC

Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING