IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEWIS C. BROWN )<br><br>                    Plaintiff )<br>vs. )       Case No. 3:01CV1967 (RNC)<br>EXPERIAN INFORMATION SOLUTIONS INC. )<br>                    Defendant )<br>                                                      )       March 4, 2004 | |

MEMORANDUM IN SUPPORT OF

MOTION TO QUASH DEPOSITION NOTICE (Protective Order)

The plaintiff asks that the court quash the defendant's deposition notice (re: Mary Woehrle).

I.  BRIEF HISTORY OF THE CASE

Discovery commenced in December 2001. Discovery closed August 2003. Experian had ample opportunity to depose Mary (18 months) ... but chose not to.

This action was set for trial in February.

The defendant has since secured a continuance.

Trial is set for April 13.

The plaintiff has secured leave of court to preserve Mary's testimony. Mary, available for

1

a February trial, was believed unavailable in April (she resides in Michigan). Mary (presently in Michigan) has since indicated that she will return to Connecticut in early-March so as to make herself available at trial. The plaintiff no longer seeks (or needs) to preserve her testimony.

The plaintiff plans to make an offer of proof at trial (a motion to exclude Mary's testimony is pending).

The defendant, presently regretting its having failed to depose Mary, seeks to benefit from its delay of trial. The defendant now attempts to vicariously exercise a conditional leave granted the plaintiff – and depose Mary.

ANALYSIS

The relief requested sends the wrong message ... and sets poor precedent. A party's failure to adequately plan or prepare its case (presently at issue) bespeaks no good cause to extend a discovery deadline to eve of trial (much less a continued trial). Affording a defendant *substantive advantage* on account of its own delay, aside from unfair, sends the wrong message to litigants – encouraging similar dilatory tactic (at the expense of judicial economy).

The court should reserve its ruling (upon admissibility) until our offer of proof, that his honor may consider not only what is said but how (non-verbal communication). The defendant can voice no resulting prejudice not of its own doing (plaintiffs counsel, conversely, avoids a tax of his contingent time). Refusing leave preserves the February status quo – nothing more, nothing less. It is the equitable outcome.

2

Respectfully Submitted,

LEWIS C. BROWN

―――――――――――――――――――
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC* // Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed. Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 739-0295

**Zenas Zelotes LLC**
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Jones, Day, Reavis & Pogue
Attn: Arun Chandra
222 East 41st Street
New York NY 10017          2/4/04

**Zenas Zelotes LLC**
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

### CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

2/4/04

*[signature]*

ZENAS ZELOTES, ESQ.
Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed. Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 739-0295

**Zenas Zelotes LLC**
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING