**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **LEWIS C. BROWN** ) | |
| ) | |
| **Plaintiff** ) | |
| vs. ) | **Case No. 3:01CV1967 (RNC)** |
| ) | |
| **EXPERIAN INFORMATION SOLUTIONS INC.** ) | |
| ) | |
| **Defendant** ) | |
| ) | **March 12, 2004** |

**MEMORANDUM IN SUPPORT OF**

**MOTION TO QUASH DEPOSITION NOTICE (Protective Order)**

The plaintiff asks that the court quash the defendant's deposition notice (re: Mary Woehrle).

I.   BRIEF HISTORY OF THE CASE

Discovery commenced in December 2001.  Discovery closed August 2003.  Experian had ample opportunity to depose Mary (18 months) … but chose not to.

This action was set for trial in February.

The defendant has since secured a continuance.

Trial is set for April 13.

Mary (available for a February trial) was believed unavailable in April.  The plaintiff

1

secured leave of court to preserve her testimony. Mary (presently in Michigan) now informs counsel that she will make herself available at trial. Her testimony need not be preserved.

The defendant seeks to exclude her testimony (a motion to exclude Mary's testimony is pending).[1]

The plaintiff will make an offer of proof at trial.

The defendant (regretting its neglect in failing to depose her) seeks to benefit from its delay of trial. It attempts to exercise a conditional leave granted *the plaintiff* (depose Mary).

ANALYSIS

The defendant's failure to prepare its case (presently at issue) bespeaks no good cause. The defendant seeks *substantive advantage* on account of *its own delay*. Aside form unfair, entertaining 13th-hour discovery sends the wrong message to outside litigants – it rewards (and thereby encourages) similar dilatory tactic (at the expense of judicial economy). Arguing that Mary's testimony would be "useful" in deciding its pending motion is mere transparent subterfuge for substantive gain. Provided only that Mary's observations transcend staccato conclusive comment, his honor voiced an inclination to allow her testimony.

The court should reserve its ruling (upon admissibility) upon our offer of proof. The defendant voices no prejudice *not* of its own doing (plaintiffs counsel, conversely, avoids a tax upon his contingent time). Refusing leave best focuses our attentions toward promoting trial economy and, more importantly, *preserves the February status quo*. It is the equitable outcome.

---

[1] Of Mary, the defendant fears no undue prejudice – it merely seeks to complicate the judicial task on appeal (that it

*Consider*:     *Reliance Ins. Co. v. Louisiana Land and Exploration Co. et al.* 110 F.3d 253 (5th 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.")

*Turnage v. General Electric Co.,* 953 F.2d 206, 208-09 (5th Cir. 1992) (finding no abuse of discretion and upholding the denial of a discovery motion because requesting party had failed to make the request until trial was imminent)

*Worm v. American Cyanamid Co.*, 5 F.3d 744, 749 (4th Cir. 1993) (finding no abuse of discretion and upholding the denial of a motion for additional discovery because there had been adequate time for discovery and the requesting party had not made a timely request)

*Bennignton v. Caterpiller Inc*. 275 F.3d 654 (7th Cir. 2001) (court refused to reopen discovery beyond the first extension; no abuse of discretion; counsel concedes he "probably was not as diligent as [he] should have been in pursuing discovery....")

*Gallas v. Supreme Court of Pennsylvania* 211 F. 3d 760 (3rd Cir. 2000) (No abuse of discretion in refusing discovery extension; "The record indicates that Gallas

---

might better attack the legal sufficiency of our damages award).

3

had sufficient time to conduct discovery during the 25 months between the filing of his complaint and the entry of summary judgment….")

Respectfully Submitted,

LEWIS C. BROWN

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC //* Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 739-0295

4

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Jones, Day, Reavis & Pogue
Attn: Arun Chandra
222 East 41st Street
New York NY 10017                     3/12/04

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

3/12/04

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed. Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 439-0295

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING