## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

**LEWIS C. BROWN**  )
  )
                  **Plaintiff**  )
  )   **Case No. 3:01CV1967 (RNC)**
  vs.  )
  )
**EXPERIAN INFORMATION SOLUTIONS INC.**  )
  )
                  **Defendant**  )
_____  )   **March 5, 2004**

## MEMORANDUM IN OPPOSITION TO J.T.M.R. DISCOVERY OBJECTIONS

By leave of court, the plaintiff submits this memorandum opposing the defendant's evidentiary objections (articulated in the Joint Trial Memorandum Report).

RE:  JTMR DOCUMENT # 1

    COMMENTARY:  Letter is NOT "hearsay," per FRE 801; its use at trial is not limited to the truth of the statements therein.

    For example, the document may be introduced for its "effect" on the reader (Lewis):

1

    a. (e.g. *Why he believed* he was being defamed and *how he believed* he was being defamed)

    b. (e.g. *Why* [in part] he speculated about possible age discrimination)

IN THE ALTERNATIVE: FRE 801(d)(1): Could be used to impeach Fleet Bank, were it to testify inconsistently at trial (or if it testified inconsistently at its deposition) (the same may be said of all correspondence from Fleet).

IN THE ALTERNATIVE: FRE 803 Hearsay Exception: Subsection (15): Statement in Documents "affecting" an interest in property (reducing his credit line)

IN THE ALTERNATIVE: FRE 807: Residual Exception

1) Evidence of one or more material facts
2) More probative than most or all other evidence
3) The interests of justice would be best served by its admission
4) Defendant has long known of such evidence and has had a fair opportunity to meet it.

RE: JTMR DOCUMENT # 3

COMMENTARY: The collective correspondence, of which this writing is a part,

manifests credible supporting indicia of the emotional distress Lewis will testify to – credible supporting indicia is often dispositive in sustaining an emotional distress award on appeal). This, as with all of Lewis' correspondence presently offered into evidence, further evidences the reasonableness of his actions (rebuts "failure to mitigate" as an affirmative defense).

Re "Prejudice": What prejudice (much less "undue" prejudice)? If any such prejudice exists, it does not substantially outweigh probative value.

RE:  JTMR DOCUMENT # 5

COMMENTARY: Letter is NOT "hearsay," per FRE 801, insofar as its use at trial is not necessarily limited to establishing the truth of the statements therein.

For example, the document may be introduced for its "effect" on the reader (Lewis):

(e.g. *Why he believed* he was being defamed or lied to)

IN THE ALTERNATIVE: FRE 807: Residual Exception (satisfies each recited element)

RE:  JTMR DOCUMENT # 7

    See: Response to #3

RE:  JTMR DOCUMENT # 9

    COMMENTARY:  Letter is NOT "hearsay," per FRE 801, insofar as its use at trial is not necessarily limited to establishing the truth of the statements therein.

    For example, the document may be introduced for its "effect" on the reader (Lewis):

        c.  (e.g. *Why he believed* he was being defamed)

        d.  (e.g. *Why*, in part, he speculated about possible age discrimination)

    IN THE ALTERNATIVE: FRE 801(d)(1): Could be used to impeach Fleet Bank, were it to testify inconsistently at trial (or if it testified inconsistently at its deposition).

RE:  JTMR DOCUMENT # 10

    See: Response to #3

RE:  JTMR DOCUMENT # 11

COMMENTARY:  Letter is NOT "hearsay," per FRE 801, insofar as its use at trial is not necessarily limited to establishing the truth of the statements therein.

For example, the document may be introduced for its "effect" on the reader (Lewis):

e.  (e.g. *Why he believed* he was being defamed)

f.  (e.g. *Why*, in part, he speculated about possible age discrimination)

Perhaps more importantly, the collective correspondence, of which this writing is a part, manifests credible supporting indicia of the emotional distress Lewis will testify to – credible supporting indicia is often dispositive in sustaining an emotional distress award on appeal).

This, as with all of Lewis' correspondence presently offered into evidence, further evidences the reasonableness of his actions (rebuts "failure to mitigate" as an affirmative defense).

In like fashion, Lewis' correspondence to Experian may be introduced to evidence "notice to Experian" and "lack of mistake."

5

Finally: The correspondence gave rise to a legal duty (to furnish a credit report) – not hearsay.

RE: JTMR DOCUMENT # 12, 14, 16, 17, 20, 23, 26, 28, 30, 31 32

COMNMENTARY: The collective correspondence, of which this writing is a part, manifests credible supporting indicia of the emotional distress Lewis will testify to – credible supporting indicia is often dispositive in sustaining an emotional distress award on appeal). Over a two-year period, emphatic, well-thought references are liberally made (speaking to his inability to obtain his credit report). This, as with all of Lewis' correspondence presently offered into evidence, further evidences the reasonableness of his actions (rebuts "failure to mitigate" as an affirmative defense).

