UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lewis C. Brown | ) ) ) | 301cv1967(RNC) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Experian Information Solutions, Inc. | ) ) | |
| Defendant. | ) ) ) | March 15, 2004 |

**EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION
TO QUASH DEPOSITION NOTICE**

Defendant Experian Information Solutions, Inc. ("Experian") writes in opposition to Plaintiff's "Motion to Quash Deposition Notice (Protective Order)."

By way of background, Experian filed a motion to compel deposition testimony of Mary M. Woehrle ("Ms. Woehrle") on March 15, 2004. Because Experian's reasons for requesting Ms. Woehrle's deposition is fully discussed therein, Experian takes this opportunity to only address the issues raised by Plaintiff in its motion.

**ARGUMENT**

Experian has filed a motion in limine to restrict evidence of Plaintiff's alleged emotional distress via hearsay testimony by Ms. Woehrle. At our pretrial conference, the Court had indicated that it would be helpful for the Court to review Ms. Woehrle's deposition to assist in resolving Experian's motion in limine. After initially agreeing to allow Ms. Woehrle's deposition, Plaintiff now opposes it. Plaintiff argues that because Ms. Woehrle is now available for trial, there is no need to take her deposition. Instead, Plaintiff suggests that its counsel be

allowed to make an offer of proof at trial for determining admissibility of Ms. Woehrle's testimony. Unfortunately, Plaintiff's counsel's offer of proof is not the same as Ms. Woehrle's deposition testimony. Plaintiff's counsel's offer of proof is likely to be self-serving, while Ms. Woehrle's deposition testimony will be unadulterated and would provide a clearer insight into her purported trial testimony. Clearly, a review of Ms. Woehrle's deposition would better facilitate the Court in ruling on Experian's motion in limine.

Plaintiff's counsel also argues against allowing Ms. Woehrle's deposition to "avoid[] a tax upon his contingent time." See Plaintiff's Memorandum in Support of Motion to Quash Deposition Notice (Protective Order), p. 2. There is no need for Plaintiff's counsel to "tax ... his contingent time." Because Ms. Woehrle is a third-party, Plaintiff's counsel need not attend her deposition. In fact, Experian has agreed to conduct Ms. Woehrle's video deposition at its own expense and there is really no necessity for Plaintiff's counsel to be present at the deposition.

Plaintiff's counsel argues that the Court has discretion to deny Experian's request for Ms. Woehrle's deposition. Experian does not disagree. However, the Court also has discretion to allow Ms. Woehrle's deposition. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir. 1998) ("It is within the district court's discretion to extend discovery."); see also Freilich v. New York City Health & Hospitals Corp., No. 93 Civ. 3256 (LMM), 93 Civ. 6818 (LMM), 1994 WL 445696, *1 (S.D.N.Y. Aug 17, 1994); N. Feldman & Son, Ltd. v. Checker Motors Corp., 572 F.Supp. 310, 313 (S.D.N.Y. 1983). In this case, where the Court has expressed its preference to review Ms. Woehrle's deposition to assist in resolving Experian's motion in limine, where Experian is willing to pay for the video deposition, and where Plaintiff's counsel suffers no prejudice if Experian is allowed to conduct this deposition, the Court should exercise its discretion to allow Ms. Woehrle's deposition.

For the foregoing reasons, Experian requests that the Court deny Plaintiff's motion.

Respectfully submitted,

*(signature)*

Arun Chandra – ct 25587
Daniel J. McLoon
JONES DAY
222 East 41st Street
New York, NY  10017
Telephone:  (212) 326-3939
Facsimile:   (212) 755-7306

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I, Arun Chandra, certify that on March 15, 2004, a true and correct copy of Experian's Opposition to Plaintiff's Motion to Quash Deposition Notice was sent to:

### VIA FACSIMILE AND FIRST CLASS MAIL

Zenas Zelotes Esq.
Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
New London CT 06320
(860) 442-2265

Attorneys for Plaintiff Lewis C. Brown

_____
Arun Chandra