UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | ) | |
| | ) | |
| Lewis C. Brown | ) | 301cv1967(RNC) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Experian Information Solutions, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | March 15, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
EXPERIAN'S MOTION TO COMPEL DEPOSITION
TESTIMONY OF MARY M. WOEHRLE**

Defendant Experian Information Solutions, Inc. ("Experian") submits this memorandum of law in support of its motion to compel deposition testimony of Mary M. Woehrle.

By way of background, Experian has filed a motion in limine to restrict evidence of Plaintiff's alleged emotional distress via hearsay testimony by Mary M. Woehrle ("Ms. Woehrle"). Chandra Aff. ¶ 2. During the pretrial conference for this case on February 5, 2004, Plaintiff opposed Experian's request for a trial continuance until April in part on the grounds that Ms. Woehrle – a Michigan resident – would not be present in Connecticut to testify at an April trial. Chandra Aff. ¶ 3. Experian responded by agreeing to pay for a videotaped deposition of Ms. Woehrle to preserve her testimony. Chandra Aff. ¶ 3. In response to that proposal, the Court affirmatively indicated that it would be helpful for the Court to have the Woehrle deposition to assist in resolving Experian's motion in limine concerning Ms. Woehrle's testimony. Chandra Aff. ¶ 3.

In order to implement the Court's request, Experian noticed the deposition of Ms. Woehrle. Chandra Aff. ¶ 4. After first agreeing on a mutually convenient place and time for the Woehrle deposition, plaintiff's counsel suddenly changed his position. Chandra Aff. ¶ 5. Plaintiff's Counsel has indicated that now neither he nor Ms. Woehrle will be present for the scheduled deposition. Chandra Aff. ¶ 6. Last week, plaintiff's counsel informed Experian's counsel that he was going to file a motion for a protective order that sought to quash Experian's Notice of Deposition. Chandra Aff. ¶ 7. Later, plaintiff's counsel forwarded to Experian's counsel a motion to quash Experian's deposition notice that appeared to have been filed on March 4, 2004. Chandra Aff. ¶ 7. Experian filed its response on March 9, 2004. Chandra Aff. ¶ 8. Later that day, Experian's counsel received a phone call from the Court Clerk's office stating that his response was being returned back since Plaintiff had not filed its motion. Chandra Aff. ¶ 8. Upon being contacted, plaintiff's counsel stated that he was unaware that his motion had not been filed. Chandra Aff. ¶ 9. Plaintiff has promised that he will "fil[e] the motion anew," and that "[a]bsent court order, neither Mary [Woehrle] [n]or I [*i.e.*, plaintiff's counsel] will attend." Chandra Aff. ¶ 9.

Contrary to what was represented to Court when Plaintiff was opposing Experian's request for a trial continuance, Ms. Woehrle will apparently be available to testify in person for an April trial and so Plaintiff is opposed to her deposition being taken. Plaintiff seems to ignore the fact of Experian's pending motion in limine and the Court's request for the transcript of the Woehrle deposition to assist with that motion. Based on these facts, the Woehrle deposition should be ordered to occur.

## ARGUMENT

Plaintiff has not provided any concrete proof of emotional distress, but instead seeks to prove his alleged emotional distress through Ms. Woehrle's testimony. All Plaintiff has

submitted in this case is an affidavit by Ms. Woehrle. This affidavit is severely deficient in demonstrating that Ms. Woehrle can provide any admissible evidence of emotional distress. Ms. Woehrle is a resident of Michigan, who spoke with Plaintiff *over the phone* regarding his frustration. Further, Ms. Woehrle offers no information about the time periods during which she reportedly "spoke to" Plaintiff nor does she provide any details about his alleged frustrations. In fact, throughout her affidavit, Ms. Woehrle repeatedly reveals that she "discussed," "spoke to" and "talked" with Plaintiff about his distress and frustration. See Woehrle Aff. ¶¶ 9-13. There is no mention of Ms. Woehrle actually observing the Plaintiff. Based on the affidavit, it is clear that Ms. Woehrle's entire testimony will be a hearsay product of what the Plaintiff might have communicated to her over the phone. Such evidence is clearly inadmissible. See McMillan v. Experian, 170 F. Supp.2d 278, 281 (D. Conn. 2001) ("'An affidavit made on secondhand information and hearsay is not made on the 'personal knowledge' of the affiant for the purposes of Rule 56(e).'").

At our pretrial conference, the Court had suggested that it was inclined to rule that Ms. Woehrle's testimony was inadmissible based upon its reading of her affidavit. However, the Court suggested that it would prefer to review Ms. Woehrle's deposition to assist it in making its ruling. Experian had agreed to conduct a videtaped deposition of Ms. Woehrle at its expense. At the time Plaintiff had welcomed such a deposition. Now, however, Plaintiff opposes Experian's efforts, preferring instead to keep Ms. Woehrle's potential testimony in a shroud of secrecy. Plaintiff's efforts to prevent Ms. Woehrle's deposition is clearly calculated to hinder a ruling on Experian's motion in limine.

It should be noted that there is no prejudice to Plaintiff if Experian is allowed to conduct this deposition. In fact, the deposition would benefit both the Court and the parties in preparing

for the upcoming trial – something that should be welcomed.  Accordingly, Experian respectfully

requests the Court grant Experian's motion to compel deposition testimony of Mary M. Woehrle.

Respectfully submitted,

Arun Chandra – ct 25587
JONES DAY
222 East 41st Street
New York, NY  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the

15th day of March, 2004 to:


Zenas Zelotes, Esq.
Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
New London, CT 06320

Arun Chandra, Esq.
Daniel J. McLoon, Esq.
Jones Day
222 East 41st Street
New York, NY  10017


_____
Brien P. Horan