UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lewis C. Brown | ) ) ) ) | 301cv1967(RNC) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Experian Information Solutions, Inc. | ) ) | |
| Defendant. | ) ) ) | |

## EXPERIAN'S REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFF'S DESIGNATED EXHIBITS

Defendant Experian Information Solutions ("Experian") submits this Reply in Support of its Objections to Plaintiff's Designated Exhibits. Experian's objections were based, in part, on its desire to streamline and focus the trial on the claims being asserted and to avoid wasting time on irrelevant issues. Plaintiff's response is replete with boilerplate arguments that fail to address Experian's objections or justify the need for a detour from the asserted claims. Furthermore, Plaintiff's response suggests that he intends to use irrelevant evidence to prejudice the jury against Experian. Experian respectfully requests that the Court exclude all irrelevant evidence so that the trial may proceed efficiently and without prejudice to either party.

NYI-2119983v3

## ARGUMENT

### A.   Hearsay Documents

Experian has objected to five documents for being hearsay. See Joint Trial Memorandum, pages 12-15, filed December 24, 2003 (Docket No. 97).[1]

One of the documents objected to is "Exhibit 1: October 29, 1999 letter from Fleet to Plaintiff," which informed Plaintiff that his credit limit was being reduced to $500. The text of this letter is hearsay, because its only purpose at trial will be to show that Plaintiff's credit limit was reduced due to an Experian credit report. See FED.R.EVID. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

Plaintiff has responded by citing every conceivable Federal Rule of Evidence – without any discussion as to why the cited Rule is applicable – and hoping that the Court will allow at least one argument to stick. Plaintiff's response indicates that he plans to base its case on issues that are completely irrelevant and apply solely to Fleet bank – a third party that is not in suit.

First, Plaintiff argues that the letter is not hearsay, because its use at trial is not going to be "limited to the truth of statements therein." If that is indeed the case, then this letter should not be admitted because its probative value is substantially outweighed by the danger of confusion of the relevant issues at trial and also because this letter will be misleading for the jury. See FED.R.EVID. 403. Issues of "*Why he [i.e., Plaintiff] belived* he was being defamed and

---

[1] Because Plaintiff has simply parroted its arguments – without any discussion of the supporting facts – for each of the exhibits objected to, this Reply discusses Experian's objections to one of the exhibits and incorporates the rationale for other similar exhibits.

*how he believed* he was being defamed" are not elements of any claim against Experian and have no probative value. Furthermore, because the Plaintiff will himself testify, there is no need to rely on the text of this letter for evidence of "*Why he belived* he was being defamed and *how he believed* he was being defamed," and so the October 29, 1999 letter should be excluded because of "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id.[2] Plaintiff also seeks to introduce this document to show "*Why* [in part] he speculated about the possible age discrimination [by Fleet]." This is not only irrelevant to any claims at issue, but also extremely prejudicial to Experian. There has been no evidence – or even an allegation – that Experian engaged in "age discrimination." The only allegation for age discrimination was directed towards Fleet, an entity that Plaintiff did not bring suit against.

Next, Plaintiff argues that the letter should be allowed because it is a "document[] 'affecting' an interest in property (reducing his credit line)." This argument is absurd. First and foremost, Plaintiff has neglected to read the entirety of the exception, which provides: "The <u>record of a document</u> purporting to establish or affect an interest in property, as proof of the content of the <u>original recorded document</u> and its execution and delivery by each person by whom it purports to have been executed, <u>if the record is a record of a public office and an applicable statute authorizes the recording of documents of that kind in that office</u>." FED.R.EVID. 903(14) (emphasis added). This exception applies only to recorded documents dealing with property interests, such as deeds. See Weinstein's Federal Evidence § 803.16, at 803-113 (2d ed. 2004) ("[I]f a deed or some other document affecting property interests has been recorded in a public office in accordance with the statutory authority, then that record may be

---

[2] Plaintiff also argues that the letter may be used for impeachment of Fleet Bank should it testify inconsistently at trial. Experian agrees, and suggests that the letter only be allowed for impeachment purposes if warranted <u>after</u> Fleet's trial testimony.

used to prove both the contents of the original document and that the document was executed and delivered as stated therein."). Second, a credit line is not a property interest. A credit line merely allows a person a chance to obtain a debt. A credit line has a weaker link to a property interest than an option to buy, and yet it is well-settled that an option to buy is not a property interest. See Pro-Eco, Inc. v. Board of Com'rs of Jay County, Ind., 57 F.3d 505, 508-11 (7th Cir. 1995); see also Superior-FCR Landfill, Inc. v. County of Wright, 59 F.Supp.2d 929, 935 (D.Minn. 1999); In re Competrol Acquisition Partnership, L.P., 203 B.R. 914, 917-18 (Bankr.D.Del. 1996).

Next, Plaintiff argues for admissibility under the Residual Exception clause of the Federal Rules of Evidence. Plaintiff's reliance on Rule 407 is also misplaced. Under Rule 407, a hearsay statement is not excluded only "if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." See FED.R.EVID. 407. (emphasis added). Plaintiff states that the October 29, 1999 letter is being offered "for its 'effect'" on Plaintiff. If indeed that is the case then the October 29, 1999 letter is not evidence of a material fact and is not more probative on the point for which it is offered (*i.e.*, "for its 'effect'" on Plaintiff) than any other evidence (such as Plaintiff's own testimony).

Plaintiff has made the same arguments against Experian's objections to "Exhibit 5: October 29, 1999 letter from Fleet to Plaintiff," "Exhibit 9: December 2, 1999 letter from Fleet to Plaintiff," "Exhibit 11: December 10, 1999 correspondence from Plaintiff to Experian," and "Exhibit 19: February 23, 2000 letter to Plaintiff from Fleet reinstating credit limit." For the above-enunciated reasons, the Court should exclude these documents as well.

**B.      Irrelevant and Unduly Prejudicial Documents**

Plaintiff argues for admissibility of a number of documents that are not only irrelevant but also prejudicial to Experian. One such document is "Exhibit 3: October 17, 1999 letter from plaintiff to Fleet (w/ Postal Certification)." This letter was written by Plaintiff to the Chief Executive Officer of Fleet bank, complaining that he was "concerned that prohibited patterns of discrimination may have developed within the Credit Operations at Fleet." Yet, Plaintiff did not bring suit against Fleet for age discrimination. In fact, not a single word regarding Experian appears in this letter. Furthermore, discrimination is not an element of any claim against Experian, because Plaintiff only sued Experian for violation of the Fair Credit Reporting Act which does not deal with age discrimination issues. In addition, this letter is highly prejudicial to Experian – a party admittedly uninvolved in the alleged discriminatory practices. For precisely this reason, Experian has also sought to exclude evidence of or reference to Plaintiff's Fleet Bank Discrimination Dispute. See Experian's Motion in Limine to Exclude All Evidence of or Reference to Plaintiff's Fleet Bank Discrimination Dispute, attached at tab C-1 in the Joint Trial Memorandum (Docket No. 97).

Plaintiff suggests that this letter along with other similar documents show Plaintiff's emotional distress. Because Plaintiff admits that he will testify at trial regarding his emotional distress, there is no need to allow this irrelevant and prejudicial letter into evidence. Furthermore, this letter is silent about any emotional distress to plaintiff. In fact, the letter does not contain a single sentence that can demonstrate the presence or absence of emotional distress, and, therefore, the Court should reject Plaintiff's argument.

Plaintiff makes similar arguments for admissibility of exhibits 7, 10, 14, 15, 16, 17, 20, 22, 23, 24,[3] 26, 27, 28, 29, 30, 31 and 32. For the above-enunciated reasons, the Court should exclude these documents as well.

Plaintiff admits that Exhibits 21 and 25 are irrelevant, see Plaintiff's Memorandum in Opposition to J.T.M.R. Discovery Objections, page 8. Nevertheless, he argues that the documents be admitted. Without a proper basis for admissibility, Experian respectfully submits that these documents should be excluded.

In addition to the above-discussed arguments, Plaintiff seeks admissibility of some of its documents for other irrelevant reasons that are briefly addressed below. For example, Plaintiff argues that "Exhibit 18: February 17, 2000 letter to plaintiff from the Comptroller of the Currency" and "Exhibit 33: September 20, 2001 letter to plaintiff from the Comptroller of Currency" should be admitted, because they explain "why Lewis delayed filing suit" and "[e]xplain[] timing of lawsuit (Effect on the reader)." These issues would have been relevant only if Experian had asserted a Statute of Limitations defense, which it did not. Accordingly, Exhibits 18 and 33 are irrelevant and should be excluded.

Plaintiff argues that "Exhibit 34: FOIA Publication of Social Security Administration re: Social Security Number Allocations" should be admitted to show "that the five social security numbers on the plaintiff's report hail from four different states." Experian does not dispute that these social security numbers were issued in different states and is willing to stipulate to this fact. As such, Exhibit 34 is irrelevant and should be excluded.

---

[3] Plaintiff's response to Experian's objection to Exhibits 24, 27 and 29 are non-responsive. Experian objected to these documents for being irrelevant and prejudicial to Experian. Plaintiff has, however, failed to address this ground.

NYI-2119983v3  6

Next, Plaintiff argues that "Exhibit 38: Journal Excerpts of Lewis C. Brown" should be allowed as "supporting evidence of the extensive, long-term mental anguish the defendant's acts caused and the time [Plaintiff] spent trying to secure his report." These excerpts are clearly hearsay, and are inadmissible. In any case, because Plaintiff will testify regarding his mental anguish, these journal excerpts are cumulative. See FED. R.EVID. 403.

**C.    Unauthenticated and Irrelevant Documents**

Experian has objected to two documents because of their lack of authentication and irrelevancy: "Exhibit 36: Plaintiff's Trans Union Report, 03/09/00" and "Exhibit 37: Plaintiff's Trans Union Report, 12/08/92." These documents were never authenticated by the author of documents. Plaintiff's suggestion that he can authenticate the documents by testifying that he received them in the mail is ludicrous. See FED.R.EVID. 901, 902. The requirements for authenticating a document are strict, and cannot be satisfied by testimony of someone who is incapable of testifying that "the matter in question is what its proponent claims." See FED.R.EVID. 901(a).

Furthermore, these two documents are completely irrelevant to any issue at trial. Rule 401 defines relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED.R.EVID. 401. The key issue at trial is whether Experian followed reasonable procedures in preparing and disseminating Plaintiff's credit report. The two Trans Union reports do not address this or any other related issue and are properly excludable. See FED.R.EVID. 402. These documents should also be excluded because of "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See FED.R.EVID. 403.

## CONCLUSION

For the above enunciated reasons, the Court should deny Plaintiff's request for admissibility of the documents objected to by Experian.

Respectfully submitted,

*[signature]*

Arun Chandra – ct 25587
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I, Arun Chandra, certify that on March 31, 2004, a true and correct copy of Reply in Support of its Objections to Plaintiff's Designated Exhibits was sent to:

<u>VIA FACSIMILE AND FIRST CLASS MAIL</u>

Zenas Zelotes Esq.
Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
New London CT 06320
(860) 442-2265

Attorneys for Plaintiff Lewis C. Brown

_____
Arun Chandra