**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____
                                            )
**LEWIS C. BROWN**                          )
                                            )
                    **Plaintiff**           )
    vs.                                     )   Case No. 3:01CV1967 (RNC)
                                            )
**EXPERIAN INFORMATION SOLUTIONS INC.**     )
                                            )
                    **Defendant**           )
_____    )   April 6, 2004

**MOTION IN LIMINE TO DETERMINE EFFICACY OF TRIAL SUBPOENAS**

On the eve of trial, the defendant informs counsel it will resist the plaintiff's trial subpoena. Fleet Credit Card Services L.P. (FCCS) concurrently informs counsel it will not comply with the plaintiff's trial subpoena. The plaintiff served a pair of subpoena (witness fee and travel fee) upon CT Corporation System (designated agent for FCCS and Experian, at Providence and Hartford, respectively). In the interest of avoiding unfair surprise and promoting trial economy, the plaintiff seeks declaratory guidance whether service of such pair of subpoena subjects the aforesaid corporations to the contempt powers of this court (compels attendance).[1]

The subpoenas are attached as an exhibit. A memorandum accompanies.

---

[1] A decision would also prove key for assessing the applicability of FCRP § 32(a)(3)(B) (e.g.

1

Respectfully Submitted,

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC //* Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 439-0295

---

introducing FCCS deposition testimony where witness is at a greater distance than 100 miles)

# MOTION EXHIBIT

# EXPERIAN SUBPOENA

# &

# FLEET SUBPOENA

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEWIS C. BROWN <br><br> Plaintiff <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS INC. <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) Case No. 3:01CV1967 (RNC) <br> ) <br> ) <br> ) <br> ) <br> ) March 31, 2004 |

## SUBPOENA

To:  Experian Information Solutions Inc. (the DEFENDANT) by and through its designated agent for service: CT Corporation System

**BY THE AUTHORITY OF THE UNITED STATES**, and pursuant to Fed.R.Civ.P. 45, YOU ARE COMMANDED to appear at the United States District Court, District of Connecticut, at 450 Main Street, Hartford CT, Courtroom 3 (Hon. Robert N. Chatigny, U.S.D.J.) on April 14, 2004, at 9 a.m. and at all times thereafter (until the plaintiff's case-in-chief has concluded) to testify to what you know in the above-titled matter, without limitation, to include (but not necessarily limited to) the pleadings and all matters subsequently inquired of in discovery. Hereof fail not under the penalty of law in that case provided.

To any proper officer or indifferent person to serve and return.

Dated in New London, Connecticut this First day of April 2004.

1



ZENAS ZELOTES, ESQ. (Fed. Bar No. 23001) (counsel to the plaintiff) for the
United States District Court (D.Conn.)
*Zenas Zelotes LLC.* // Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed. Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 439-0295

**Certificate of Service**

I hereby certify that this subpoena, dated 03/31/04, was on 03/31/04 served via the USPS upon:

CT Corporation System * ^
Registered Agent for: Experian Information Solutions Inc.
1 Commercial Plaza                                   * (Certified, Return Receipt Requested)
Hartford CT 06103                                    ^ ($38 Travel Stipend & $40 Witness Fee Included)

THE PLAINTIFF

ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC* // Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed. Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 439-0295

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEWIS C. BROWN <br><br> Plaintiff <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS INC. <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) Case No. 3:01CV1967 (RNC) <br> ) <br> ) <br> ) <br> ) <br> ) April 1, 2004 |

## SUBPOENA

To: Fleet Credit Card Services L.P. (a Rhode Island Limited Partnership) through its designated agent for service: CT Corporation System

**BY THE AUTHORITY OF THE UNITED STATES,** and pursuant to Fed.R.Civ.P. 45, you (Fleet Credit Card Services L.P.) are hereby commanded to attend and testify at trial at the United States District Court, District of Connecticut at Hartford, at the courtroom of the Hon. Robert N. Chatigny, U.S.D.J. on April 14, 2004 at 10 a.m. and times subsequent in the day, to testify to what you know in the above-titled matter regarding the subjects herein referenced. You shall make such person(s) available as necessary to authenticate and affirm the truth of each assertion recited in the two documents attached (dated October 6, 1999 and February 23, 2000).

Hereof fail not under the penalty of law in that case provided.

To any proper officer or indifferent person to serve and return.

Dated in New London, Connecticut this First day of April 2004.

_____

1



ZENAS ZELOTES, ESQ. (Fed. Bar No. 23001) (counsel to the plaintiff) for the
United States District Court (D.Conn.)
*Zenas Zelotes LLC.* // Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed. Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 439-0295

### Certificate of Service

I hereby certify that a copy of the foregoing subpoena, dated 04/01/04, was on 04/01/04 served via the USPS upon:

CT Corporation Systems* ^
Registered Agent for Fleet Credit Card Services LP
10 Weybosset Street                       * (Original Copy, Certified, Return Receipt Requested)
Providence RI 02903                       ^ ($40 Witness Fee & $38 Travel Fee Included)

Concurrently a copy served via the USPS and faxed to:

Fleet Credit Card Services LP >>
Attn: Legal Department (Lisa Balent, Esq.)
680 Blair Mail Road
Horsham PA 19044                          >> (Faxed to: 215 674 0220)

THE PLAINTIFF

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC* // Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed. Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 439-0295

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



FLEET CREDIT CARD SERVICES
P.O. BOX 15810
WILMINGTON, DE 19886-5810

October 6, 1999

LEWIS C BROWN
PO BOX 286
ROWAYTON CT 06853-0286

RE: 5491 0007 0579 8929

Dear Lewis C Brown,

At Fleet Bank, we make every attempt to meet our customers' credit needs. However, based upon a recent review of your financial profile, we have decided to decrease your credit limit to $500 effectively immediately.

Our decision was based in whole or in part on the following information contained in the your credit bureau report:

    SERIOUS DELINQUENCY, DEROGATORY PUBLIC RECORD, OR COLLECTION
    AMOUNT PAST DUE ON ACCOUNTS
    TIME SINCE DELINQUENCY TOO RECENT OR UNKNOWN
    TOTAL BALANCES TO CREDIT LINES IS TOO HIGH ON REVOLVING

You may contact the credit bureau directly at:

    EXPERIAN
    701 EXPERIAN PARKWAY
    PO BOX 2002
    ALLEN, TX 75013-0036
    888-397-3742

The reporting agency played no part in these changes and cannot supply specific reasons for such. You have a right to a free copy of your report from the credit reporting agency listed above if you request such information within 60 days of receiving this notice. If information in your report is inaccurate or incomplete, you may dispute the matter with the reporting agency.

Please note that the terms and conditions specified in your Cardholder Agreement still apply to your account.

Should you have any questions concerning this matter, please call us at this toll-free 1-800-882-2735.

Sincerely,

Fleet Credit Card Service

---

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is The Office of the Comptroller of the Currency.Customer Assistance Unit, 1301 McKinney Ave., Suite 3710, Houston, Texas 77010.

5311 8275 0700 0500 C0973 9279 FB0020868





Executive Response Unit
PO Box 1568
Horsham, PA 19044
February 23, 2000

Lewis C. Brown
PO Box 286
Rowayton, CT 06853

RE: 5491000705798929

Dear Mr. Brown:

Thank you for your recent inquiry regarding your MasterCard account with Fleet Bank.

After carefully reviewing your account information, we have reversed our original decision. Congratulations! Your credit line has been raised back to the original amount of $9,000. We apologize for any inconvenience this situation may have caused you.

We based our decision, entirely or in part, on a credit report obtained from the following consumer reporting agency, which did not make this decision or know the specific reasons: Trans Union, PO Box 1000, Chester, PA 19022, 1-800-888-4213.

Under the Fair Credit Reporting Act, you have a right to request a copy of your credit report at no cost from the consumer reporting agency shown above within 60 days of receiving this letter. You may also question that agency about the accuracy of your credit report.

If we can be of any further assistance, please do not hesitate to contact us at the above address.

Sincerely,

Paul Arena
Executive Correspondence Administrator


**EQUAL CREDIT OPPORTUNITY ACT NOTICE**
The federal Equal Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because of all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Comptroller of the Currency, Northeastern District, 1114 Avenue of the Americas, Suite 3900, New York, NY 10036.
Fleet Bank (RI), National Association (Creditor)

*Zenas Zelotes* LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Jones, Day, Reavis & Pogue
Attn: Arun Chandra
222 East 41st Street
New York, NY 10017-6702      4/6/04

*Zenas Zelotes* LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Clerk of Court
450 Main Street
Hartford CT 06103      4/6/04

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

4/6/2004

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed. Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 439-0295

*Zenas Zelotes* LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Chambers (Chatigny J.) (C. Copy)
450 Main Street
Hartford CT 06103      4/6/04