### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

_____
                                                    )
**LEWIS C. BROWN**                         )
                                                    )
                         **Plaintiff**         )
   vs.                                            )   Case No. 3:01CV1967 (RNC)
                                                    )
**EXPERIAN INFORMATION SOLUTIONS INC.**   )
                                                    )
                         **Defendant**      )
_____)   April 6, 2004

### PLAINTIFF'S MOTION IN LIMINE TO DETERMINE

### ADMISSIBILITY OF EXPERIAN'S DEPOSITION TESTIOMNY

On the eve of trial, the defendant informs counsel it will resist the plaintiff's trial subpoena.

Reasonably concerned on 04/02/04 (in cautious anticipation), plaintiff's counsel identified (and communicated) certain deposition excerpts to be introduced directly into evidence, in accord with FRCP § 32(a)(2) [Testimony of Adverse Party], § 32(a)(3)(E) [Exceptional Circumstance], or (maybe) FRCP §32(a)(3)(B) [100-Mile Limitation].  On 04/02/04 the list was revised in accord with the defendant's response of 04/02/04.  The list presently proffered is the 04/03/04 revision.

The defendant now voices a similar intent to object to the introduction of its deposition

1

testimony.

The defendant attempts a procedural ambush.  Nine days removed from trial, the plaintiff cannot meaningfully prepare his case, without knowledge of the testimony and witnesses he might introduce (absent the defendant's trial participation).

It essence, by procedural gamesmanship, the defendant aims to preclude the plaintiff from introducing any meaningful evidence of the defendant's internal procedures, knowledge or scienter – the same evidence that earlier scuttled Experian's attempt at summary judgment.  Experian aims to preclude the plaintiff from introducing evidence sufficient to set forth a prima facie case.  Victory – but not on the merits.

Accordingly, the plaintiff prays that this court issue an immediate ruling speaking to the admissibility of the testimony proffered.  A memorandum (with the pertinent transcripts attached) accompanies this motion.  The pertinent dialogue therein is boldfaced.

The deposition designations are as follows:

EXCERPTS FROM EXPERIAN'S 30(B)(6) DEPOSITION (KIM HUGHES):

    XPN: Pg. 7, L. 2-10                              Topic: Administered Oath
    XPN: Pg. 55, L. 24 thru Pg. 56 L. 1-5     Topic: Testifying as Corporate Rep.
    XPN: Pg. 58, L. 12 thru P. 59, L. 19         Topic: XPN Agrees with Expert Report

2

  XPN: Pg. 63, L. 12 thru Pg. 64 L. 23  Topic: XPN Agrees with Procedure Manual

  XPN: Pg. 66, L 9-24  Topic: Fleet Credit Report

  XPN: Pg. Pg. 75, L. 9 thru Pg. 81, L. 20  Topic: Consumer Requests for Disclosure

  XPN: Pg. 84, L 21 thru Pg. 90, L. 5  Topic: Deceptive Experian Form Letter

  XPN: Pg. 93, L. 2-13  Topic: Deceptive Experian Form Letter

  XPN: Pg. 95, L. 6 thru Pg. 99, L. 9  Topic: Endless Form Letter Refusals

  XPN: Pg. 170, L. 22 thru Pg. 172, L.23  Topic: Explaining Mixed File Risk Factors

  XPN: Pg. 203, L. 3-17  Topic: Why No Credit Report Produced

  XPN: Pg. 203, L. 18 thru Pg. 204 L. 9  Topic: Experian Telephone Number

EXCERPTS FROM EXPERIAN'S ANCILLARY 30(B)(6) DEPOSITION (DAVID BROWNE):

  BR: Pg. 6, L. 5-12  Topic: Administered Oath

  BR: Pg. 33, L. 17-25  Topic: Daily Credit Report Volume

  BR: Pg. 98, L. 12 thru 105, L. 1-8  Topic: Why Plaintiff's File Got Mixed

  BR: Pg. 105, L. 9 thru Pg. 106, L. 25  Topic: Social Security Numbers

  BR: Pg. 117, L. 17 thru Pg. 122, L. 14  Topic: Why Report Not Produced

  BR: Pg. 123, L. 22 thru Pg. 124 L. 15  Topic: Why Did Not Violate FCRA

DOCUMENTS CITED IN TRANSCRIPTS SUPPLEMENTING JTMR EXHIBIT LIST

  1.  Expert Report of David Browne

  2.  Experian Policies and Procedures Manual, Page 3

EXCERPTS OFFERED IN SUPPORT OF MOTION (BUT NOT FOR USE AT TRIAL)

  XPN: Pg. 187,188,190,195,196,199,200  Topic: Browne Testimony Part of 30B6

Respectfully Submitted,


_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC //* Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 439-0295

4

***Zenas Zelotes* LLC**
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Jones, Day, Reavis & Pogue
Attn: Arun Chandra
222 East 41st Street
New York, NY 10017-6702        4/6/04

***Zenas Zelotes* LLC**
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Clerk of Court
450 Main Street
Hartford CT 06103                4/6/04

***Zenas Zelotes* LLC**
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Chambers (Chatigny J.) (C. Copy)
450 Main Street
Hartford CT 06103                4/6/04

---

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

4/6/2004

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 439-0295