IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | ) | |
| **LEWIS C. BROWN** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| vs. | ) | Case No. 3:01CV1967 (RNC) |
| | ) | |
| **EXPERIAN INFORMATION SOLUTIONS INC.** | ) | |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | April 6. 2004 |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO DETERMINE**

**ADMISSIBILITY OF EXPERIAN'S DEPOSITION TESTIOMNY**

FRCP § 32(a)(2) [Testimony of Adverse Party] provides that, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, all or part of a Rule 30(b)(6) deposition may be used against a party for any purpose.[1]

The defendant presently informs counsel that it will resist the plaintiff's trial subpoena. Absent the defendant's trial participation or deposition testimony, the plaintiff's case is *greatly* diminished.[2]

---

[1] In the alternative, deposition testimony might be introduced per § 32(a)(3)(E) [Exceptional circumstance], or per FRCP §32(a)(3)(B) [if the deponent is beyond the reach of a subpoena].
[2] The plaintiff's case is further diminished upon late news that Experian's planned corporate representative (on redirect) will be other than the testifying corporate deponent, Kim Hughes (as listed on the JTMR).

1

By separate motion the defendant seeks to compel the defendant's trial attendance.

Defense counsel has shared a preliminary response to which this memorandum speaks.

Experian first suggests it will object to any 30(b)(6) testimony speaking to certain enumerated issues insofar as the 30(b)(6) witness who testified (Kim Hughes) was not the "proper" 30(b)(6) witness to speak to such topics duly noticed.

A Rule 30(b)(6) deposition requires a defendant to furnish one or more persons capable of speaking to each issue noticed. The defendant's argument is (in essence) that its testimony should be excluded insofar as it willfully failed to comply with Rule 30(b)(6). This argument neither deserves nor requires reply.

Experian next suggests that statements made by its (employee) expert witness cannot be introduced against it. This argument fails for several reasons.

First, in response to plaintiff counsel's vocal decry that Experian's designated 30(b)(6) witness (Kim Hughes) could not adequately speak to the scope of issues duly noticed, defense counsel repeatedly excused his client's inabilities, admitting on the 30(b)(6) record, statements of which the following soliloquy is illustrative:

2

```
 2      Q.   Could you tell me, Ms. Hughes, how does
 3   Experian satisfy -- how does -- how does Experian
 4   determine whether or not a subscriber can accurately
 5   report information?
 6      A.   I don't have knowledge to that.
 7           MR. KOSTOLAMPROS:  That's David Brown.
 8      Q.   Okay.  But I'm asking -- so are you
 9   testifying today that Experian did not know how --
10   how -- are you testifying that Experian did not know
11   how -- whether or not -- what criteria it uses to
12   determine whether or not a subscriber can reliably
13   report accurate information?
14      A.   No.  I'm testifying that I don't know.  It's
15   not in my job scope.
16      Q.   I understand that, but I am -- this is a
17   deposition of Experian.
18           MR. KOSTOLAMPROS:  But we already said
19   we would provide David Brown if you needed him.
20           MR. ZELOTES:  Are you providing him as
21   the continuation of this deposition?
22           MR. KOSTOLAMPROS:  No.  We said that we
23   would provide David Brown on the issues as to
24   reasonable procedures and as to anything else that
25   might come in this deposition.  This part of it

 1   requires David Brown.  And obviously it requires David
 2   Brown because it's in his expert report that you've
 3   had since May and could have noticed his deposition
 4   since May.  We will provide him to discuss that.
```

```
     5                    Kim is saying that she is not aware of
     6   that in her scopes.  And there are many, obviously,
     7   because she has testified to a lot of things here.
     8   And that's it.  And you'll have the opportunity to
     9   depose Mr. Brown on that subject.
```

Similar statement (and associated argument) appears in the accompanying memorandum appendix (in Exhibit D). If Experian was ill prepared to comment on the Rule 30(b)(6) issues duly noticed, and its retort was to depose David Browne, it is estopped from presently alienating his statements as its own.[3] David Browne's testimony is incorporated into the 30(b)(6) deposition, *de facto*. In outwardly decrying Kim Hughes' subject-matter shortcomings, our present posture plaintiff's counsel envisioned – and sought to avoid.

David Browne's testimony is welcome for another reason: David Browne is not a third-party expert. David Browne is Experian's *in-house compliance manager*. His oral and written statements are properly party admissions. Experian cannot alienate knowledge of its own acts by designating itself its own expert.

Finally, defendant suggests it will resist David Browne's response to the plaintiff's inquiry why Experian did not violate the FCRA. Mr. Browne argues that its failure to abide by the FCRA was *mandated* by the FCRA -- an admission of intentional conduct. It is an admission of

---

[3] Page 2 of the plaintiff's Subpoena [identifying the Rule 30(b)(6) topics noticed] appears in

4

substantial, *substantial* import.

Distinguishing an inquiry seeking a "legal conclusion" verses an "application of law to fact" is far from clear. Reduced to its essence, an inquiry is inappropriate if it calls for a level of expertise the deponent cannot be expected to possess. But can it reasonably be suggested that Experian's FCRA "compliance manager" (David Browne) is incompetent to opine why Experian's conduct purportedly "complies" with the FCRA? It is a hard argument to sell. In his own words: "My current duties include helping to ensure that Experian's computer systems and procedures comply with federal and state credit reporting laws …"[4]

Experian can claim no meaningful prejudice – it only means to inflict it. Its unwillingness to subject itself to examination in the plaintiff's case in chief affords scant room for pity.

The topical subject matter proffered is reasonably calculated to sustain the plaintiff's case. Considerations of basic fairness welcome its introduction.

The cited appendix (with full text of the deposition excerpts) accompanies this memorandum.

Respectfully Submitted,

_[signature]_

---

Exhibit D of the accompanying Memorandum Appendix
[4] Expert Report of David A. Browne, Page 1 (Exhibit C)

ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC //* Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 439-0295

## *Zenas Zelotes* LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Jones, Day, Reavis & Pogue
Attn: Arun Chandra
222 East 41st Street
New York, NY 10017-6702          4/6/04

## *Zenas Zelotes* LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Clerk of Court
450 Main Street
Hartford CT 06103          4/6/04

## *Zenas Zelotes* LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Chambers (Chatigny J.) (C. Copy)
450 Main Street
Hartford CT 06103          4/6/04

---

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail on the date(s) reflected.

4/6/2004

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 439-0295