UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 13  P 5: 31
U.S. DISTRICT COURT
HARTFORD, CT.

LEWIS C. BROWN,

 Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

 Defendant.

CASE NO. 3:01CV1967(RNC)

RULING ON PLAINTIFF'S TRIAL SUBPOENAS

Pursuant to Fed. R. Civ. P. 45, the plaintiff served trial subpoenas on the defendant, Experian Information Solutions, Inc. ("Experian") and a nonparty, Fleet Credit Card Services ("Fleet"). The subpoenas directed Experian and Fleet to "attend and testify at trial . . . to what you know in [this] matter . . ." Pending before the court are Experian and Fleet's motions to quash the trial subpoenas (doc. #131)[1] and the plaintiff's "motion in limine to determine the efficacy of [the] trial subpoenas." (Doc. #126).

Experian and Fleet argue that the plaintiff's motion should be denied and that their motions to quash should be granted because the plaintiff improperly subpoenaed corporate entities, rather than specific individuals, to testify at trial. The court agrees.

Although "a corporate entity may be subpoenaed to produce documents at trial, testimonial trial subpoenas must identify and be served upon the individual person whose testimony is sought."

---

[1] Docket number 131 is Fleet's motion to quash. Experian's motion does not yet have a docket number assigned to it.

Donoghue v. Orange County, 848 F.2d 926 (9th Cir. 1987). In Donoghue, the district court quashed the plaintiff's subpoena on her employer, the County, because the subpoena failed to designate an individual desired to testify. Id. at 931. The Court of Appeals found that "this decision was not an abuse of discretion" because "Fed. R. Civ. P. 45 requires that individuals be specifically named . . . ." Id. The court further held that a trial subpoena may not import the requirements of Rule 30(b)(6) into Rule 45. Accordingly a party cannot serve a Rule 45 subpoena on a corporation and thereby obtain a witness to testify at trial to matters listed in the subpoena. Id. at 932.

Experian argues that even if the subpoenas were properly directed to designated individuals, they should be quashed. According to Experian, the plaintiff's open ended subpoena, while arguably appropriate for discovery purposes, is improper when served at trial. In support of its argument, Experian cites to Revander v. Denman, No. 00 Civ. 1810(RJH), 2004 WL 97693 (S.D.N.Y. Jan. 21, 2004). In that case, the defendant sought a court order that it be permitted to serve subpoenas duces tecum on three correctional facilities a month before trial for "any and all records regarding the incarceration of the Plaintiff." The court denied the request finding that there "is no reason why the subpoena could not have been brought during the discovery period." The court found that the defendant's characterization "that the subpoenas are trial, as opposed to discovery, subpoenas is belied by their broad scope.

2

Subpoenas calling for 'any and all records' are exactly the kind of 'shotgun' subpoenas that should not be issued on the eve of trial. . . . . Indeed, 'the court's policy of requiring parties to submit a pretrial order detailing those documents which it may use at trial is rendered nugatory if a trial subpoena may issue demanding documents not previously produced or identified.'" Revander, 2004 WL 97693 at *1.

Similarly, in this case, the plaintiff's subpoenas are too open ended. The plaintiff requests that Experian testify at trial regarding "what you know in the above titled matter, without limitation to include [but not necessarily limited to] the pleadings and all matters subsequently inquired of in discovery." The plaintiff requests that Fleet "testify to what you know in [this matter] . . . ."

The plaintiff commenced this action more than two years ago. Discovery in this matter has been protracted. At this juncture, the plaintiff should be able to identify a specific individual or individuals whom he seeks to compel to testify as well as the specific topics and subject matter. The subpoenas cannot be enforced. The motions to quash are GRANTED. The plaintiff's motion to determine is GRANTED in that the court has issued a ruling as to the subpoenas.

SO ORDERED at Hartford, Connecticut this 13th day of April, 2004.

Donna F. Martinez
United States Magistrate Judge

3