UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lewis C. Brown<br><br>    Plaintiff,<br>v.<br><br>Experian Information Solutions, Inc.<br><br>    Defendant. | 3:01cv1967(RNC)<br><br><br><br><br><br>May 13, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR AN ORDER PURSUANT TO FED. R. CIV. P. 58(c)(2)

Experian Information Solutions, Inc. ("Experian") respectfully submits this Memorandum of Law in support of its Motion for an order pursuant to Rule 58(c)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

For the reasons set forth below, Experian requests that this Court enter an order pursuant to Fed. R. Civ. P. 58(c)(2) that (i) treats plaintiff's motion for an award of attorney's fees and costs ("Motion for Attorney's Fees") as having been filed under Rule 54(d)(2), and (ii) states that the Motion for Attorney's Fees has the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59.

Experian also respectfully requests that the Court enter this order before May 19, 2004, in order to comply with the provisions of Rule 58(c)(2).

### BACKGROUND

On April 19, 2004, the Court entered judgment in this case following a jury verdict on the merits, finding in part for plaintiff Lewis Brown ("Plaintiff") and in part for Experian. On April 29, 2004, Plaintiff served on Experian via first-class mail his Motion for Attorney's Fees

pursuant to Rule 54 of the Federal Rules of Civil Procedure. Under Rule 7(a) of the Local Rules of the District of Connecticut ("D. Conn. L. Civ. R."), and Fed. R. Civ. P. 6(e), Experian's opposition to the Motion for Attorney's Fees is due on May 24, 2004. *See* D. Conn. L. Civ. R. 7(a); Fed. R. Civ. P. 6(e).

Additionally, Experian faces another significant deadline. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure ("Fed. R. App. P."), any notice of appeal must be filed within 30 days of the entry of judgment. Experian's notice of appeal is, therefore, due five days prior to the due date for its opposition to the Motion for Attorney's Fees—on May 19, 2001. Experian thus would be forced to make a decision on whether to appeal on the merits of the decision before all the elements of that decision (*i.e.*, an award of attorney's fees and costs) were final.

Accordingly, Experian requests that the Court enter an order pursuant to Fed. R. Civ. P. 58(c)(2) in order to promote efficiency in the post-trial proceedings.

**ARGUMENT**

Rule 58(c)(2) of the Federal Rules of Civil Procedure states in relevant part that "when a timely motion for attorney fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." If the Court orders that the Motion for Attorney's Fees has the same effect under Fed. R. App. P. 4(a)(4) as a timely motion under Fed. R. Civ. P. 59, "the time to file an appeal runs for all parties from the entry of the order disposing of" the Motion for Attorney's Fees. *See* Fed. R. App. P. 4(a)(4). *See also Jones v. Unum Life Ins. Co.*, 223 F.3d 130, 137 (2d Cir. 2000) ("FRAP Rule 4(a)(4)(A)(iii) provides that such a motion [for attorney's fees] extends the time for appeal only if so ordered by the district court in accordance with Fed. R. Civ. P. 58, rather than

NYI-2133336v1                                                    2

automatically."). In this case, Plaintiff timely filed the Motion for Attorney's Fees pursuant to Fed. R. Civ. P. 54. The court, therefore, may—and should—enter an order pursuant to Fed. R. Civ. P. 58(c)(2).

Inefficiency would result in the absence of an order, because multiple appeals could result from this single action (*i.e.*, an appeal on the merits and a subsequent appeal on the disposition of the Motion for Attorney's Fees). Such circumstances were anticipated by the drafters of the Federal Rules, who granted the Court the authority to remedy such occasions of inefficiency. As the Advisory Committee Note explains, "in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case." Fed. R. Civ. P. 58 Advisory Committee Note (1993). It is important that the Court enter an order before the deadline to file a notice of appeal—May 19, 2004—because Fed. R. Civ. P. 58(c)(2) specifies that action must be taken "before a notice of appeal has been filed and has become effective."

In addition to solving the problem of inefficiency that would otherwise plague the post-trial proceedings in this matter, the Court's order would serve another purpose—it may obviate the need for any appeal at all. Resolution of the attorney's fees issue prior to appeal may assist the parties in reaching an agreement such that no appeal would occur. This would result in a conservation of judicial resources and would serve an important public policy purpose. *See Anita Founds., Inc. v. ILGWU Nat'l Ret. Fund*, 902 F.2d 185, 190 (2d Cir. 1990) (compromise and the conservation of judicial resources are "two concepts highly regarded in American jurisprudence.").

**CONCLUSION**

For the reasons set forth above, Experian respectfully requests that the Court enter an order pursuant to Rule 58(c)(2) of the Federal Rules of Civil Procedure that (i) treats the Motion

NYI-2133336v1                                    3

for Attorney's Fees as having been filed under Rule 54(d)(2), and (ii) states that the Motion for Attorney's Fees has the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59. Experian also respectfully requests that the Court enter this order before May 19, 2004, in order to comply with the provisions of Rule 58(c)(2).

On May 13, 2004, the undersigned discussed this motion by telephone with opposing counsel, Attorney Zenas Zelotes. Attorney Zelotes stated that he opposes the motion.

EXPERIAN INFORMATION SOLUTIONS, INC.

By: *[signature]*
Brien P. Horan  ct06870
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Telephone: (860) 275-8307
Facsimile: (860) 275-8299
e-mail: bhoran@rc.com


Daniel J. McLoon, *admitted pro hac vice*
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, California 90013
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

Counsel for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

Brien P. Horan certifies that on May 13, 2004 he caused the within Memorandum of Law to be served via Federal Express overnight delivery on the following:

Zenas Zelotes Esq.
Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
New London, CT 06320
(860) 442-2265

Attorneys for Plaintiff Lewis C. Brown

_____
Brien P. Horan