# EXHIBIT 1



**Czzelotes@aol.com**

01/25/02 04:45 PM

To: Gkostolampros@jonesday.com
cc:
Subject:    Brown v. Experian

George,

So what do we say?  I'm a plaintiff's trial lawyer ... I like getting paid.
Pick up the phone, call Experian, and give me something respectable I can
take back to my client.  As I said before, I'm not going to sell myself down
the river, but I'm not inflexible, either.  Do you really want to try this
case with me?  What are we waiting for?  What's the magic number?  --  Zenas

# EXHIBIT 2



**Czzelotes@aol.com**

01/28/02 11:02 AM

To: Gkostolampros@jonesday.com
cc:
Subject:    Lewis Brown's Credit Report

George,

It's nice to hear that Lewis Brown's credit report is being cleaned up. But that's not what we're holding out for, is it? SHOW ME THE MONEY. Stop dancing around the issue; talk a language I understand: dollars and cents; I'm not the pro-bono society; I'm a plaintiff's trial lawyer. You say you want to settle this? Fine. Then, what's the hold up? Step up to the plate, pick up the phone, get full settlement authority from Experian, and let's make a deal. We haven't heard *anything* from Experian. I'm just telling you straight up: if you make me prepare this case for trial, it's *going* to trial. Tell *that* to Experian. I'm all for settlement George, if done early on; then, and only then, is it good business sense; but I can't dance alone; we're running out of time. Stop dilly-dallying. Make me an offer I can sleep with. Let's finish this today. --
Zenas

# EXHIBIT 3



**Czzelotes@aol.com**

04/24/02 12:39 PM

To: Gkostolampros@jonesday.com
cc:
Subject: Advising Experian

George,

What part of "punitive damages" doesn't your client understand?  You and I both know that I've got a decent shot at prevailing on my S.J. motion and, if need be, I'd still have a second shot before a jury.  Experian ought to be sobering up to the fact that I'm dead serious about going the distance.  I'm not fighting tooth-and-nail for the fun of it.  I'm preparing a case for trial.  Experian is a billion-dollar corporation and punitive damages are relative to size.  Tell your client to take its head out of the sand and get serious about settlement.  If not, I'll be sure to raise the issue on remitter.  The time for silly posturing is over.  If I prevail on my motion ... its all over  --  Zenas

# EXHIBIT 4



Czzelotes@aol.com

05/24/02 12:19 PM

To: Gkostolampros@jonesday.com
cc:
Subject: Motion for Reconsideration

George,

The judge's decision on my motion for reconsideration is reversible error.  If the jury decides in favor of the Defendant, an appeal will assuredly follow.  That being said, a few afterthoughts on our recent conversation:

You embrace a legal philosophy scholars title "strict constructionism."  I'm not faulting you for it.  Many lawyers are strict constructionists.  I, however, am not one of them.  My guess is that you didn't study "Jurisprudence" in law school.  Very few students do.  I excelled in it (finishing #1 therein, as in Evidence; Civil Procedure, conversely, was my worst subject).  Had you studied Jurisprudence you would likely demonstrate a more evident awareness that strict constructionism is not the only legal theory available.  It certainly is not the theory embraced by most scholars and appellate court judges.  My personal philosophy is Dworkinian Integrity (it's author, Ronald Dworkin, is all but universally recognized among scholars as the greatest legal thinker of our time).  That we have very different conceptions about what "law" is, and how it should be argued, should come as no surprise.

I am also a former news corespondent.  This in part explains why my memoranda read somewhat differently from the briefs you're used to reading.  It's not that I cannot write traditional briefs (I am, after all, a distinguished honor grad from at a top-20 school; I've drafted my fair share), as a professional writer, I believe the traditional format is utterly lacking.  Why?  That's MY trade secret.  As the lone equity holder, I chose the path that I consider most effective.  It's a nice perk and it's good advocacy.

Judges make mistakes.  Juries make me happy.  Underestimate my talent at your client's peril.  Best Wishes.

**Zenas Zelotes, Esq.**

**Consumer Law Office
of Zenas Zelotes, Esq.**
753 Buddington Road
Groton CT 06340
(860) 448-6140
www.UnfairCreditReport.com

# EXHIBIT 5



Czzelotes@aol.com

07/29/02 07:58 PM

To: gkostolampros@JonesDay.com
cc:
Subject: So you think I was kidding when I demanded 150k?

Think I was kidding at $150k?  The price of settlement just went up.  Here's some sobering news for your client (fresh off the press).  Look into the crystal ball, George.  You're up next.

Portland, OR (07/29/02) -- Jury Returns $5.3 Million Verdict for Credit Reporting Errors

Plaintiff sued credit reporting agency for violations of the Fair Credit Reporting Act.  Plaintiff alleged that her credit file was merged with that of another individual.  After several years of disputes, plaintiff filed suit in US District Court (D.Or.).

Plaintiff's claims alleged that Trans Union negligently and willfully failed to adopt reasonable procedures to assure maximum possible accuracy of information in plaintiff's credit reports, and failed to perform adequate reinvestigations of disputed information.

The jury awarded Judy Thomas $300,000 in compensatory damages.  The jury also awarded $5 million in punitive damages against Trans Union.  Punitive damages were available only under plaintiff's claims of willful violations of the FCRA.

Plaintiff called Evan Hendricks to testify regarding the prevalence of credit reporting problems across the country and the 1996 amendments to the FCRA.  Plaintiff also offered the deposition testimony of Dr. Robert Beamon regarding the effect of stress on plaintiff's health.

Plaintiff's attorneys were Robert S. Sola and Michael C. Baxter of Portland.

**Zenas Zelotes, Esq.**

**Consumer Law Office**
**of Zenas Zelotes, Esq.**
753 Buddington Road
Groton CT 06340
(860) 448-6140
www.UnfairCreditReport.com

# EXHIBIT 6



Czzelotes@aol.com

10/21/02 01:16 PM

To: Gkostolampros@jonesday.com
cc:
Subject: Your Opposition Papers

How utterly unprofessional ... do you know what struck me foremost while reading your argument?  The fear implicit in your plea.  You must be scared to death of the memo I'm putting together.  You should be.  I am tearing your memo to shreds as we speak.  If your client offered us $150,000 today, Lewis and I would tell Experian to go pound sand.  When your client reads my memo, it is going to get down on its knees and BEG me to take its money.  Know what?  Nothing short of seven figures is going to settle this case.  Your motion hasn't got a chance.  In fact, I'm going to file a concurrent motion to open up discovery to issues relating to punitive damages ... and the judge is going to grant it.  The fact that we were able to get through all of those depositions and not show my hand proves one thing: I am far and away the better lawyer.  I may not be a wiz on petty procedural issues, but I know how to assemble and try a case better than just about anyone.  To this day, you can't see the forest through the trees.  Know why that is?  Because I didn't let you; because, unlike most lawyers, I don't telegraph my arguments while gathering my ammunition.  Browne and Hughes gave me everything I could have dreamed of and never saw it coming.  You couldn't even recognize it after the fact.  Now, I've got them locked into their testimony with no means of escape.  Live and learn, George.  You are about to see the jigsaw puzzle assembled for the first time.  I only wish I could see you client's face when my memo hits their desk.  Just a sample of what waits for them at trial.  Live and learn.

**Zenas Zelotes, Esq.**

**Consumer Law Office**
**of Zenas Zelotes, Esq.**
753 Buddington Road
Groton CT 06340
(860) 448-6140
www.UnfairCreditReport.com

# EXHIBIT 7

# Consumer Law Office

www.unfaircreditreport.com

### Zenas Zelotes
Attorney and Counselor at Law

753 Buddington Road
Groton, CT 06340
(860) 448-6140
Czzelotes@aol.com

Jones, Day, Reavis & Pogue
Attn: George Kostolampros
222 E. 41st Street
New York, NY 10017-6702

November 12, 2002

RE:    Brown v. Experian   3:01-CV-1967 (RNC)

     This writing is a formal demand for damages based upon Experian's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a et seq.

     Lewis C. Brown presently offers to settle this matter for $2,500,000.00. Our offer may be accepted within 30 days of this writing.

     Neither the plaintiff, nor plaintiff's counsel, shall hereafter discuss the possibility of settlement over the telephone, by writing or by other remote means. Neither the plaintiff, nor plaintiff's counsel, shall discuss settlement with the defendant or its counsel, except in the context of a meeting with the defendant's chief executive officer in New York City or Connecticut. We will not negotiate with lower level officers or associate attorneys. We will not waste our time.

     If the case proceeds to trial, we will ask for, and obtain, an award of punitive damages in excess of five to ten million dollars (perhaps more).

     Mitigate your losses or take a verdict. We are prepared to proceed either way.

Sincerely,

Zenas Zelotes, Esq.

# EXHIBIT 8

*Zenas Zelotes Esq.*
*753 Buddington Road, Groton, CT 06340*
*(860) 448-6140 Credit Report Lawyer.Com*

*COMMERCIAL TRADE PRACTICES LITIGATION*

Jones, Day, Reavis & Pogue
Attn: George Kostolampros, Esq.
222 East 41st Street
New York, NY 10017-6702          11/3/03



George,

    I have communicated your client's offer ($50,000) to Lewis C. Brown. The offer has been rejected.

    I have also communicated your client's entertaining a possible offer of judgment. My client and I are agreed that any such offer would be summarily refused, irrespective of form.

    Where settlement is concerned, the parties do not coexist in the same universe.

    As such, an 11th hour settlement conference would serve no meaningful purpose. Mr. Brown and I are agreed to take a verdict. We can revisit the issue after trial. In the meantime, Mr. Brown will not be communicating a counteroffer. Abandon hope all ye who pray for settlement.

    Our exclusive attentions need now focus on completing the (seriously overdue) joint trial memorandum. I would like to have this document signed and filed by week's end. I await your revisions.

Benus Populi Suprema Lex,

Zenas Zelotes, Esq.
Attorney and Counselor at Law

# EXHIBIT 9

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lewis C. Brown | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | **301cv1967(RNC)** |
| | ) | |
| **Experian Information Solutions, Inc.** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | **November 17, 2003** |

## SETTLEMENT OFFER & DAMAGES ANALYSIS

The plaintiff offers to settle the above-captioned matter for SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00)  Damages are estimated as follows:

| | |
|---|---|
| ACTUAL DAMAGES: | $300,000.00 (Estimated) |
| PUNITIVE DAMAGES: | $1,500,000.00 (Estimated) |
| FEES & COSTS (TO DATE): | $73,000.00 (Approximate) |

LEWIS C. BROWN, Plaintiff
By His Attorney
ZENAS ZELOTES, ESQ.

Zenas Zelotes, Esq.
Consumer Law Office of Z Zelotes
753 Buddington Road
Groton CT 06320
(860) 448-6140
Fed Bar No. ct23001

# EXHIBIT 10

# JONES DAY

### 222 EAST 41ST STREET

### NEW YORK, NEW YORK 10017-6702

### TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

WRITER'S DIRECT NUMBER:

(212) 326-8375

gkostolampros@jonesday.com

003194
026123-059278                            November 26, 2003

VIA FACSIMILE AND FEDERAL EXPRESS

Zenas Zelotes, Esq.
Consumer Law Office
753 Buddington Road
Groton, CT 06340

Re:    *Brown v. Experian*,
        Case No. 301-CV-1967 (D. Conn.) (RNC)

Dear Zenas:

Enclosed is Experian Information Solutions, Inc.'s Offer Of Judgment Pursuant To Federal Rule Of Civil Procedure 68.

Sincerely,

George Kostolampros

NYI-2100923v1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lewis C. Brown | ) ) ) | 301cv1967(RNC) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Experian Information Solutions, Inc. | ) ) ) | |
| Defendant. | ) ) ) | November 26, 2003 |

### EXPERIAN INFORMATION SOLUTIONS, INC.'S OFFER OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 68

**PLEASE TAKE NOTICE** that, pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant Experian Information Solutions, Inc. ("Experian"), by and through its attorneys, Jones Day, hereby offers to let judgment be taken against it by Plaintiff Lewis C. Brown, for a sum, which includes, *inter alia*, all recoverable costs, expenses and attorneys' fees, in the amount of sixty thousand dollars ($60,000.00). The amount of this judgment shall not be subject to any increase for any reason and Plaintiff shall have no right to seek to have the judgment supplemented in any amount pursuant to any otherwise applicable statute. This offer of judgment is made for the purposes specified in Rule 68 and is to be in total and complete settlement of this action with no admission of liability, and said judgment herein is to have no effect whatsoever except in resolution of this action.

NYI-2100722v1

Dated: November 26, 2003

EXPERIAN INFORMATION SOLUTIONS, INC.

By: _____

George Kostolampros - ct23207
Jones Day
222 East 41st Street
New York, New York 11017
(212) 326-3939

NYI-2100722v1

# EXHIBIT 11



**Czzelotes@aol.com**

01/23/02 11:03 PM

To: Gkostolampros@jonesday.com
cc:
Subject: Deposition

George,

I will not be providing a stenographer.  Of course, if Jones/Day wants to
provide one at its own expense, it is free to do so.  I don't think it would
be a good investment, however.  The deposition may last less than 10 minutes
in duration and, in any event, I will be providing you with a videotape
recording of the same at the conclusion of the deposition.  It's up to you.
Best Wishes -- Zenas

P.S. Mary's testimony comes in under Rule 803(3).  # 1 in evidence.

# EXHIBIT 12

 **Czzelotes@aol.com**

01/25/02 12:33 AM

To: Gkostolampros@jonesday.com
cc:
Subject: Depositions

George,

Don't count on a stenographer or videographer.  It's simply not going to happen.
If you are truly concerned about "the officer" actually "recording" the deposition, I am more than willing to allow the notary to depress the "Record" button on the video-camera (i.e., allowing her to do the "recording").  I get the impression that you are playing obstructionist games with me.  Am I correct?  If we take these matters before Judge Martinez (as I anticipate I will), I cannot believe she will be very impressed with these foolish, nit-picking demands.  She will see them for what they are.  If you are unwilling to stipulate to reasonable terms, then perhaps a trip to see the judge is long overdue.  I'm game anytime  --  Zenas

# EXHIBIT 13

# JONES, DAY, REAVIS & POGUE

### 599 LEXINGTON AVENUE

#### NEW YORK, NEW YORK 10022-6070

##### TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

WRITER'S DIRECT NUMBER:

(212) 326-8375
gkostolampros@jonesday.com

003194
026123-050268                          March 6, 2002

Zenas Zelotes, Esq.
Consumer Law Office
753 Buddington Road
Groton, CT 06340

      Re:  *Brown v. Experian,*
         <u>Case No. 301-CV-1967 (D. Conn.) (RNC)</u>

Dear Zenas:

   I am in receipt of your motion for extension of time to answer Experian's discovery requests. Please be advised that you forwarded me the original copy. I believe that the original must be filed with the clerk of the court. Furthermore, please be advised that local rule 9(b)(3) requires that "all motions for extensions of time . . . shall include a statement of the moving counsel that (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position." Your motion papers do not make any such statement. Furthermore, although we spoke merely two days ago by telephone, you have not even inquired about seeking an extension. Please be advised that if you continue to disregard the Federal and Local Rules of Civil Procedure we will bring this to the Court's attention. As for the extension itself, please be advised that Experian will provide you with an extension of thirty days to respond to our discovery requests.

          Sincerely,

          George Kostolampros

ATLANTA • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • GENEVA • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES
MADRID • MUMBAI* • NEW DELHI* • NEW YORK • PALO ALTO • PARIS • PITTSBURGH • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON
*ASSOCIATE FIRM

# EXHIBIT 14



**Czzelotes@aol.com**

01/29/02 02:46 PM

To: Gkostolampros@jonesday.com
cc:
Subject:    Protective Order

George,

You know what the irony of this protective order is?  When all is said and
done, your client will have spent more money on my fees defending this
motion, than it would have spent providing a stenographer on its own dime.
It must be nice to have a client like that.  I'm going to win this motion,
George.  I'm going to pull off what you perceive to be the impossible.
You're about to find out how good I truly am and what your up against for the
duration.  You might want to consider retaining Alan Dershowitz as
co-counsel.  Stay tuned  -- Zenas

# EXHIBIT 15

# Consumer Law Office

### Zenas Zelotes
**Attorney and Counselor at Law**

www.unfaircreditreport.com

753 Buddington Road
Groton, CT 06340
(860) 448-6140
Czzelotes@aol.com

George Kostolampros
599 Lexington Ave.
New York, NY 10022

January 22, 2002

Attorney Kostolampros,

Attached is a Rule 11 Motion seeking sanctions against Jones, Day, Reavis & Pogue. The FRCP requires that I not file the same with the Court, unless 21 days subsequent to service, JDRP has failed to comply with its demands.  You have 21 days.

In a way, I hate to do this.  You are a nice fellow and I'm not trying to be a jerk.  I have been more than willing in the past to extend every reasonable courtesy and allowance in this case.  Where more serious matters are concerned, however (such as the pleadings), I must insist that you abide by, and respect, the Court's rules of civil procedure.  If you are unwilling to do so voluntarily, than I must petition the bench for redress.  Just as I cannot allege in my complaint "Experian violated every and any law for which petitioner can obtain relief" and expect you to prepare a case, neither can I tolerate boilerplate defenses throw in haphazardly.  It is improper.  I am simply asking that you include only those affirmative defenses as are appropriate, if any.

If you wish to discuss this matter further, as always, feel free to contact my office.

Best Wishes,

Zenas Zelotes, Esq.

# EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lewis C. Brown | ) |
| Plaintiff | ) |
| v. | ) 301cv1967(RNC) |
| | ) |
| Experian Information Solutions, Inc. | ) |
| Defendant | ) |
| | ) January 22, 2002 |

## MOTION FOR RULE 11 SANCTIONS AGAINST JONES, DAY, REAVIS & POGUE

Rule 11(b) states, in substance, that when an attorney defending a suit files a pleading with the court, that said attorney is certifying to the best of that person's knowledge, information and belief, and after an inquiry reasonable under the circumstances, that the defenses pled are warranted by law and the factual contentions supporting said defenses have evidentiary support, or, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 8, in turn, requires a responding party to plead its affirmative defenses with its answer, so as to provide prompt notice to all other parties those issues to be tried. As a general rule, an affirmative defense not pled is waived. *Henry v. First Nat'l Bank of Clarksdale*, 595 F.2d 291 (5th Cir. 1979).

In an apparent effort to avoid the operation of this rule, the defendant's answer lists nearly every affirmative defense known to man.  This is clearly unacceptable.  Few, if any, of the affirmative defenses have any evidentiary support, nor is the defendant likely to have evidentiary support for said defenses after further investigation.  Counsel's affirmative defenses are baseless and made without reasonable inquiry.

I shall address each affirmative defense in the order in which they appear:

1  Failure to State a Claim:  There is no debate in *any* circuit that the FCRA provides a private right of action under the facts alleged in my complaint, if accepted.  The statute expressly sets forth the elements.  *See 15 U.S.C. § 1681g(a)(1), § 1681n, § 1681o, § 1681e(b), § 1681h(a)*.  This is a baseless claim.

2. Truth/Accuracy of Information:  Defendant alleges that all of the information communicated about the plaintiff to any person was true.  This is quite a bold assertion, when, in fact, almost *nothing* contained in Lewis Brown's credit file is true. Nothing!  How can they possibly make this claim?

3. Indemnification: From who (I only see one defendant)? Not *my* client.  What does indemnification have to do with *my* client?  Indemnification is not an affirmative defense against Lewis Brown.  It's a claim against someone else.

4. Laches:  An equitable defense.  All my client did was repeatedly request a credit report he would never receive.  He brought his claim within the two-year statute of limitations.  What prejudice is Experian alleging?  What *could* it allege?  Laches?  Give me a break.

5. Contributory Negligence/Comparative Fault:  Lewis Brown did everything he was supposed to do and repeatedly got nowhere.  In fact, Lewis provided Experian with more information than Experian could lawfully request (but did anyway).  Still got nowhere.  This claim, like every other claim so far, has no reasonable basis in fact.

6. Estoppel:  Experian's repeated violations of the FCRA were *Lewis Brown's* fault?  Gee, why didn't *I* think of that?

7. Statute of Limitations: last I checked, two years is two years.  Jones Day must be using a lunar calendar.  I should buy one.

8. Constitutionality of Punitive damages:  Technically permissible, but really.

9. Unclean Hands:  My personal favorite.  "He who asks equity must do equity."  What exactly is Experian alleging that my client did that was *inequitable*?  What could they *reasonably* expect to discover?  See what I'm getting at?  These affirmative defenses are ridiculous.

10. Immunity:  The FCRA's qualified immunity provision, §1681h(e) specifically excludes violations of §1681(n) and §1681(o), which is exactly what our complaint alleges.  This leads me to wonder: did counsel even *read* the FCRA before filing its answer?

11. Pre-emption:  Once again, counsel's lack of familiarity with the FCRA becomes obvious.  CUTPA claims are permitted by virtue of 1681t(d)(2)(c).

12. Qualified Privilege:  *What* qualified privilege?  No such creature exists as applied to these facts.

13. Right to Assert Additional Defenses:  The prodigal kitchen sink.  The old "I don't like Rule 8 so it doesn't apply to me" defense.

14. Finally, although not an affirmative defense, worth noting: defendant thereafter petitions this court for attorney's fees.  The FCRA does not provide for fee-shifting in favor of a defendant credit reporting agency as against a consumer for good-faith claims.  Defendant knows this.  Were reverse fee-shifting available, consumer protection legislation would be completely undermined.  Another baseless petition.

In summary, defendant's flagrant disregard for Rules 8 and 11 undermine and flaunt the Court's authority to regulate the practice of law.  If these rules, intended to provide counsel with notice of defenses and safeguard due process, are to have

any meaning, defendant's frivolous kitchen sink pleading practice must be discontinued and sanctioned. I have tried to address this matter with Attorney Kostolampros to no avail. His position is "we've done it before, so we're going to do it again." That they've done it before and have become emboldened by their actions ought to serve as a rallying cause for judicial action. All the more reason why sanctions are necessary.

Therefore, the petitioner respectfully petitions this court to grant its attached order for sanctions, in a manner as the court deems fit.

Respectfully Submitted,
Lewis C. Brown, Plaintiff
By His Attorney
ZENAS ZELOTES, ESQ.

Zenas Zelotes, Esq.
Consumer Law Office of
Zenas Zelotes, Esq.
753 Buddington Road
Groton CT 06320
(860) 448-6140
Fed Bar No. ct20001

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lewis C. Brown | ) | |
| Plaintiff | ) | |
| v. | ) | 301cv1967(RNC) |
| | ) | |
| Experian-Scorex, LLC. | ) | |
| Defendant | ) | |
| | ) | January 22, 2002 |

**ORDER**

This Court, having considered Lewis C. Brown's foregoing Motion for Rule 11 Sanctions against Jones, Day, Reavis & Pogue, said Motion is hereby:

DENIED / ORDERED AS FOLLOWS:

Dated at:

_____
Donna Martinez
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing motion for Rule 11 sanctions, dated 1/22/02, was, on 1/22/02, mailed to:

Jones, Day, Reavis & Pogue
Attn: George Kostolampros
599 Lexington Avenue
New York, NY 10022

Cranmore, Fitzgerald & Meaney
Attn: Joseph V. Meaney, Jr., Esq.
49 Wethersfield Ave.
Hartford, CT 06114-1102

Date: 1/22/02

LEWIS C. BROWN, Plaintiff
ZENAS ZELOTES, ESQ.
His Attorney

By:

ZENAS ZELOTES, ESQ.
Consumer Law Office of Zenas
Zelotes, Esq.
753 Buddington Road
Groton CT 06320
Tel. (860) 448-6140

Juris No. 419408

# EXHIBIT 17

 **Czzelotes@aol.com**

02/15/02 12:44 PM

To: Gkostolampros@jonesday.com
cc:
Subject:    Rule 11 Motion

George,

I'm not going to file the Rule 11 motion right away.   I have a better idea
....

Zenas

# EXHIBIT 18

# Consumer Law Office

**Zenas Zelotes**
Attorney and Counselor at Law

www.unfaircreditreport.com

753 Buddington Road
Groton, CT 06340
(860) 448-6140
Czzelotes@aol.com

George Kostolampros
599 Lexington Ave.
New York, NY 10022

January 31, 2002

George,

Allow me the privilege of educating you with respect to the rules of civil procedure, as your understanding of the same appears deficient.

A "motion to strike" is used to challenge the *legal* sufficiency of a thing. Stated otherwise, if a set of facts, if accepted, fails to state a claim, a motion to strike may be used to expunge them. But I am not alleging that your affirmative defenses are legally insufficient, am I? Rather, I allege that there exists no factual basis for their support.

In defiance to my motion, you further cite authority admonishing us that "an affirmative defense should not be stricken ... unless it can be shown that no evidence in support of the allegation would be *admissible* (italics, mine)." It appears that you have overlooked the legal significance of this last word: admissible. Clearly, one can have actual or probable evidentiary support for a claim (as Rule 11 requires), all of which is *inadmissible* (and subject to a motion to strike). But that is not what I am alleging, is it? Rather, I am inferring that there is no actual or probable evidentiary support for your claims, admissibility notwithstanding (i.e. a violation of Rule 11).

Your argument fails. The burden of production is yours. So what evidence are you prepared to produce, in support of your other claims?

Note how I refrained from quoting authority, once again. All that a recourse to the case law will provide is a confirmation of the obvious: that I'm right. Its nice to be a genius.

I look forward to hearing back from you with a response.

Sincerely,

Zenas Zelotes, Esq.

# EXHIBIT 19



**Czzelotes@aol.com**

06/20/02 08:21 AM

To:  gkostolampros@JonesDay.com
cc:
Subject: Re: Confidentiality

George,

I'm tired of arguing this matter before Judge Martinez.  Here's an idea.  Why don't you ask Judge Martinez to adopt your proposed order as I did mine?  Then, if accepted, I can argue that my civil rights have been violated and we can take this matter before the Second Circuit Court of Appeals.  Sounds like a winning formula.  What do you say?

**Zenas Zelotes, Esq.**

**Consumer Law Office**
**of Zenas Zelotes, Esq.**
753 Buddington Road
Groton CT 06340
(860) 448-6140
www.UnfairCreditReport.com