IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ ) | |
| LEWIS C. BROWN ) | |
| ) | |
| **Plaintiff** ) | |
| vs. ) | Case No. 3:01CV1967 (RNC) |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS INC. ) | |
| ) | |
| **Defendant** ) | |
| _____ ) | April 26, 2004 |

**MEMORANDUM IN SUPPORT OF**

**MOTION TO COMPEL JONES DAY'S BILLING RECORDS**

Experian argues the plaintiff's efforts in prosecuting this action were unreasonable. Where the issue of the reasonableness of time expended is fully joined, the amount of time spent by the opposing party is a relevant benchmark as to the amount of time reasonably required.

*See: Black v. Lojac Enterprises, Inc.*, 117 F. 3d 1420 (6th Cir. 1997) ("… where the issue of the reasonableness of time expended is fully joined, the amount of time spent by the opposing party is a relevant benchmark as to the amount of time reasonably required.")

At least one court has held that it is an abuse of discretion to refuse to allow discovery as to defense counsel's hours and fees when defendant is challenging the reasonableness of plaintiff's hours and fees.

1

*See: Henson v.Columbus Bank & Trust Co.,* 770 F.2d 1566, 1575 (11th Cir. 1985).

Defendant's own hourly rate and time expended are among the factors which the Court can consider in assessing the reasonableness of plaintiff's time.

*See: Taylor v. Scarborough,* 66 F.2d. 589, 591 (2nd Cir. 1933); *Birmingham v. Sogen-Swiss Intern. Corp. Retirement Plan*, 718 F.2d 515, 523 (2d Cir. 1983) (In awarding fees, the Court can consider the substantial effort of plaintiff's attorney caused by defendants' "counsel who fought the case bitterly to the very end and even now continue their recalcitrant posture."); *Blowers v. Lawyers Co. Op. Publishing Co.,* 526 F.Supp. 1324, 1327 (W.D.N.Y. 1981) (effort spent defending a case is probative of the plaintiff's counsel's efforts to become a prevailing party.); *Mitroff v. Xomox Corp.*, 631 F.Supp. 25, 28 (S.D. Ohio 1985), *rem'd* 797 F.2d 271 (6th Cir. 1986) (when determining attorney's fees under federal fee shifting statutes, defense counsel's own hourly rate and time expended are among the factors which should be considered in assessing the reasonableness of a plaintiff's fee request); *Brinkman v. Gilligan,* 557 F.Supp. 610 (S.D. Ohio 1982), *aff'd* 797 F2d 163 (6th Cir. 1983) (pertinent to any consideration of a reasonable amount of time expended in the prosecution of a lawsuit is the amount of time expended by the defendant in defending that lawsuit); *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1059 (2d Cir. 1989); *Gaines v. Dougherty County Bd. of Ed.*, 775 F.2d 1565, 1571 n.12 (11th Cir. 1985); Duchscherer v. W.W. Wallwork, Inc., 534 N.W.2d 13, 19 (N.D. 1995); *Bayless v. Irv Leopold Imports, Inc.,* 659 F. Supp. 942 (D. Or. 1987); *Real v. Continental Group*, 116 F.R.D. 211, 213 (N.D. Cal. 1986); *Mitroff v. Xomox Corp.,* 631 F. Supp. 25, 28 (S.D. Ohio 1985); Blowers v. Lawyers Coâ€op Publishing Co., 526 F. Supp. 1324, 1325 (W.D.N.Y. 1981); *Naismith v.*

*Professional Golfers Ass'n,* 85 F.R.D. 552, 562 (N.D. Ga. 1979); *McPherson v. School Dist. No. 186,* 465 F. Supp. 749, 758 (S.D. Ill.1978); *Stasny v. Southern Bell Tel. & Tel. Co.*, 77 F.R.D. 662 (W.D.N.C. 1978). *Murray v. Stuckey's, Inc.,* 153 F.R.D. 151 (D. Iowa 1993).

In withholding production, Jones Day offers argument (to the undersigned) that much of its records are (for one reason or another) not relevant. Jones Day is not the finder of fact. What is "relevant" is for this court to decide and the undersigned to examine. Jones Day cannot substitute its own biased judgment for that of the court or its adversary. Jones Day can make any argument it deems fit … subject to impeachment and counterargument.

Jones Day further asserts that some of the information therein may be privileged. Again, what is privileged is for the court to decide. Jones Day may certainly make appropriate redactions subject to a privilege log and subsequent challenge.

Wherefore the plaintiff repeats his prayer, that this court compel Jones Day to furnish its complete billing statements for appropriate review and consideration.

Respectfully Submitted,

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC //* Shaw's Cove 5, Suite 202 // New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001 Tel: (860) 442-2265 // Fax: (860) 439-0295

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

Jones, Day, Reavis & Pogue
Attn: Daniel J. McLoon
555 West 5th Street, Suite 4600
Los Angeles CA 90012-1025     6/11/04

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Clerk of Court
450 Main Street
Hartford CT 06103            6/11/04

---

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a copy of the document(s) attached was served upon each addressee by USPS first class mail (or in-hand service) on the date(s) reflected.

6/11/2004

_____
ZENAS ZELOTES, ESQ.
*Zenas Zelotes LLC*
Shaw's Cove 5, Suite 202
New London CT 06320
Conn. Juris No. 419408 // Fed, Bar No. 23001
Tel: (860) 442-2265 // Fax: (860) 439-0295

---

## Zenas Zelotes LLC
Shaw's Cove 5, Suite 202
Tel. (860) 442-2265 / Fax. (860) 439-0295

COMMERCIAL LITIGATION & PLANNING

United States District Court
Attn: Chambers (Chatigny J.)
450 Main Street
Hartford CT 06103            6/11/04