RE: JTMR DOCUMENT # 15

COMMENTARY: FCC instruction explains why Lewis contacted the OCC (effect on reader)

RE: JTMR DOCUMENT # 18

6

Relevant to explaining why Lewis delayed filing suit (OCC opens investigation) and evidencing the reasonableness of his efforts to defend his credit reputation (rebutting failure to mitigate charges).

Re "Prejudice": What prejudice (much less "undue" prejudice)? If any such prejudice exists, it does not substantially outweigh probative value.

RE: JTMR DOCUMENT # 19

COMMENTARY: Letter is NOT "hearsay," per FRE 801, insofar as its use at trial is not limited to establishing the truth of its statements.

For example, the document may be introduced for its "effect" on the reader (Lewis):

(e.g. *Why he believed* he was being defamed or lied to)

IN THE ALTERNATIVE: FRE 803(15): Hearsay Exception: Statements in Documents "affecting" an interest in property (restoring his Fleet credit line)

IN THE ALTERNATIVE: FRE 807: Residual Exception (satisfies each recited element)

7

RE:  JTMR DOCUMENT # 21

    COMMENTARY: Relevance is limited, but unlikely prejudicial (useful to understanding chain of events)

RE:  JTMR DOCUMENT # 24

    See: Response to #19

RE:  JTMR DOCUMENT # 25

    COMMENTARY: Relevance is limited, but unlikely prejudicial (useful to understanding chain of events)

RE:  JTMR DOCUMENT # 27

    COMMENTARY:  Letter is NOT "hearsay," per FRE 801, insofar as its use at trial is not necessarily limited to establishing the truth of the statements therein.

    For example, the document may be introduced for its "effect" on the reader (Lewis):

(e.g. *Why he believed* he was being defamed or lied to)

IN THE ALTERNATIVE:  FRE 807: Residual Exception  (satisfies each recited element)

RE:  JTMR DOCUMENT # 29

COMMENTARY:  Letter is NOT "hearsay," per FRE 801, insofar as its use at trial is not necessarily limited to establishing the truth of the statements therein.

For example, the document may be introduced for its "effect" on the reader (Lewis):

(e.g. *Why he believed* he was being defamed or lied to)

IN THE ALTERNATIVE:  FRE 807: Residual Exception  (satisfies each recited element)

IN THE ALTERNATIVE: FRE 803(8): Investigation Report from a Public Agency

Re "Prejudice": What prejudice (much less "undue" prejudice)? If any such prejudice exists, it does not substantially outweigh probative value.

RE: JTMR DOCUMENT # 33

Commentary: Explains timing of lawsuit (Effect on the reader)

RE: JTMR DOCUMENT # 34

Public document demonstrating that the five social security numbers on the plaintiff's report hail from four different states. Evidences unreasonable procedures (constructive notice of mixed file).

RE: JTMR DOCUMENT # 36

Authentication: Two Approaches

1) Plaintiff can authenticate: Plaintiff can testify that he requested his TU report, that he received this document in the mail, that he has not altered it -- it is what it is.

2) If the document is introduced for its effect on the reader (Lewis, then authentication is irrelevant -- whether it is an "actual" TU report doesn't matter (all that matters is that it was a document he BELIEVED to be his TU report): Lewis will testify that it was a document he received in the mail, a document he BELIEVED to be his TU report, a document that he BELIEVED it to be accurate, and is introduced for its effect on the reader (tending to heighten his concern Experian was defaming him)

RE: JTMR DOCUMENT # 37

See: response to # 36

RE: JTMR DOCUMENT # 38

COMMENTARY: Competent supporting evidence of the extensive, long-term mental anguish the defendant's acts caused and the time he spent trying to secure his report (which is itself evidence of the anguish).

It is also useful in refreshing the plaintiff's recollection of past events and will facilitate the development of his testimony at trial.

Re "Speculative": About what? Not being introduced to prove anything other than the

11

plaintiff's then-existing state of mind and acts.

Respectfully Submitted,

LEWIS C. BROWN

_____

ZENAS ZELOTES, ESQ.

*Zenas Zelotes LLC //* Shaw's Cove 5, Suite 202 // New London CT 06320

Conn. Juris No. 419408 // Fed, Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 439-0295

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Jones, Day, Reavis & Pogue
Attn: Arun Chandra
222 East 41st Street
New York NY 10017          3/12/04

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

3/12/04

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 439-0295

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING